1  **PERKINS COIE LLP**
   David P. Chiappetta, Bar No. 172099
2  DChiappetta@perkinscoie.com
   Lauren A. Trambley, Bar No. 340634
3  LTrambley@perkinscoie.com
   505 Howard Street, Suite 1000
4  San Francisco, California 94105
   Telephone:   415.344.7000
5  Facsimile:   415.344.7050

6

7  Attorneys for Defendant
   KATENA COMPUTING TECHNOLOGIES, INC.
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                    SAN JOSE DIVISION

12

13 | COINMINT, LLC,                              | Case No.
14 |     Plaintiff,                              | **DEFENDANT KATENA COMPUTING TECHNOLOGIES, INC.'S NOTICE OF REMOVAL**
15 |     v.                                      |
16 | KATENA COMPUTING TECHNOLOGIES, INC., and DOES 1-40, inclusive, |
17 |                                             |
18 |     Defendants.                             |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Katena Computing Technologies, Inc. ("Katena") files this Notice of Removal pursuant to 9 U.S.C. § 205 and 28 U.S.C. §§ 1332, 1441 and 1446 to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California in and for the County of Santa Clara, and states that the removal is proper for the reasons stated below.

## BACKGROUND

1. On July 20, 2023, Plaintiff Coinmint, LLC ("Plaintiff") filed a redacted Complaint in the Superior Court of California for the County of Santa Clara ("Santa Clara Superior Court"), Case No. 23CV410979, titled "*Coinmint, Inc. v. Katena Computing Technologies, Inc. and Does 1–40*" (the "Action"). The allegations of the Complaint in the Action are incorporated by reference in this Notice of Removal without necessarily admitting any of them.

2. As Katena has not yet been properly served,[1] *there are no documents required to be attached to this Notice* in compliance with 28 U.S.C. § 1446(a), which requires only that the "papers served upon such defendant or defendants in such action" be attached. However, so that a copy of the operative pleading may be before this Court, Katena has attached a copy of the Complaint, redacted in the same manner as the Complaint filed by Plaintiff in Santa Clara Superior Court, to the Declaration of David P. Chiappetta filed herewith.

3. The Complaint asserts only one cause of action, for breach of contract.

4. As explained below, the Court has jurisdiction of this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship by and between the parties and the amount in controversy exceeds $75,000, and under 9 U.S.C. § 205 because the subject matter of the Action relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention").

---

[1] On August 16, 2023, Plaintiff filed purported affidavits of service in Santa Clara Superior Court. However, the service as alleged by Plaintiff did not comply with California Code of Civil Procedure § 416.10 or California Corporations Code § 2110 and was therefore improper.

**DIVERSITY JURISDICTION**

5. Plaintiff is a Puerto Rico LLC. Its sole member, Coinmint Living Trust LLC, is also a Puerto Rico LLC whose only members are citizens of Puerto Rico. Plaintiff is therefore a citizen of Puerto Rico.

6. Katena is a Delaware corporation with its principal place of business in California. Katena is therefore a citizen of Delaware and California.

7. There is complete diversity of citizenship between the parties.

8. Plaintiff's complaint seeks damages of not less than $23,397,197.91. Compl. ¶ 58. The amount in controversy is therefore in excess of $75,000.

9. This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

10. Removal is not prohibited by 28 U.S.C. §1441(b)(2) because Katena has not yet been properly joined and served as a defendant.

**ARBITRABILITY OF THE ACTION**

11. According to Plaintiff, the Action arises from a purported fraudulent scheme that enticed Plaintiff to enter into "a $150 million purchase contract pursuant to which Katena was to provide to Coinmint thousands of Bitcoin mining rigs." Compl. ¶ 11. The contract referred to—defined by Plaintiff to collectively include the Sales and Purchase Agreement dated May 12, 2021 (the "S&P Agreement") and the Purchaser [sic] Order No. 1 (the "First PO") (collectively, the "Contract")[2]—contains a broad arbitration clause providing:

> Any dispute, controversy, difference or claim arising out of or relating to this Agreement, including the existence, validity, interpretation, performance, breach or termination hereof or any dispute regarding non-contractual obligations arising out of or relating to this Agreement shall be referred to and finally resolved by arbitration administered by American Arbitration Association under the rules for commercial arbitration of the American Arbitration Association in force when the notice of arbitration is submitted. The decision and awards of the arbitration shall be final and binding upon the parties hereto. (*Id.*, Ex. A, at para. 19.2)

---

[2] Compl. ¶ 11.

12. As the Action is grounded upon a purported scheme that allegedly enticed Plaintiff to enter into the Contract, the Action is a "dispute, controversy, difference or claim … ***relating to this Agreement***," *id.* (emphasis added), bringing it within the scope of the arbitration provision.

13. Additionally, the breach of contract claim asserted in the Action, which is predicated upon Coinmint's argument that it was fraudulently induced to enter into and make payments under the Contract, that Katena "failed to manufacture" Bitcoin mining rigs under the Contract, and that Katena "terminated the agreement without notice or opportunity to cure," *see* Compl. ¶ 12, necessarily involve a "dispute, controversy, difference or claim arising out of or relating to . . . the ***validity, interpretation, performance, breach or termination***" of the Contract, forming another separate basis for the arbitrability of the Action.

## APPLICABILITY OF THE CONVENTION

14. With one exception, "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial," is governed by the Convention. The one exception arises when the underlying agreement "is entirely between citizens of the United States… <u>unless</u> that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states." 9 U.S.C. § 202 (*emphasis added*).

15. Here, the First PO, which Plaintiff defines as part of the Contract that it is suing to enforce (and is expressly incorporated by reference in said Contract in Plaintiff's Complaint), states that delivery of the bitcoin mining computers that were the subject of the First PO will be "EXW at location to be determined by Katena."  Prior to this dispute arising, the parties discussed their intention that this delivery would occur somewhere in Asia.  Additionally, the computers at issue were to be assembled in China using a specialized microchip designed by Katena, and manufactured in Taiwan.  Each of these facts reflect that their "relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states," bringing it within the scope of the Convention.

16. The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, provides that "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States," and that "[t]he district courts of the United States … shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203. In the event a proceeding under the Convention is filed in a State court, it is removable to federal district court <u>*at any time prior to trial*</u>:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205. Additionally, "the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal." *Id.*

### **VENUE**

17. Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), and 9 U.S.C. § 205. This action was originally brought in the Superior Court of the State of California, County of Santa Clara, which is embraced by the Northern District of California.

### **NOTICE OF REMOVAL**

18. This Notice of Removal will be served promptly on Plaintiff and filed with the Clerk of the Superior Court of the State of California in and for the County of Santa Clara.

19. WHEREFORE, Katena prays that this civil action be removed from the Superior Court of the State of California, County of Santa Clara, to the United States District Court for the Northern District of California.

DATED: September 12, 2023         **PERKINS COIE LLP**

By: */s/ David P. Chiappetta*
David P. Chiappetta
Attorneys for Defendant
KATENA COMPUTING TECHNOLOGIES, INC.