UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| COINMINT, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KATENA COMPUTING TECHNOLOGIES, INC. and DOES 1-40, inclusive,<br><br>　　　　　　Defendants. | Case No. 4:23-cv-04683-DMR<br><br>**[PROPOSED] ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY ACTION OR, IN THE ALTERNATIVE, TO QUASH PURPORTED SERVICE UNDER RULE 12(B)(5)** |

## INTRODUCTION

Plaintiff Coinmint is a bitcoin mining company that operates a large digital currency data center in New York. On May 12, 2021, Coinmint entered into a contract with Defendant Katena, a start-up company focused on designing and manufacturing bitcoin mining rigs, as memorialized in a Sales and Purchase Agreement dated May 12, 2021 (the "SPA"), and an associated Purchase Order No. 1 (collectively, the "Agreement"). Under the terms of the Agreement, Coinmint agreed to pay Katena $150 million for bitcoin mining rigs. Coinmint alleges that Katena never delivered the promised rigs, while Katena alleges Coinmint anticipatorily breached the Agreement by failing to make a required down payment in a timely manner.

On July 20, 2023, Coinmint filed this lawsuit in the Superior Court of California for the County of Santa Clara. On September 12, 2023, Katena removed the lawsuit to this Court under

the Federal Arbitration Act ("FAA") and on the basis of diversity jurisdiction. ECF No. 1.

**MOTION TO COMPEL ARBITRATION AND TO STAY**

Through its motion, Katena requests that the Court refer this action to arbitration and stay this action pending such arbitration. The Court agrees that this action should be referred to arbitration and stayed.

In the Agreement, Coinmint and Katena agreed to arbitrate disputes between them before the American Arbitration Association, including all disputes and claims arising out of or relating to the Agreement. Specifically, Section 19.2 of the SPA (the "Arbitration Clause") contains a very broad arbitration provision, stating:

> Any dispute, controversy, difference or claim arising out of or relating to this Agreement, including the existence, validity, interpretation, performance, breach or termination hereof or any dispute regarding non-contractual obligations arising out of or relating to this Agreement shall be referred to and finally resolved by arbitration administered by American Arbitration Association under the rules for commercial arbitration of the American Arbitration Association in force when the notice of arbitration is submitted. The decision and awards of the arbitration shall be final and binding upon the parties hereto.

The FAA reflects a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345 (2011). "The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *Id.* at 344. In ruling on a motion to compel arbitration under the FAA, the Court must first determine whether a valid agreement to arbitrate exists. *Lifescan, Inc.*, 363 F.3d at 1012. Coinmint admits that it does. Compl. ¶ 13.

Next, the Court must determine whether the Arbitration Clause at issue encompasses this dispute. *Lifescan, Inc.*, 363 F.3d at 1012. The Arbitration Clause here broadly covers "[a]ny dispute, controversy, difference or claim arising out of or relating to this Agreement, including the existence, validity, interpretation, performance, breach or termination" of the Agreement. SPA §19.2. This expressly includes claims for "breach" of the Agreement. Coinmint alleges only one cause of action in its complaint—Breach of Contract—alleging that Katena breached "a $150 million purchase contract pursuant to which Katena was to provide to Coinmint thousands of

Bitcoin mining rigs." Compl. ¶ 11; *see also* Compl. ¶¶ 54–58. The contract that was allegedly breached is the very same Agreement that includes the Arbitration Clause above. This action plainly falls within the scope of the Arbitration Clause.

The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Accordingly, the Court is required to refer this action to arbitration, and therefore refers this action it to the arbitration that is currently pending between the parties.

Further, where issues before the court fall within an arbitration agreement, the court must grant a request for a stay. As stated in Section 3 of the FAA:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

As discussed above, Coinmint's breach of contract claim falls squarely within the Arbitration Clause contained in the Agreement, and this action is therefore referable to arbitration. Accordingly, this action shall also be stayed pending that arbitration.

## MOTION TO QUASH DEFECTIVE SERVICE OF PROCESS

To properly effect service upon a corporation under California law, a Plaintiff must deliver "a copy of the summons and complaint" upon one of the categories of persons expressly authorized to receive service. Cal. Civ. Proc. Code § 416.10. Katena asserts that the documents served by Coinmint did not include copies of the summons or complaint, and that the individuals served were in any event not authorized to receive service of process under California law. Katena thus moves under Rule 12(b)(5) for an order quashing Coinmint's purported service and requiring that Coinmint be required to properly effect service before this action may proceed.

"Rule 12(b)(5) allows the defendant to attack the manner in which service was, or was

not, attempted. Once service is challenged, the plaintiff bears the burden of proving that service was valid under Rule 4." *Pine v. City of Oakland*, No. 19-cv-2136, 2020 WL 2512404 (N.D. Cal. May 16, 2020).

In light of the evidence and arguments introduced by Katena, the evidence introduced by Plaintiff in support of its position that the summons and complaint were properly served does not meet the burden that is placed upon plaintiff to prove that service was valid. The Court further finds that there is no prejudice to Plaintiff in requiring it to serve the summons and complaint in a manner that clearly complies with California law. Accordingly, the Court quashes the purported service of process that has occurred to date. *Hickory Travel Systems, Inc. v. TUI AG*, 213 F.R.D. 547, 555 (N.D. Cal. 2003) (holding that "quashing service is the typical remedy if initial defects in service might be corrected"); *S.J. v. Issaquah School Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir.2006) (holding that where service of process is insufficient, district court has "discretion to dismiss [the] action or quash service").

The Court further orders Plaintiff to serve Defendant with copies of the summons, complaint, and all other papers that were filed with the Superior Court of California prior to removal of this action. Since Katena's counsel has offered to accept service on behalf of Katena, service shall be effectuated by delivering copies of the above-referenced documents to Katena's counsel. Further, so as to allow Katena to respond to the allegations made against it, the copy of the complaint to be served on Katena shall be unredacted.

**IT IS SO ORDERED**

Dated: _____   _____
DONNA M. RYU
Chief Magistrate Judge