FLETCHER C. ALFORD (SBN: 152314)
falford@grsm.com
KEVIN LIU (SBN: 295287)
kliu@grsm.com
MYLES LANZONE (SBN: 257791)
mlanzone@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

ROBERT LEMUS (PRO HAC VICE FORTHCOMING)
rlemus@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3D/International Tower
1900 West Loop South, Suite 1000
Houston, TX 77027
Telephone: (713) 490-4876

Attorneys for Plaintiff
COINMINT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COINMINT, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KATENA COMPUTING TECHNOLOGIES, INC.<br><br>　　　　Defendant. | CASE NO. 23-cv-04683-DMR<br><br>**COINMINT, LLC'S OPPOSITION TO KATENA'S MOTION TO COMPEL ARBITRATION OR QUASH SERVICE**<br><br>Date: November 9, 2023<br>Time: 1:00 p.m.<br>Courtroom: 4, 3rdFloor<br>Judge: Hon. Donna M. Ryu |

## I.　INTRODUCTION

Katena Computing Technologies, Inc. ("Defendant") has obtained over $23 million from Coinmint LLC ("Coinmint") pursuant to a contract for which it never fulfilled in any way that was procured through highly fraudulent actions as laid out in Coinmint's Complaint for this matter. (Complaint, ¶¶ 11-53.) Defendant is fighting tooth and nail, likely with Coinmint's $23 million, to retain its unconscionable windfall. Sparing no expense in its effort to retain the ill-

-1-

gotten funds, Defendant has been utilizing the large law firm Perkins Coie, who is gladly burning through Coinmint's money and doing all it can to prevent any order from issuing that would preserve the status quo.

However, as provided under the law and the AAA Commercial Rules that are applicable to this instant matter (2013 edition), arbitration has already commenced, so there is no arbitration to compel. Further, the instant action has already been referred to the courts pursuant to the agreed upon AAA rules and by order of the instant AAA panel presiding over the already pending arbitration. This matter should not be referred to arbitration as such an action would be moot and in conflict with the order of the AAA arbitration panel currently presiding over the instant arbitration, especially in light of this Court's very limited scope of review as to arbitration orders.

Defendant's motion to quash fails because subsequent to Defendant's filing of this motion, Coinmint personally served Michael Gao and counsel for Defendant sent a letter stating they would not contest this service. Further, Michael Gao's *unsigned* declaration is insufficient to show that proper service was not effectuated on Defendant's Delaware agent for service of process.

## II. ARGUMENT

### A. The Court should deny Defendant's Motion because the arbitration panel has already ruled that it does not have jurisdiction over the instant relief sought by Coinmint.

Defendant misconstrues the relevant issues as to this motion in a self-serving manner. For example, Defendant leads off its argument with the assertion that "the Court must determine (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." (Motion, p. 5:13-15.) Defendant then proceeds to misrepresent that if the answer to both those questions is yes, "the court must compel arbitration and stay the action." (Motion, p. 5:16-17.) However, this is not so and Defendant knows this. Coinmint did in fact bring a motion for attachment in the arbitration proceedings in order to maintain the status quo and prevent Defendant from burning through the $23 million it

-2-

1  fraudulently obtained from Coinmint.  After the motion was fully briefed, the arbitration panel
2  ruled on this issue and concluded that it did not have the jurisdiction to rule on a motion for
3  provisional relief and that such a motion is reserved to the courts.  (Decl. of Fletcher Alford, ¶ 2,
4  Exh., A, pp. 5-6, ¶¶ 4, 7.)
5        Defendant relies on *Lifescan, Inc. v. Premier Diabetic Servs., Inc.,* 363 F.3d 1010, 1012
6  (9th Cir. 2004), for the standard this court is to evaluate with respect to Defendant's instant
7  motion.  (Motion, p. 5:13-17.)  However, Defendant leaves out certain relevant portions of that
8  decision.  "Arbitration is a matter of contract… The FAA gives federal courts only limited
9  authority to review arbitration decisions, because broad judicial review would diminish the
10 benefits of arbitration." *Lifescan, Inc. v. Premier Diabetic Servs., Inc.,* 363 F.3d 1010, 1011-12
11 (9th Cir. 2004).  When the parties incorporate "the AAA Rules into their agreement," as here,
12 those rules govern.  *Id*. at p. 1012.  "The AAA Commercial Arbitration Rules, in turn, recognize
13 the arbitrators' discretion to interpret the scope of their authority: 'The arbitrator shall interpret
14 and apply these rules insofar as they relate to the arbitrator's powers and duties.' " *Ibid*. (citing
15 R-55, which is R-8 in the rules applicable to the instant dispute).  Additionally, R-7 provides that
16 "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any
17 objections with respect to the existence, scope, or validity of the arbitration agreement or to the
18 arbitrability of any claim or counterclaim."  (Alford Decl., ¶ 6, Exh. C.)  Further, "[w]hen the
19 parties' contract delegates the arbitrability question to an arbitrator [as here], a court may not
20 override the contract. In those circumstances, a court possesses no power to decide the
21 arbitrability issue." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019).
22       In this case, the arbitration panel has already ruled that it does not have the authority or
23 jurisdiction to rule on the writ of attachment that Coinmint seeks to maintain the status quo and
24 stop Defendant from spending its $23 million until the issues of fraud and breach of contract are
25 litigated in arbitration. The arbitration panel ruled: "Coinmint's first request – that Katena be
26 ordered to deposit $23 million into escrow for Coinmint's benefit – is akin to a request for a pre-
27 judgment writ of attachment … However, provisional relief in the form of a prejudgment writ of
28

-3-
COINMINT, LLC'S OPPOSITION TO KATENA'S MOTION TO COMPEL ARBITRATION
OR QUASH SERVICE                                      Case No. 23-cv-04683-DMR

1 attachment is reserved to the courts … [T]he case law makes clear that a claimant in arbitration
2 is to apply to the court for a writ of attachment, and that the court has the power to issue such a
3 writ without disrupting the arbitration of the main dispute… [¶]… The Panel's denial of
4 Coinmint's Motion is without prejudice to Coinmint seeking provisional relief in the courts. . ."
5 (Alford Decl., ¶ 2, Exh., A, pp. 5-6, ¶¶ 4, 7.)  The arbitrators have already ruled on the scope of
6 their authority for this and ordered Coinmint to obtain the relief it seeks in the instant matter in
7 court.  The instant Court does not have the authority to second guess this decision or to substitute
8 its own reasoning or preference.  *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d
9 987, 997–98 (9th Cir. 2003) ("the Federal Arbitration Act allows a federal court to correct a
10 technical error, to strike all or a portion of an award pertaining to an issue not at all subject to
11 arbitration, and to vacate an award that evidences affirmative misconduct in the arbitral process
12 or the final result or that is completely irrational or exhibits a manifest disregard for the law.
13 These grounds afford an extremely limited review authority, a limitation that is designed to
14 preserve due process but not to permit unnecessary public intrusion into private arbitration
15 procedures.")

16 Here, by filing this motion, Defendant is arguably violating Order No. 28 of the
17 arbitration panel by laterally attacking Coinmint's attempt to seek provisional relief from the
18 courts, as ordered by the arbitration panel.  Defendant wishes to prevent any writ of attachment
19 as long as possible, and this motion is being made for the purpose of delaying any possible writ
20 of attachment from preventing Defendant from using Coinmint's $23 million for the cost of its
21 defense.

22 Defendant knows that Coinmint filed this lawsuit in accordance with a lawful and valid
23 order of the arbitration panel.  (Motion, footnote 5 "Coinmint may argue that its purpose in filing
24 the Action was merely as a mechanism to seek a writ of attachment in aid of arbitration.")
25 Although Defendant has called this motion one to compel arbitration, Defendant is in reality just
26 seeking to forestall and delay any writ of attachment from issuing.  Mindful of the above,
27 Defendant spends one footnote on the real issue here, and asserts that this Court can somehow
28

-4-
COINMINT, LLC'S OPPOSITION TO KATENA'S MOTION TO COMPEL ARBITRATION OR QUASH SERVICE                                                        Case No. 23-cv-04683-DMR

1  grant its motion to compel arbitration because "California law does provide a procedure for
2  obtaining such a writ, however[,] it does not involve the filing of a lawsuit, but rather the filing
3  of an application accompanied by a copy of the arbitration demand and any response thereto in
4  the 'county in which [the] arbitration is pending (which would be San Francisco, not Santa
5  Clara)." (Motion, footnote 5.) This reasoning is insufficient to allow this Court to "compel
6  arbitration." In other words, a motion to compel arbitration is not the proper mechanism for
7  Defendant to use to seek to rectify what it views as a failure of Coinmint to follow the law.
8  Hence, its location in a footnote.

Further, Coinmint asserts that any issues Defendant has with the location of the underlying lawsuit being in Santa Clara rather than San Francisco were waived when it removed this action to federal court. Whether this action was filed in Santa Clara or San Francisco is moot as this is the federal court covering both locations. "[J]ustice delayed is justice denied. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).

### B. The issue of compelling arbitration is moot, as the breach of contract asserted in this action is already being arbitrated.

As both Defendant and Coinmint admit that the instant breach of contract action is already being litigated before an arbitration panel, the issue of compelling arbitration is moot. There is no arbitration to compel. What Defendant really seeks in this case is the stay because it is seeking to delay and avoid an attachment that would prevent it from spending Coinmint's $23 million. Defendant's instant ploy is misguided as this Court will retain the jurisdiction to rule on any motion for attachment, even after any possible stay. After a motion to compel arbitration is granted and a stay ordered:

> "the action at law sits in the twilight zone of abatement with the
> trial court retaining merely vestigial jurisdiction over matters
> submitted to arbitration. During that time, under its 'vestigial'
> jurisdiction, a court may: appoint arbitrators if the method

-5-

COINMINT, LLC'S OPPOSITION TO KATENA'S MOTION TO COMPEL ARBITRATION
OR QUASH SERVICE                                    Case No. 23-cv-04683-DMR

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

selected by the parties fails; grant a provisional remedy 'but only upon the ground that the award to which an applicant may be entitled may be rendered ineffectual without provisional relief ([Code Civ. Proc.,] § 1281.8, subd. (b))"

*Aronow v. Superior Ct.*, 76 Cal.App.5th 865, 873 (2022) (internal quotations omitted). Coinmint requests that the Court deny Defendant's motion to compel arbitration as moot.

### C. The Court cannot grant Defendant's motion to quash because Coinmint served Michael Gao after Defendant filed the instant motion and Michael Gao has no personal knowledge as to what was served on Defendant's Delaware registered agent.

On September 21, 2023, Coinmint served Michael Gao by personal service. (Alford Decl., ¶ 3.) On October 2, 2023, Coinmint received a letter from Defendant's counsel that stated, "Katena will proceed as if Coinmint properly served it on September 21, 2023. . ." (*Ibid*.) Thus, there is no basis to grant Defendant's motion to quash. Coinmint also asserts that if Defendant changes its mind on this and wishes to challenge the September 21, 2023 service, it cannot squeeze such a consideration into its reply and will need to file a new motion to quash, which provides proper notice to Coinmint and allows Coinmint an opportunity to address whatever Defendant's arguments or reasons may be as to why the Court should quash the September 21, 2023 service. *See Reichardt v. Hoffman*, 52 Cal.App.4th 754, 763–65, (1997) (an issue that has not been discussed in an opening brief cannot be raised for the first time in a reply brief).[1]

Further, with respect to the challenge of service upon Defendant via its authorized agent for service of process, as listed on the State of Delaware's website, A Registered Agent, Inc., Defendant provides no evidence to this Court that the proper documents were not served upon its agent[2]—all Defendant asserts, in an unsigned declaration, is that its agent failed to provide it with a complete set of documents. (Gao Decl., ¶¶ 17-18.) Michael Gao does not have personal knowledge as to what documents were served on its agent, only as to what the agent served to

---

[1] The contract at issue between Coinmint and Defendant provides that "This Agreement shall be solely governed by and construed in accordance with the laws of California." (Alford Decl., ¶ 4.)

[2] (Alford Decl., ¶ 5, Exh. B.)

-6-
COINMINT, LLC'S OPPOSITION TO KATENA'S MOTION TO COMPEL ARBITRATION OR QUASH SERVICE                                             Case No. 23-cv-04683-DMR

him.

As shown on Exhibit A to John Hardin's declaration, Tina Irizarry served Charlotte Banice, of A Registered Agent, Inc., by personal service on August 11, 2023,[3] all of the documents identified on Attachment A to her proof of service. Michael Gao cannot testify as to what Ms. Irizarry served on Ms. Banice of A Registered Agent, Inc., as he only has personal knowledge of what was served to him by A Registered Agent. Further, his declaration is not even signed, so it technically has no evidentiary value. Thus, Defendant's motion to quash fails for two reasons—(1) personal service on Michael Gao by Mr. Alford on September 21, 2023 which Defendant has represented it will not challenge (Alford Decl., ¶ 3), and (2) proper service on Defendant's registered agent for service of process as identified on the State of Delaware's website. (Alford Decl., ¶ 3)

## III. CONCLUSION

For the reasons stated above, Coinmint respectfully asks this Court to deny Defendant's motion. If the Court decides to grant the motion, Coinmint requests that the order contain specific language that this Court will nonetheless rule on the provisional remedy sought by Coinmint and to issue a briefing schedule for seeking such relief.[4]

Dated: October 3, 2023

GORDON REES SCULLY MANSUKHANI, LLP

By: *[signature]*
Fletcher C. Alford
Kevin Liu
Myles Lanzone
Attorneys for Plaintiff
COINMINT, LLC

---

[3] This is more than *one month prior* to Defendant filing its notice of removal. Even under this District's view of the forum defendant rule, as laid out in *Regal Stone Ltd. v. Longs Drug Stores California, LLC*, 881 F.Supp.2d 1123, 1128 (N.D. Cal. 2012), removal was untimely as the only evidence on the subject shows that the forum defendant had already been "properly joined and served" one month prior to the notice of removal being filed.

[4] Further, if the Court is inclined to grant Defendant's motion, Coinmint objects to the use and inclusion of Defendant's proposed order insofar as it contains a section of self-serving facts that are not at issue or being decided by this Court. Any order should only relate to legal conclusions determined by the legal questions raised in Defendant's motion. Coinmint also objects to the self-serving facts laid out in Michael Gao's unsigned declaration, specifically paragraphs 4-10.