# EXHIBIT A

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Panel

In the Matter of the Arbitration Between:

Coinmint, LLC,

                              *Claimant and Counter-Respondent,*

- vs –

Katena Computing Technologies, Inc.,

                              *Respondent and Counter-Claimant,*

AAA Case No. 01-22-0001-7627

---

<u>ORDER NO. 28 – ORDER RE RULINGS ON MOTION SEEKING AN INTERIM AWARD SUBMITTED BY CLAIMANT COINMINT, LLC ON MARCH 3, 2023</u>

On March 3, 2023, Claimant Coinmint, LLC ("Coinmint") submitted a motion titled "Motion for an Interim Award Enjoining Katena from Disposing of Assets Other than in the Ordinary Course of Business" ("Motion").

Pursuant to Order No. 25, Respondent Katena Computing Technologies, Inc. ("Katena") was provided with an opportunity to respond to the Motion, and on March 14, 2023, Katena submitted and served its papers in opposition to the Motion ("Opposition").

Order No. 25 did not provide for an opportunity to submit and serve reply papers. On March 15, 2023, the Panel received an email request from Coinmint's counsel seeking permission to reply to Katena's Opposition. That request was granted, and Coinmint submitted and served its reply papers on March 16, 2023.

The Panel has reviewed and considered the papers described above, including the exhibits and declaration offered in support of the parties' respective positions, and HEREBY DETERMINES, RULES AND ORDERS AS FOLLOWS:

1. The relief Coinmint seeks through its Motion is quite broad in that it seeks orders from the Panel that would purport to direct and affect individuals who are not parties to this arbitration.

- At page 20 of the Motion, Coinmint asks the Panel to enter an order requiring Katena, Michael Gao, Henry Monzon, and Sagar Reddy to deposit $23 million into an escrow to be established for the benefit of Coinmint.

- At pages 20 to 21 of the Motion, Coinmint asks the Panel to enter an order precluding Katena's counsel from accessing funds placed in their client trust account to the extent such funds were received from Katena or Messrs. Gao, Monzon, Reddy, "or any other associated party until the resolution of this matter."

The United States Supreme Court repeatedly has stated that the Federal Arbitration Act ("FAA") manifests a liberal federal policy favoring arbitration, and that agreements to arbitrate are to be rigorously enforced. *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1, 24-25 (1983); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625-626 (1985); *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985).

However, arbitration is a creature of contract, and no party may be required to submit to arbitration "any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 79 (2001), quoting *United Steelworkers of Am. v. Warrier & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960); *see also, Volt Info. Sciences, Inc. v. Bd of Trustees of Leland Stanford Junior University*, 489 U.S. 468, 478 (1989) ("[T]he FAA does not require parties to arbitrate when they have not agreed to do so."). A party cannot be ordered to arbitration unless there is "an express, unequivocal agreement to that effect." *Samson v. NAMA Holdings, LLC*, 637 F.3d 915, 923 (9th Cir. 2011), quoting *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 54 (3d Cir. 1980).

Since its initiation, this arbitration has been, and is, a <u>two-party dispute</u> between Coinmint and Katena. They are the only ones who have appeared in these proceedings. They are the ones who agreed to submit to binding arbitration "[a]ny dispute, controversy, difference or claim arising out of or relating to" the Sales and Purchase Agreement ("Agreement") they entered into in May 2021. *See Agreement,* ¶ 19.2. Katena's attorneys and Messrs. Monzon, Gao and Reddy are <u>not</u> parties to the Agreement that underlies the disputes that have been submitted in this arbitration, and <u>no evidence</u> has been provided to the Panel to show that Katena's attorneys, Mr. Monzon, Mr. Gao, or Mr. Reddy (or "any other associated party"), have agreed to submit to the jurisdiction of the Panel to arbitrate any claims or disputes Coinmint may have with them and to enter any relief Coinmint seeks against them. Nor does Coinmint cite to any authority for the Panel to exercise any jurisdiction over those attorneys or individuals. Without such an agreement or court order compelling them to be subject to this arbitral tribunal, the Panel lacks jurisdiction over such parties and cannot order relief against them. Based upon the foregoing, Coinmint's Motion, as directed against Katena's attorneys and the aforenamed individuals and "any other associated party," is DENIED.

2. Coinmint has titled its Motion as one seeking "interim relief" under AAA Rule R-37, which allows an arbitrator to award interim relief as he or she deems necessary "for the protection or conservation of property or disposition of perishable goods." Coinmint argues at page 2 of its Motion that "Rule R-37 presumably incorporates the familiar standards generally applicable to any request for preliminary injunctive relief: 1) likelihood of success on the merits; 2) a risk of irreparable harm if the interim relief is not granted; and 3) the balance of hardships weighs in favor of the movant. [Citations omitted.])."

First, with respect to Rule R-37, Coinmint has not identified property or goods needing protection. Indeed, this dispute does not concern title or disposition of any identifiable "property." Rather, this dispute concerns the parties' respective *damages* claims against each other resulting from their entering into the Agreement.[1] With particular regard to Coinmint's Motion, the requested order for creation of a pool of money to be held in an escrow account is for the purpose of *marshalling* cash into a place upon which Coinmint can levy *if* it prevails on its fraud claim against Katena (*i.e.*, that Coinmint was fraudulently induced by Katena to enter. Into the Agreement)[2] and receives a damages award in this arbitration.

In order to reach the merits of Coinmint's request for interim relief, the Panel would first have to determine that Coinmint prevails, or is at least likely to prevail, on the merits of its fraudulent inducement claim. In that sense, Coinmint's Motion is more properly viewed as one seeking summary disposition of that claim (and the Panel notes that Coinmint's Motion does not rely on or seek to argue its breach of contract claims or any of its other counts). The interim relief Coinmint seeks through the Motion is not available because it is based on inferences it argues should be drawn based on allegations concerning the import to be given to documents (text messages or excerpts from such messages) and deposition excerpts. Other than those unauthenticated materials attached to the Motion, not a shred of *admissible* evidence has been offered in support of the Motion[3] beyond the declaration of Sean Ditty[4], which has nothing to

---

[1] Coinmint's First Amended Demand for Arbitration alleges two breach of contract counts, a count for declaratory judgment for fraud in the inducement rendering the contract voidable, and counts for unjust enrichment, theft by false pretenses, money had and received, breach of covenant of good faith and fair dealing, and violation of Business & Professions Code Section 17200.

[2] Viewing the Motion as a dispositive motion, Coinmint was required to, but did not, seek the Panel's approval under AAA Rule R-33 before filing such a motion. The need for pre-filing approval was discussed with the parties' counsel at the August 18, 2022, scheduling conference, after which the Panel ordered that "[n]o dispositive motions may be brought except on approval of the Panel…" *See*, Order No. 1, Section I, para. 5.1. The deadline of November 18, 2022 was set for submitting and serving a Rule R-33 request. *Id.,* para. 5.2 (as later extended). And should a Rule R-33 request be granted, February 9, 2023, was set as the date for hearing such motions. *Id.,* para. 5.3. Both deadlines passed before the Motion was filed on March 3, 2023. Further, the parties have done extensive discovery directed at preparing for the evidentiary hearing, which discovery has necessitated Panel intervention and orders on over a dozen occasions.

[3] Attaching exhibits to a motion does not qualify as evidence. For documents – even deposition excerpts - to have any meaning, they need witness testimony, if for no other purpose than

do with Coinmint's fraudulent inducement claim, and an earlier declaration of Michael Gao submitted in December 2022 in connection with Katena's opposition to Coinmint's Rule R-33 request. Coinmint's evidentiary support for the Motion, therefore, is patently inadequate.

What Katena offered in opposition to the Motion was its own set of inferences it says should be drawn based on its arguments concerning the import to be given to documents and deposition excerpts, also unauthenticated. In other words - no evidence.

Based upon the foregoing, summary disposition of Coinmint's fraudulent inducement claim is not appropriate. Genuine disputes exist with regard to the facts material to whether Katena committed fraud against Coinmint. The unauthenticated exhibits and evidence Coinmint provided in support of its Motion are insufficient to reach and decide the merits of Coinmint's fraud claim. Even under the injunctive relief standard for which Coinmint argues, Coinmint has not established the likelihood of success on the merits of its fraud claim, particularly in view of the matters brought forth by Katena's Opposition. An evidentiary hearing is necessary to decide those matters. Accordingly, based upon the foregoing, Coinmint's request for interim relief under Rule R-37 is DENIED.

3. At pages 4 and 20 of the Motion, Coinmint has asked the Panel to issue an order "freezing the status quo" by restricting Katena's operations so that (a) no new contracts or obligations in excess of $10,000 can be entered into without the advance approval of the Panel, (b) no funds in any Katena bank accounts can be transferred out "except pursuant to a bona fide written contract and in exchange for legitimate consideration," (c) only current vendors of routine services may be paid in the normal course, and (d) Katena's officers, directors and employees can only be paid their regular, periodic wages or salary. Essentially, the request seeks an order that would require day-to-day oversight of Katena's business operations. The Panel views this request as being akin to a request for the appointment of a receiver.

California Code of Civil Procedure § 564(a) plainly states that "[a] receiver may be appointed … *by the court* in which an action or proceeding is pending in any case in which *the court* is empowered by law to appoint a receiver." (Emphasis added.) "The appointment of a receiver rests within the discretion of the trial court." *Gold v. Gold*, 114 Cal. App. 4th 791, 807 (2003). The courts have held that arbitrators do not have the power to appoint a receiver. *Marsch v. Williams*, 23 Cal. App. 4th 238, 245-246 (1994) ("Arbitrators do not have the power to provide all the remedies which are available from the superior court."). In order to make sure that such a provisional remedy is available to disputants in arbitration, California Code of

---

authentication and foundation. Here, because the claim on which Coinmint bases its Motion sounds in fraud – a quasi-criminal claim – much more than an unauthenticated proposed exhibit or excerpt from a deposition is needed to establish the inferences Coinmint wishes the Panel to draw in its favor.

[4] With its reply papers, Coinmint submitted a declaration by Sean Ditty described as a retired law enforcement officer engaged as a private investigator by Coinmint. The declaration only describes the location and appearance of the offices of DX Corr Design, Inc., an entity which is not a party to this arbitration.

Civil Procedure § 1281.8(b) expressly permits such parties the right to resort to the courts for interim equitable remedies. Section 1281.8(d) makes clear that filing an application for provisional relief with the courts "shall not operate to waive any right of arbitration." Based on the foregoing, Coinmint's Motion is DENIED.

4.     At page 20 of the Motion, Coinmint has asked the Panel to issue an order requiring Katena to deposit $23 million into escrow or into the client trust account of one of the Panel members to be held for the benefit of Coinmint pending the outcome of this arbitration. The latter request is unsupported by any legal authority for the proposition that an arbitrator can be conscripted to serve as an escrow holder in a matter over which he or she is presiding. The members of the Panel reject this proposition.

Coinmint's first request – that Katena be ordered to deposit $23 million into escrow for Coinmint's benefit – is akin to a request for a pre-judgment writ of attachment. Coinmint states as much in its Motion: that the California contractual attachment statute, Code of Civil Procedure § 483.010 "would also provide a sufficient basis from which the Panel could model relief," further stating that the statute "was enacted for the exact situation present here." Motion at 4, fn. 2. However, provisional relief in the form of a prejudgment writ of attachment is reserved to the courts. In describing the procedure for seeking an attachment order, California Code of Civil Procedure § 484.010 provides for the filing of an application "with *the court* in which the action is brought." (Emphasis added.) Again, the case law makes clear that a claimant in arbitration is to apply to the court for a writ of attachment, and that the court has the power to issue such a writ without disrupting the arbitration of the main dispute. *See California Retail Portfolio Fund GMBH & Co. v. Hopkins Real Estate Group*, 193 Cal.App.4th 849 (2011); Cal. Code Civ. Proc. § 1281.8(b) and (d).

Based upon the foregoing, Coinmint's Motion is DENIED.

5.     Even assuming for the sake of argument that the Panel has the authority to order a remedy in Coinmint's favor equivalent to a prejudgment writ of attachment, as discussed above, attachment is an extraordinary remedy and one which has strict statutory requirements, which Coinmint has not met.

To get an attachment, Coinmint must show the existence of a claim subject to attachment, and not all claims are. Cal. Civ. Proc. Code § 483.010(a). Attachment is limited to: "(1) a claim for money based upon a contract, express or implied; (2) of a fixed or readily ascertainable amount not less than $500; (3) either unsecured or secured by personal property, not real property (including fixtures); and (4) commercial in nature." *Goldstein v. Barak Constr.*, 164 Cal. App. 4th 845, 852 (2008). In other words, the underlying claim for an attachment request must be based upon an unsecured commercial contract. Here, Coinmint's request is based upon its claim that it was fraudulently induced to enter into the Agreement and cites, *inter alia*, *In re Baroff*, 105 F.3d 439, 443 (9th Cir. 1997) for the proposition that Coinmint's claim is an action on the contract. Again, assuming for the sake of argument that the fraudulent inducement claim as pleaded would qualify under the attachment statute as "a claim for money based upon a contract," Coinmint's Motion has failed to establish at this juncture, for the

reasons discussed above, "the probable validity[5] of the claim upon which the attachment is based." Cal. Civ. Proc. Code § 484.090(a)(2).

Further, the amount to be secured by the attachment must be "greater than zero." *Id.,* § 484.090(a)(4). Katena has argued in its Opposition that pursuant to Cal. Civ. Proc. Code § 483.015(b)(2), Coinmint's claimed amount of $23 million must be "reduced by," among other things, the "amount of any indebtedness of the plaintiff that the defendant has claimed in a cross-complaint filed in the action if the defendant's claim is one upon which an attachment could be issued." Katena has pleaded a counterclaim for breach of contract for $37.5 million[6] which would reduce Coinmint's claim to less than zero, making Coinmint ineligible for attachment relief under Section 484.090(a)(4). The Panel makes no findings on the "probable validity" concerning, or the merits of, Katena's claims to provide an offset to Coinmint's claims. The Panel merely observes that if it otherwise would be inclined to enter relief for Coinmint, a determination of the issue of the amount to be secured as greater than zero would also have been required.

Finally, Coinmint bases much of its argument on the risk of irreparable harm to Coinmint and the balance of hardships in its favor as a basis for seeking injunctive relief. As discussed above, Coinmint has not demonstrated through its Motion its likely success on the merits of its fraudulent inducement claim. But even assuming that prong of the injunctive relief criteria was satisfied, Coinmint's arguments concerning harm and balance of hardships is largely based on its speculation that Katena lacks the ability to satisfy an arbitration award or judgment. Again, Coinmint's arguments lack evidentiary support and are built on speculation and inferences. Coinmint has failed to demonstrate that Katena is insolvent or lacks the ability to pay damages. The Panel finds that such failure is an alternative basis to deny the Motion.

7. The Panel's denial of Coinmint's Motion is without prejudice to Coinmint seeking provisional relief in the courts as provided by California Code of Civil Procedure § 1281.8, as discussed above.

IT IS SO ORDERED.

Dated: 21 March 2023

Rebecca Callahan, Chair
*On behalf of the Panel*

---

[5] "A claim has probable validity where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim." Cal. Civ. Proc. Code § 481.190.

[6] *See* Katena's Answering Statement and Counterclaims at page 21 ("The first counterclaim, for breach of contract, seeks damages of $37.5 million — liquidated damages under the Agreement. The second counterclaim, for breach of the implied covenant, also seeks damages of $37.5 million.").