1   **PERKINS COIE LLP**
    David P. Chiappetta, Bar No. 172099
2   DChiappetta@perkinscoie.com
    Torryn Taylor Rodgers, Bar No. 319126
3   TRodgers@perkinscoie.com
    505 Howard Street, Suite 1000
4   San Francisco, California 94105
    Telephone: 415.344.7000
5   Facsimile: 415.344.7050

6   Attorneys for Defendant
    Katena Computing Technologies, Inc.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12  COINMINT, LLC,                          Case No. 3:23-cv-04683-AMO

13              Plaintiff,                   **REPLY BRIEF IN SUPPORT OF KATENA
                                             COMPUTING TECHNOLOGIES, INC.'S
14       v.                                  MOTION TO COMPEL ARBITRATION
                                             AND STAY ACTION OR, IN THE
15  KATENA COMPUTING                         ALTERNATIVE, TO QUASH
    TECHNOLOGIES, INC. and DOES 1-40,        PURPORTED SERVICE UNDER RULE
16  inclusive,                               12(B)(5)**

17              Defendants.                  Date:       January 11, 2024
                                             Time:       2:00 p.m.
18                                           Courtroom:  10, 19TH Floor
                                             Judge:      Hon. Araceli Martínez-Olguín
19

20

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

Coinmint does not dispute that its Complaint arises out of a contract between the Parties (the "Agreement")[1] containing an arbitration clause, or that the Agreement's arbitration clause encompasses all of its disputes with Katena. Quite the opposite; Coinmint admits that the factual allegations and claims asserted in this lawsuit are part of an ongoing AAA arbitration pending between the parties (the "Pending Arbitration"). That resolves the motion: "the court must enforce the agreement" to arbitrate.[2] *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004).

Nevertheless, Coinmint asks this Court to deny Katena's Motion, claiming that the Arbitrators in the Pending Arbitration purportedly ordered Coinmint to file this new action to seek prejudgment attachment. That simply isn't true. In March 2023, Coinmint submitted a motion in the Pending Arbitration seeking, *inter alia*, that an attachment be levied against Katena.[3] While the Arbitrators stated that "the case law makes clear that a claimant in arbitration is to apply to the court for a writ of attachment," the Arbitrators also considered the merits of Coinmint's request and found it deficient:

> Even assuming for the sake of argument that the Panel has the authority to order a remedy in Coinmint's favor equivalent to a prejudgment writ of attachment, as discussed above, attachment is an extraordinary remedy and one which has strict statutory requirements, <u>which Coinmint has not met</u>.[4]

At the end of its order, the Panel merely noted that its denial of Coinmint's motion was "without prejudice to Coinmint seeking provisional relief in the courts as provided by California

---

[1] Capitalized terms here have the same meaning as in Katena's Motion to Compel Arbitration and Stay Action or, in the Alternative, to Quash Purported Service Under Rule 12(B)(5) ("Katena's Motion"). (Dkt. 6).

[2] As for Katena's 12(b)(5) motion, which (as noted in its moving papers) Katena filed to avoid waiver, Katena merely sought an order requiring Coinmint to serve Katena with an unredacted copy of the Complaint in this action. While Coinmint's September 21, 2023 "service" also fails to comply with Federal Rule of Civil Procedure 4, Katena has agreed to treat September 21, 2023, as the date upon which it was served, meaning that its 12(b)(5) motion is now moot. However, to the extent Coinmint asserts in any forthcoming motion that Katena was served *prior to* September 21, 2023, Katena reserves the right to contest that assertion.

[3] Dkt Entry 12-2, p 1.

[4] *Id.* at p. 6 (emphasis added). Coinmint implies that the Panel merely denied its Motion for Interim Relief on procedural grounds, which is flat wrong as shown below.

Code of Civil Procedure § 1281.8, as discussed above."[5] At no time did the Arbitrators suggest (much less order) that Coinmint should *file a new lawsuit* for the purpose of applying for writ of attachment, as Coinmint has done here.

But even then, Coinmint doesn't actually seek prejudgment relief based on the claims it is pursuing in the Arbitration.[6] In the Arbitration, Coinmint's claims sound in tort (as pointed out by the Panel in Order No. 28) and attachments are not issued for claims sounding in tort. So, Coinmint made a strategic decision to deviate from California's clear and unambiguous procedural rules for seeking such a writ of attachment. Instead of filing an Application attaching its Arbitration Demand (which would have revealed those tort claims), Coinmint filed this lawsuit with a brand-new breach of contract claim asking the Court to award Coinmint $23 million in damages against Katena. That's not an ancillary proceeding; that's a new lawsuit, and under the clear arbitration provision in the Agreement, it is subject to Arbitration, meaning this lawsuit must be stayed.

## II.   ARGUMENT

### A.   Coinmint rightly concedes that it agreed to arbitrate any claims against Katena arising out of the parties' Agreement

As an initial matter, Coinmint concedes everything required by the FAA for the Court to refer this action to arbitration. The Agreement contains a valid and enforceable agreement to arbitrate between Coinmint and Katena. The Parties' contractual arbitration agreement is subject to the FAA. And the breach of contract claim asserted in the Complaint is within the scope of the arbitration agreement.

On a motion to stay brought under Section 4 of the FAA, "the district court's role is limited to determining whether a valid arbitration agreement exists and, if so, whether the agreement encompasses the dispute at issue. If the answer is yes to both questions, the court must enforce the agreement." *Lifescan*, 363 F.3d at 1012. Coinmint does not cite any contrary precedent; where those two conditions are satisfied, the district court—respectfully—has no

---

[5] Dkt entry 12-2, p. 7.
[6] At this stage, Coinmint hasn't even *sought* any prejudgment relief from this Court. A cursory review of the docket shows that it has neither filed nor noticed any motions in this action.

discretion and "must order the parties to proceed to arbitration only in accordance with the terms of their agreement." *Id.* As with Coinmint's existing claims that are currently being arbitrated, Coinmint's newly-asserted breach of contract claim simply does not belong before this Court.

### B. Coinmint has not sought and is not seeking an injunction "in aid of arbitration" from this Court

Coinmint asserts that it needs an injunction "in aid of arbitration" to "maintain the status quo" pending Arbitration and that this new lawsuit is merely that, a lawsuit filed "in aid of arbitration."[7] But what Coinmint actually did was to initiate a new lawsuit asking the Court to award it $23 million in damages from Katena under a breach of contract theory that is in tension with its claims in the Arbitration—that's arbitrable. And the manner in which Coinmint has taken those actions to date is entirely inconsistent with the clearly defined California procedure for seeking such relief.

For instance, California Code of Civil Procedure § 1281.8(b) spells out in express detail the steps a litigant must take in order to obtain injunctive relief in aid of an arbitration:[8]

> A party to an arbitration agreement may file in the court in the county in which an arbitration proceeding is pending, or if an arbitration proceeding has not commenced, in any proper court, an application for a provisional remedy in connection with an arbitrable controversy, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without provisional relief. The application shall be accompanied by a complaint or by copies of the demand for arbitration and any response thereto.

The statute is clear: If arbitration has not yet been commenced, the party seeking injunctive relief must initiate an action by filing a complaint. But where, as here, an arbitration is already pending, the party (1) is required to file only in "the court in the county in which [the] arbitration proceeding is pending" and (2) must file the application for relief accompanied by "copies of the demand for arbitration and any response thereto."

Coinmint did not comply with either of these black-letter procedural requirements. Instead, it filed a new action based on the same purported facts as the existing arbitration but

---

[7] For a host of procedural, substantive, and equitable reasons, there is no basis for this Court to grant Coinmint a pre-judgment attachment but Katena reserves all such arguments until (and unless) Coinmint actually seeks such relief from this Court.

[8] In ruling on a motion for injunctive relief in aid of arbitration, federal district courts follow the law of the jurisdiction in which they are located. Fed. R. Civ. P. 64.

asserting a newly-minted claim for breach of contract and seeking an award of $23 million from this Court. And it did so under the (false) pretense of doing so in aid of the Arbitration even though the Arbitration is premised on different claims and causes of action.[9] The bottom line is that, procedurally, Coinmint *could have* sought an attachment "in aid of" the current Arbitration. It didn't. Coinmint made a strategic decision to file a new lawsuit with a new breach of contract claim seeking to recover $23 million, and it then attempted to seek prejudgment attachment before the state court (prior to removal) in aid of that new breach of contract claim and not in aid of the claims actually asserted in the Arbitration. That is not an action brought "in aid of" the existing Arbitration; it's a new lawsuit. And that new lawsuit is based on a contract (the Agreement) that contains an arbitration clause and should be referred to arbitration pursuant to the FAA.

### C. The Parties' agreement to delegate threshold questions of arbitrability to the Arbitrators is not a ground on which a motion to compel arbitration may be denied

Finally, Coinmint haphazardly argues that this Court lacks jurisdiction to rule on Katena's motion to compel arbitration because the Arbitrators have already determined that this Action is not arbitrable. But that is simply false. As Coinmint acknowledges, the Arbitrators issued their order denying Coinmint's motion for pre-judgment attachments months <u>before</u> Coinmint filed this lawsuit with its new breach of contract claim—the Arbitrators obviously did not consider or rule on the arbitrability of this Action.[10] The Arbitrators did hold that any requests for a writ of

---

[9] It seems evident why Coinmint chose this path. First, its Arbitration Demand (and the basis for its interim relief in the Arbitration) largely sounded in tort, which is not a proper foundation for an attachment under California law. Cal. Civ. Proc. Code § 483.010(a) (limiting attachment to "a claim … for money … based upon a contract, express or implied"). And, second, Coinmint cannot show that the amount to be attached is "greater than zero" as Katena is pursuing a $37.5 million counterclaim based on Coinmint's breach of the Agreement. Cal. Civ. Proc. Code § 484.090 (conditioning the issuance of a right to attach order on a showing that the "amount to be secured by the attachment is greater than zero"). But these points go to the merits of any attachment that Coinmint may seek, and Katena reserves these and all other arguments until Coinmint seeks such relief (if it ever does).

[10] Moreover, it is Coinmint, and not Katena, that has ignored the Arbitrators' Order. In Order No. 28 denying Coinmint's motion for a prejudgment attachment, the Arbitrators clearly stated that their "denial of Coinmint's Motion is without prejudice to Coinmint seeking provisional relief in the courts as provided by California Code of Civil Procedure § 1281.8." As discussed above, Coinmint refused to comply with the procedure of Section 1281.8 identified by the Arbitrators and instead filed this new and different Action against Katena in breach of the parties' agreement to arbitrate.

attachment were properly directed to the courts rather than to the Panel, and noted that Coinmint could seek "provisional relief in the courts as provided by California Code of Civil Procedure § 1281.8."[11] But that is not what Coinmint did. The Arbitrators have never endorsed litigation of Coinmint's new breach of contract claim.

More noteworthy is what the Arbitrators—who have been closely overseeing the dispute between Coinmint and Katena—said in addressing the *substance* of Coinmint's request for injunctive relief, holding that "attachment is an extraordinary remedy and one which has strict statutory requirements, <u>which Coinmint has not met</u>."[12] The Arbitrators further held that Coinmint "failed to establish" the "probable validity" of its claim, "has not demonstrated through its Motion its likely success on the merits of its fraudulent inducement," and entirely "failed to demonstrate Katena is insolvent or lacks the ability to pay damages" and denied Coinmint's motion on those "alternative bas[e]s."[13] Contrary to Coinmint's misrepresentation, the Arbitrators considered the merits of Coinmint's motion for prejudgment attachment and found that Coinmint came up short. This is certainly noteworthy should Coinmint ever file a procedurally acceptable motion for an injunction in aid of arbitration, but it is equally certainly not a reason to deny Katena's motion to stay.

Further, while (as Coinmint notes) the Parties did agree to delegate threshold questions of arbitrability to the Arbitrators, this is merely another ground to grant Katena's motion. Katena agrees with Coinmint that the Parties, by adopting the AAA Commercial Rules, agreed to delegate "objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim" to the Arbitrators. AAA Commercial Rule R-7(a). All that means is that if Coinmint had challenged the validity of the Agreement or the arbitrability of its breach of contract claim, those questions would be for the Arbitrators to decide <u>after</u> this Court stayed the Action and referred the claim to arbitration. *See, e.g.*, *Silverman v. Move Inc.*, 2019 WL 2579343, at *12 (N.D. Cal. June 24, 2019) (granting motion to compel

---

[11] Dkt Entry 12-2, p. 6.
[12] Dkt Entry 12-2, p. 6.
[13] Dkt Entry 12-2, p. 6-7. As the Panel so aptly phrased it: "Again, Coinmint's arguments lack evidentiary support and are built on speculation and inferences." Dkt Entry 12-2, p. 7.

arbitration and declining to consider plaintiff's objection that her claims were outside the scope of the arbitration agreement because the parties agreed to delegate all threshold questions of arbitrability to the arbitrator). A valid delegation clause is not a ground to deny an otherwise-meritorious motion to compel arbitration, and Coinmint does not cite to any case in which that occurred. Such a clause *increases* rather than *decreases* the prospects of a case being referred to arbitration. Given the Agreement and the FAA, Coinmint's only path forward is to raise its objections to arbitrability (if any) with the Arbitrators after Katena's Motion is granted.

DATED: October 10, 2023

**PERKINS COIE LLP**

By: /s/ _____
        David P. Chiappetta
        Torryn Taylor Rodgers
Attorneys for Defendant
Katena Computing Technologies, Inc.