UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COINMINT, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>KATENA COMPUTING TECHNOLOGIES, INC.,<br><br>    Defendant. | Case No. 23-cv-04683-RS<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY, DENYING MOTION TO QUASH DEFECTIVE SERVICE** |

## I. INTRODUCTION

In this breach of contract case regarding bitcoin mining rigs, Defendant Katena Computing Technologies, Inc. ("Katena") moves to compel arbitration and stay this action pending arbitration pursuant to an agreement between the parties. Additionally, Katena moves to quash for defective service of process under Cal. Civ. Proc. Code § 416.10.[1] Plaintiff Coinmint, LLC ("Coinmint") objects to a stay pending arbitration because, in its view, there is nothing to compel as arbitration has already commenced and the panel of arbitrators under the American Arbitration Association ("AAA") has permitted Coinmint to seek provisional relief from the Court. Additionally, Coinmint insists that motion to quash fails as service was proper. For the reasons set forth below,

---

[1] Katena proffers an unsigned declaration by Michael Gao to support its motion to quash. This fails to meet the requirements of 28 U.S.C. § 1746, which requires that an affiant swear, upon penalty of perjury, that the contents of its declaration are true. Therefore, Michael Gao's declaration was not considered for the disposition of this motion. (Coinmint raised the issue of the unsigned declaration in its Opposition, but Katena did not address it either in its Reply or separately with the Court).

Katena's motion to compel arbitration and stay the proceeding, is granted and the motion to quash is denied.

## II. BACKGROUND

Coinmint is a bitcoin mining company that entered into a $150 million contract for bitcoin mining rigs with Katena, a start-up company that designs and manufactures bitcoin mining rigs. The contract was evidenced by the Sales and Purchase Agreement ("SPA Agreement"), dated May 12, 2021 and the attendant Purchase Order No. 1 (together, "the Agreement"). The terms of the Agreement required Coinmint to provide Katena a down payment of 25% (or $37.5 million) of the contract price so that Katena could begin manufacturing the rigs. In the Agreement, the parties decided that disputes between them would be arbitrated before the American Arbitration Association ("AAA").

Katena avers that Coinmint failed to make the down payment in a timely manner and thereby breached the agreement between the parties. Coinmint maintains that Katena unlawfully and fraudulently received $23 million from Coinmint. Coinmint filed an arbitration demand before the American Arbitration Association ("AAA") on April 27, 2022. In the pending arbitration before the AAA, Coinmint brought a motion for attachment to enjoin Katena from disposition of assets pending the arbitration. Coinmint did so in order to "maintain the status quo" and keep Katena from dissipating the $23 million, received allegedly through fraud, by depositing that amount into escrow. On March 21, 2023 the arbitration panel ruled that this request was "akin to a request for a pre-judgment writ of attachment" and the court, not the panel, had jurisdiction to rule on this matter. Moreover, Coinmint had failed to meet the high standard for attachment.[2] On July 20, 2023, Coinmint filed an Application for a Writ of Attachment and the instant lawsuit with one cause of action – breach of contract of the Agreement – in the Superior Court of California for the County of Santa Clara. Katena then removed this case to federal court.

---

[2] The panel also noted that Coinmint failed to meet the statutory requirements of the writ of attachment. *See Coinmint, LLC v. Katena Computing Tech., Inc.,* AAA Case No. 01-22-0001-7627, Order No. 28 (Callahan, Arb.) ("Order No. 28").

Coinmint argues it has filed this lawsuit in compliance with the arbitration panel's order, which permitted Coinmint to seek provisional relief from the court as provided by California Code of Civil Procedure § 1281.8(b).[3] Katena argues that, in reality, Coinmint has actually initiated a new lawsuit asking for a $23 million damages award, and not a writ of attachment. This new action raises a novel breach of contract theory, which Katena contends is arbitrable. This theory, according to Katena, is in tension with the claims in the pending arbitration that are largely based on tort, which is not a proper foundation for an attachment per California law. Cal. Civ. Proc. Code § 483.010(a). The parties' principal disagreement in the instant motion is whether the instant action is Coinmint's attempt at seeking provisional relief from the court as permitted by the arbitration panel or whether Coinmint has filed a new lawsuit, which is subject to arbitration.

### III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") applies to any contract involving interstate or foreign commerce. The Supreme Court has stated that the FAA entails a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345 (2011). If an issue before the court falls within a valid arbitration agreement, the court must refer that issue to arbitration and stay the proceeding until arbitration has occurred according to the terms of the agreement. 9 U.S.C. § 3. The FAA does not allow courts to exercise discretion, "but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). In ruling on a motion to compel arbitration under the FAA, a court's role is thus limited to: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc*. 207 F.3d 1126, 1130 (9th Cir. 2000). An affirmative response to both questions requires courts to enforce the arbitration agreement. *Id*.

---

[3] The rule permits litigants to apply for a provisional remedy in connection with an arbitrable controversy, discussed further *infra* Section II.

1    Per California Civil Code of Procedure § 1281.8, "a party to an arbitration agreement may
2    file an application in superior court for certain provisional remedies without waiving the right to
3    arbitrate." *Cal. Retail Portfolio Fund GMBH & Co. KG v. Hopkins Real Est. Grp.*, 193 Cal. App.
4    4th 849, 855 (2011). When a party seeks injunctive relief in connection with pending arbitration, §
5    1281.8(b) provides the procedure the party must follow:

> A party to an arbitration agreement may file in the court in the county in which an arbitration proceeding is pending, or if an arbitration proceeding has not commenced, in any proper court, an application for a provisional remedy in connection with an arbitrable controversy, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without provisional relief. The application shall be accompanied by a complaint or by copies of the demand for arbitration and any response thereto. If accompanied by a complaint, the application shall also be accompanied by a statement stating whether the party is or is not reserving the party's right to arbitration.

Cal. Civ. Proc. Code § 1281.8(b).

### IV. DISCUSSION

A.  Motion to Compel Arbitration and Stay Action

As a preliminary matter, the parties agree that the FAA applies to the instant dispute as the Agreement is a contract affecting both foreign and interstate commerce. Furthermore, a valid arbitration agreement certainly exists, as both parties acknowledge, and Coinmint initiated arbitration proceedings against Katena based on the terms of that Agreement. Additionally, the Agreement undoubtedly encompasses the dispute at issue, i.e the breach of contract claim for $23 million. The arbitration clause of the SPA Agreement recites that "[a]ny dispute, controversy, difference or claim arising out of or relating to this Agreement, including the existence, validity, interpretation, performance, breach or termination" are subject to arbitration. Despite the answer of both these questions being in the affirmative, Coinmint argues that the motion to compel arbitration and stay the proceeding should be denied for being moot as arbitration has already commenced on the breach of contract claims. The central issue in this motion is therefore whether Coinmint's lawsuit was filed to seek provisional relief in aid of arbitration, or if it filed a new action altogether that should be stayed pending arbitration.

While the existing breach of contract claims before the panel are being litigated in arbitration, this new breach of contract claim averred by Coinmint is not ancillary to the proceeding but is, as Katena correctly observes, a new claim that is potentially arbitrable. The breach of contract claim, which was filed after the arbitration panel issued Order No. 28, is not an effort by Coinmint to seek provisional relief, but is in fact a novel claim raised by Coinmint to seek $23 million in damages on a breach of contract – not fraudulent inducement – theory. Order No. 28 directed Coinmint to seek provisional relief from the court, not to file a new claim under a new theory that would sustain a writ of attachment.

Coinmint is correct that it is the court, not the panel, that will retain jurisdiction to rule on the writ of attachment even after the stay is dissolved, but that is irrelevant here. If, upon arbitration of the issues raised in the *new* breach of contract claim, Coinmint seeks injunctive relief and attachment, it is welcome to follow the correct procedures under the California Code of Civil Procedure 1281.8(b) to do so. If a new claim is raised, the court has no discretion under the FAA but to direct the parties to arbitration for issues that are arbitrable, as is the case here.

Coinmint argues that it merely failed to follow the correct procedure, and its failure to do so should not warrant granting Katena's motion to compel arbitration. However, this is too simplistic. This action was filed after Order No. 28 was issued, so the arbitration panel has yet to weigh in on the novel breach of contract claim. The panel cannot rule on its own jurisdiction with relation to a claim it has not seen yet. Even if, as Coinmint indicates, the claim is already before the arbitration panel, Coinmint's failure to follow the correct procedure to seek provisional relief from the court may result in the court inadvertently usurping the arbitrator's role. Therefore, the motion to compel arbitration and stay this proceeding are granted.

B.  Motion to Quash for Defective Service

Katena moves, alternatively, to quash for defective service under Federal Rule of Civil Procedure 12(b)(5). Katena states that the documents served lacked the summons or complaint. Further, it maintains that the proofs of service indicate that eleven documents were served, when in fact only three out of the eleven were actually served: a Civil Lawsuit Notice, form CV-5013,

(2) an Application for Right to Attach Order and Writ of Attachment, Form AT-105, and (3) a Notice of Application and Hearing for Right to Attach Order and Writ of Attachment, Form AT-115.

Per California Code of Civil Procedure § 416.10, proper service entails delivery of a summons and complaint. Coinmint asserts that it properly served Katena's registered agent for service of process as identified in the State of Delaware's website. In addition, Coinmint insists that it properly served Michael Gao after Katena filed the instant motion with all documents and, following this, Katena's counsel emailed Coinmint asserting that Katena would proceed as though it was properly served. Therefore, Katena's motion to quash must be denied.

## V. CONCLUSION

For the reasons above, Katena's motion to compel arbitration and motion to stay are granted. Katena's motion to quash defective service is denied.

**IT IS SO ORDERED**.

Dated: December 1, 2023

RICHARD SEEBORG
Chief United States District Judge