David P. Chiappetta, Bar No. 172099
DChiappetta@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

John R. Hardin (*pro hac vice* forthcoming)
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, Texas 75201
Telephone: +1.214.965.7700
Facsimile: +1.214.965.7799

Jacob Taber (*pro hac vice* forthcoming)
JTaber@perkinscoie.com
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

Attorneys for Defendant
Katena Computing Technologies, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COINMINT, LLC,<br><br>         Plaintiff,<br><br>   v.<br><br>KATENA COMPUTING TECHNOLOGIES, INC.,<br><br>         Defendant. | Case No. 3:23-cv-04683-RS<br><br>**PETITION TO CONFIRM ARBITRATION AWARD** |

      Defendant Katena Computing Technologies, Inc. ("Katena") petitions for confirmation of the final arbitration award in the action bearing the caption *In the Matter of the Arbitration Between: Coinmint, LLC v. Katena Computing Technologies, Inc.*, AAA Case No. 01-22-001-7627 and dated February 6, 2024 (the "Award," attached hereto as **Exhibit A**) and entry of a

judgment in the amount of $14,345,233.09, plus interest accruing on that amount through the date fully paid, together with costs, and additional attorneys' fees incurred to confirm the arbitration award, against Plaintiff Coinmint, LLC ("Coinmint").

**The Parties**

1. Katena is a Delaware corporation with its principal place of business in California.

2. Coinmint is a Puerto Rico LLC. Its sole member, Coinmint Living Trust LLC, is also a Puerto Rico LLC whose only members are citizens of Puerto Rico.

**Jurisdiction and Venue**

3. Katena is a citizen of Delaware and California. Coinmint is a citizen of Puerto Rico. There is therefore complete diversity of citizenship between the parties.

4. Katena seeks confirmation of an arbitration award of $14,345,233.09 which is greater than $75,000, exclusive of interests and costs.

5. This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

6. Coinmint is subject to the personal jurisdiction of this Court because it filed the instant lawsuit and because it initiated and participated in an arbitration venued in San Francisco, California which was the basis for the Award at issue here.

7. This Petition is brought under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, which applies to the parties' dispute because the contract at issue governed a transaction involving interstate commerce.

8. Pursuant to 9 U.S.C. § 9, venue is proper in this District because the Award was made in San Francisco, California, a city in this District.

**Background**

9. Coinmint is a Bitcoin mining company that operates a large digital currency data center in New York. Katena is a start-up company focused on designing and manufacturing Bitcoin mining rigs using custom-designed semiconductor chips.

10. On May 12, 2021, Coinmint and Katena entered into a Sales and Purchase Agreement dated May 12, 2021 (the "SPA") and an associated Purchase Order No. 1 (together with the SPA, the "Agreement"). In the Agreement, Coinmint agreed to pay Katena $150 million

for the delivery of a specified number of Bitcoin mining rigs meeting specified minimum power and efficiency criteria according to an agreed-upon delivery schedule.

11. Under the terms of the Agreement, Coinmint was required to make a 25% down payment of $37.5 million within three business days of the execution of the Agreement, which would have provided Katena with the ability to start the manufacturing process. But Coinmint breached and did not make the agreed-upon down payment. Over the next five months, Coinmint made a series of partial payment to Katena totaling $23.3 million but Coinmint never paid the required 25% down payment.

12. Coinmint walked away from the parties' deal in November 2021 and began demanding the return of its nonrefundable partial payments to Katena. When Katena stood by its rights under the Agreement, Coinmint tried a variety of ways to terminate the Agreement (despite not having a contractual right to do so) and obtaining a refund (despite the payments being expressly non-refundable) that included filing the aforementioned Arbitration.

**The Arbitration**

13. Section 19.2 of the Agreement contains a broad arbitration provision: "Any dispute, controversy, difference or claim arising out of or relating to this Agreement, including the existence, validity, interpretation, performance, breach or termination hereof or any dispute regarding non-contractual obligations arising out of or relating to this Agreement shall be referred to and finally resolved by arbitration administered by American Arbitration Association under the rules for commercial arbitration of the American Arbitration Association in force when the notice of arbitration is submitted. The decision and awards of the arbitration shall be final and binding upon the parties hereto." A copy of the Agreement is attached hereto as **Exhibit B**.

14. On April 27, 2022 Coinmint submitted a Demand for Arbitration against Katena to the American Arbitration Association ("AAA") asserting that the Agreement had been fraudulently induced (among other claims) and seeking rescission.

15. On May 12, 2022, Katena submitted and served its answering statement to Coinmint's Demand for Arbitration which denied Coinmint's entitlement to relief and asserted a counterclaim for breach of the Agreement (among other counterclaims).

1    16.    Coinmint's and Katena's claims and counterclaims arose out of or related to the Agreement and were therefore within the scope of the parties' arbitration agreement. Further, Coinmint waived any challenge to the arbitrability of its claims or Katena's counterclaims by commencing the Arbitration and failing to seek a judicial stay of any portion of the Arbitration (including Katena's counterclaims) during the pendency of the arbitration.

17.    On July 7, 2022, the AAA appointed a panel of three Arbitrators to decide the parties' dispute: Rebecca Callahan, Esq.; Gilda R. Turitz, Esq.; and Ruth V. Glick, Esq. A copy of the Notice of Appointment and Oath, which includes the Arbitration Disclosure Worksheet by each arbitrator, is attached hereto as **Exhibit C**. Neither Coinmint nor Katena identified any conflict or objected to the appointment of any of the three Arbitrators.

18.    The Arbitration was conducted pursuant to the AAA Commercial Arbitration Rules Amended and Effective October 1, 2013 per the parties' agreement.

19.    On November 10, 2022, the parties signed a Stipulated Protective Order (the "SPO"). The SPO was negotiated by both parties and entered as an Order by the Panel. Pursuant to the SPO, "Confidential" discovery produced by a party could not be used by another party outside of the Arbitration.

20.    The parties engaged in extensive pre-hearing disclosure and discovery including the voluntary exchange of documents on which the parties intended to rely pursuant to AAA Rule R-22; formal document production requests and verified responses; negotiated ESI review and production protocols, including agreed-upon custodians and search terms; five party-witness depositions; and expert witness disclosures with written opinion reports and expert witness depositions.

21.    During the course of discovery, Coinmint used select "Confidential" discovery and its own subjective interpretation of those materials as the basis to file multiple ancillary lawsuits, including *Coinmint, LLC v. Dx Corr Design, Inc. et. al*, No. 23-cv-00599-RS, pending before this Court. Katena sought sanctions in the Arbitration, for which there was extensive briefing and oral argument before the Panel.

22.    The Arbitration Hearing spanned 13 days. The Arbitrators traveled to hear

testimony and receive documents from three non-party witnesses who could not be compelled to appear in San Francisco on April 18, 2023, May 16, 2023, and November 17, 2023. The Arbitrators heard testimony from party witnesses and expert witnesses on August 28, 29, 30, and 31, 2023 and September 18, 19, 20, and 21, 2023 at the AAA office in San Francisco. The Arbitrators heard testimony from one additional party witness and two additional expert witnesses via Zoom hearing, by agreement of the parties, on October 16 and 17, 2023.

23. Hearing time was shared approximately evenly between the parties. Coinmint used approximately 53% of the hearing time for its witness examinations and argument, and Katena used approximately 47% of the hearing time.

24. After the final hearing date, the parties submitted simultaneous post-hearing briefs and simultaneous reply briefs on the facts and the law. In addition, because the Panel had already found (on multiple occasions) that Coinmint had repeatedly violated the SPO, the parties also briefed the attorneys' fees to which Katena would be entitled for those violations.

25. On January 12, 2024 the Arbitrators heard closing arguments from the parties at the AAA office in San Francisco. At the conclusion of the January 12, 2024 hearing, each side confirmed that they had no further evidence to offer with respect to their respective claims, defenses and requests for relief in this matter. The hearing proceedings were declared closed as of January 19, 2024, by the American Arbitration Association ("AAA"). Pursuant to stipulation, and as confirmed by the AAA by letter dated January 22, 2024 (a copy of which is attached as **Exhibit D**), the deadline for the Award was set as March 8, 2024.

26. On February 6, 2024, the Arbitrators issued a 100+ page Award with a detailed analysis that (i) denied all of Coinmint's claims in their entirety; (ii) found that Coinmint had breached the Agreement and is liable to Katena; (iii) awarded Katena damages of $14,102,802.09; and (iv) awarded Katena sanctions of $242,421.00, comprised of a $100,000 sanction plus attorneys' fees and costs associated with the sanctions motion proceedings in the amount of $142,421.00.

27. The total amount of the Award which Coinmint is ordered to pay Katena is $14,345,233.09.

28. The Award was served on the parties by email, as agreed-upon by the parties, on February 6, 2024.

29. The Award is in all respects proper, and there are no legitimate grounds for Coinmint to contest this Award. This application is timely filed because it is within one year after the Award was made. Accordingly, Katena is entitled to an order confirming the Award and entry of a judgment thereon.

## Prayer for Relief

Petitioner prays that:

A. This Court enter an order confirming the Award attached hereto as Exhibit A, as authorized by Section 9 of the FAA;

B. This Court enter judgment upon the Award, including post-judgment interest at the legal rate of interest in judgment provided by the state of California under Cal. Code. Civ. P. § 685.010; and

C. For any and all other relief that the Court deems just and proper.

Dated:  February 8, 2024                                   **PERKINS COIE LLP**

By:*/s/ David P. Chiappetta*
David P. Chiappetta, Bar No. 172099
John R. Hardin
Jacob J. Taber

Attorneys for Defendant
Katena Computing Technologies, Inc.