# EXHIBIT C



Karen Jalkut
Vice President
200 State Street, 7th floor
Boston, MA 02109
Telephone: (617)451-6600
Fax: (617)451-0763

July 7, 2022

Paul D. Popeo, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110
Via Email to: ppopeo@choate.com

John R. Hardin, Esq.
Perkins Coie, LLP
2001 Ross Avenue, Suite 4225
Dallas, TX 75201
Via Email to: JohnHardin@perkinscoie.com

**Case Number: 01-22-0001-7627**
Coinmint, LLC
-vs-
Katena Computing Technologies, Inc.

Dear Counsel:

This will advise the parties the American Arbitration Association (the AAA) has appointed Rebecca Callahan, Esq.
Gilda R. Turitz, Esq. and Ruth V. Glick, Esq.as arbitrators in this matter.

In accordance with the California Arbitration Law (CCP §1281.85 et seq.), enclosed please find the duly executed Notice of Appointment and Notice of Compensation Arrangements, which includes the Arbitrator Disclosure Worksheet submitted by the arbitrators for your review.

The parties are encouraged to review the Commercial Arbitration Rules which requires that the parties or their representatives advise the AAA of any circumstance which exists that is likely to give rise to justifiable doubt as to the arbitrator's impartiality or independence. This obligation shall remain in effect throughout the arbitration and failure on the part of a party or a representative to comply with the requirements of these requirements may result in the waiver of the right to object to an arbitrator in accordance with Rules. If either party or their counsel knows of any contact or conflict that may be relevant they are to communicate this information to the AAA within 10 days.

Pursuant to §1281.91, any party may serve a notice of disqualification on the basis of the disclosure statement within 15 calendar days from the date of this letter. Absent the receipt of a notice of disqualification within the time specified, this appointment of the above named arbitrator is confirmed as indicated by the executed Oath of Arbitrator contained on the Notice of Appointment.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Lisa A Romeo
Director of ADR Services
Direct Dial: (617)695-6037
Email: LisaRomeo@adr.org

Enclosures

cc:     Joseph P. Cutler, Esq.
        Jillian L. Gately, Esq.
        G. Mark Edgarton, Esq.
        Lisa Rickman, Esq.
        Jacob Taber, Esq.
        Rebecca Callahan, Esq.
        Gilda R. Turitz, Esq.
        Ruth V. Glick, Esq.

## AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Panel

---

In the Matter of the Arbitration Between:

Coinmint, Inc.,

*Claimant and Counter-Respondent*

- vs -

Katena Consulting Technologies, Inc.,

*Respondents and Counter-Claimants*

AAA Case No. 01-22-0001-7627

---

**ADDENDUM TO NOTICE OF APPOINTMENT DISCLOSURES AND NOTICE OF COMPENSATION TERMS FOR REBECCA CALLAHAN, PROPOSED ARBITRATOR**

***General Disclosures Applicable to All Arbitration Matters***

1.      I am a Fellow of the **College of Commercial Arbitrators** (www.thecca.net) and a member of the mediation and arbitration panels of the **National Academy of Distinguished Neutrals** (www.nadn.org). I am also a member of commercial mediation and arbitration panels of the **American Arbitration Association**, as well as the large complex case and international (ICDR) panels (www.adr.org). Finally, I am a member of the **State Bar of California** (www.calbar.ca.gov), and the **Orange County Bar Association** (www.ocbar.org). With the Orange County Bar Association, I am currently serving on the Board of Directors of the Masters Division, and have previously served a three-year term on the Board of Directors (2014-2016), as Vice Chair and then Chair of the ADR Section (2012 and 2013). With the College of Commercial Arbitrators, I am a member of the Education Committee. Except as may be specifically set out below in this Addendum, I am not aware that any other fellow or member of any of the above-named organizations is a party or a lawyer for a party or a possible witness in this arbitration / mediation, or has any connection to any lawyers or party or possible witness in this arbitration / mediation, or has any other connection whatsoever to this arbitration / mediation. I do not know on a personal, social or professional level all of the fellows or members of the above-named organizations, and, except as may be set out below in this Addendum as a known disclosure relevant to this arbitration / mediation, I have no relationship with any fellow or member of any of the above-named organizations beyond the associational

1

relationships typical of members of such professional organizations, including those derived from attendance at conferences and the types of educational and social functions typically sponsored by such professional associations. If the parties or counsel to this matter know or believe otherwise, they should bring that to the Case Manager's attention immediately.

2.     Since about 2010, I have been an adjunct professor at **Pepperdine University School of Law**, and have taught mediation and arbitration. Over the years, I have taught hundreds of students. The totality of my relationship with those students has been limited to classroom teaching, role play assignments and grading the final exam. Except as may be specifically set out below in this Addendum as a known disclosure relevant to this arbitration, I do not know my students on a personal, social or professional level, and my contact and relationship with them ends when the semester ends.

3.     Since about 2011, I have been on the faculty of the **American Arbitration Association University** and the **Straus Institute**, and have taught numerous professional skills courses in person and in webinar format. Over the years, I have taught hundreds of student professionals, primarily attorneys and retired judges. Except as may be specifically set out below in this Addendum as a known disclosure relevant to this arbitration, I do not know my professional skills students on a personal, social or professional level, and my contact and relationship with them ends when the course concludes.

4.     Since about 2010, I have been involved in numerous continuing education institutes and programs sponsored by various attorney groups and educational institutions, including the **ABA Dispute Resolution Section**, the **Orange County Bar Association**, the alternative dispute resolution program at the **University of Southern California**, and the **Southern California Mediation Association**. Over the years, I have taught and/or worked with hundreds of attorneys on these programs. Except as may be specifically set out below in this Addendum as a known disclosure relevant to this arbitration, I do not know my students or co-panelists on a personal, social or professional level, and my contact and relationship with them is limited to the discourse had during the educational program.

5.     In 2018, I was invited to join the board of **Young Lives Redeemed** (www.YoungLivesRedeemed.org), a fledgling not-for-profit organization that provides support services to recently emancipated foster youth in Orange County so that they can transition out of the foster care system and become self-sufficient adults. The board meets twice per year. Beyond those meetings and fundraising events held periodically, I do not have a personal, social or professional relationship with any of the other members of the board, the one exception being the organization's founder – Robert K. Brown, who is a personal friend.

6.      I am married to an attorney – Richard D. Keys – who is a partner with Howard Bidna in **Bidna & Keys APLC**, located in Newport Beach, California. Bidna & Keys has been a small, business litigation firm in Orange County for over 35 years and, as such, it is possible that Bidna & Keys currently has or in the past has had cases with or against one or more of the law firms involved in the present matter. I do not have access to the Bidna & Keys conflicts check system or database, and operate my neutral practice separate and apart from my husband's law practice. Except as may be specifically set out below in this Addendum as a known disclosure relevant to the above-captioned matter, I do not know of any matters in which my husband and his law firm have been adverse or are adverse to any of the attorneys or law firms involved in this matter. If the parties or counsel to this matter know or believe otherwise, they should bring that to the Case Manager's attention immediately.

7.      Except as may be specifically set out below in this Addendum, I do not have any current arrangement with any party or lawyer / law firm for a party concerning prospective employment or other compensated service as a dispute resolution neutral, and I am not participating in, and have not within the last five (5) years participated in, discussions regarding such prospective employment or service with any party or lawyer / law firm for a party. If the parties or counsel to this matter know or believe otherwise, they should bring that to the Case Manager's attention immediately.

8.      I have been mediating cases since 1995, and have been a member of several court-annexed mediation panels, including the **United States District Court for the Central District of California** (2002-2020), the **United States Bankruptcy Court for the Central District of California** (1995-2015), the **California Court of Appeal / Second Appellate District** (2007-2021), the **Orange County Superior Court** (2007-2020). I have mediated over 1,000 cases since 1995. Prior to 2010, many of those mediations were as a court-appointed mediator where my services were provided on a pro bono / no charge basis. While I maintain a conflict database for my neutral practice, the collection of data for that database began in 2007 (when I became a commercial arbitrator), and thus may not capture the court-annexed mediation matters I conducted before that date. Except as may be specifically set out below in this Addendum as a known disclosure relevant to this arbitration, I have no recollection or record of having had any type of prior relationship with any party or attorney in this matter where I acted as a neutral mediator. If the parties or counsel to this matter know or believe otherwise, they should bring that to the Case Manager's attention immediately.

9.      Pursuant to Standard 16(b) of the California Ethics Standards for Neutral Arbitrators in Contractual Arbitration, as amended effective July 1, 2014, the following are the arbitrator's policies, practices and terms of compensation concerning billing, the advance deposit of fees and cancellation:

      A.      Unless otherwise agreed in writing, the Arbitrator's standard hourly rate is **$600 per hour** for time spent on all non-"Study" activities. Non-Study time concerns and includes activities related to the evidentiary hearing, scheduling conferences, status / case management conferences, motion proceedings, writing and reviewing awards and orders, conferences with the Case Manager and co-arbitrators, written and oral communications with the Case Manager and co-arbitrators. The "study time" rate is limited to the review and analysis of any pleadings or motions that the parties may submit to the Arbitrator(s), and review / analysis of any legal authorities cited by the parties in support of their respective arguments and/or requests for relief. Unless otherwise agreed in writing, the Arbitrator's standard hourly rate is **$300 per hour** for "study time".

      B.      The Arbitrator requires advance deposits for estimated time associated with the evidentiary hearing and all other proceedings in the case.

      C.      For time reserved for the evidentiary hearing, it is the Arbitrator's general policy to require that advance deposits be fully funded no later than **45 days** before the first hearing date on calendar.

      D.      The Arbitrator does not have a fixed policy concerning the suspension of a case where advance deposits are not fully funded. However, the Arbitrator reserves the right to suspend a case where advance deposits are not fully funded in accordance with her general policy, above, but will make that decision on a case-by-case basis.

10.     I have been a full-time neutral since 2016. Over 70% of my neutral work is sitting by appointment as an arbitrator. The balance of my work is as a mediator, discovery referee or mediation consultant. On average, I receive 2 to 3 unsolicited inquiries per month regarding my availability to serve as a mediator. I do not preserve those communications, and I do not otherwise track such communications in any sort of database. Typically, these communications are with an attorney's assistant and do not involve any substance about the parties or their dispute. With regard to engagements as a neutral, my conflicts database only tracks actual engagements as an arbitrator, mediator, attorney or consultant. Except as may be specifically set out below in this Addendum, I have no recollection or record of having had any communications with any party or attorney / law firm in this matter about possible engagement as a mediator during the past five (5) years.

If the parties or counsel to this matter know or believe otherwise, they should bring that to the Case Manager's attention immediately.

11.   In accordance with Rule 2.4 of the Rules of Professional Conduct promulgated by the State Bar of California, as approved by the California Supreme Court, if any party in the above-referenced matter is not represented by an attorney at any time during the course of this arbitration, this will serve to inform such party(ies) that, while the Arbitrator is a licensed attorney and member of the State Bar of California, she does not and will not represent, counsel or assist them, nor will she provide them with any legal advice.

Private commercial arbitration is an adjudicatory proceeding in which a neutral arbitrator or panel of arbitrators renders a binding decision – an award – that resolves the parties disputes when, for whatever reason, they are unable to resolve the dispute on their own. Private arbitration is a process that is governed by statutes, rules and decisions of the courts, including the United States Supreme Court. Similarly, commercial disputes typically involve claims, defenses and other issues that are defined and determined in accordance with legal standards set by statutes, rules and/or decisions of the courts.

An arbitrator is a neutral adjudicator and serves solely in that capacity. As a neutral adjudicator, the arbitrator's role and responsibility is to decide the claims, issues and defenses that comprise the parties' dispute, and to do so based upon the evidence and arguments submitted for consideration by the arbitrator or panel of arbitrators.

A lawyer is a licensed professional who serves as an advocate for clients in legal proceedings, including arbitrations, and is someone who provides advise, assistance and counseling with regard to the client's rights and obligations as defined by applicable law. As a licensed professional, a lawyer has special training and knowledge, which are employed to protect, preserve and advocate the client's rights and interests in the matter for which they have been engaged. In the context of private arbitration, the role of a party's lawyer includes (a) defining the claims, defenses and other issues for determination, (b) investigating, preparing and presenting evidence of the facts concerning the transactions and events underlying the parties' dispute that support the client's claims, defenses and/or positions, (c) developing and presenting written and oral arguments about the inferences that should or should not be drawn from the evidence, the weight that should be given to certain evidence, and the relief that should be granted, denied or otherwise fashioned based upon the evidence presented, (d) representing and advocating the client's interests for which he or she has been engaged, and (e) providing legal advice and counseling to the client about various strategic decisions that might be made during the course of dispute that is being adjudicated through private arbitration and/or litigation in the courts. Again, if a party chooses to not engage a lawyer to represent it/him/her in the above-referenced arbitration, the Arbitrator will not provide any of the aforementioned services to that party.

***Specific Disclosures:***

**Perkins Coie**

In 2015, I was appointed to conduct a half-day pro bono mediation for the United States District Court / Central District of California, where one of the parties was represented by attorneys from the Los Angeles office of Perkins Coie (David Biderman and Ofunne Edoziem).

**Gilda Turitz – Co-Proposed Arbitrator**

Ms. Turitz and I served on a panel for a complex case in 2018 and 2019. That matter was concluded in 2019.

Ms. Turitz and I are members of the College of Commercial Arbitration, in which we have attended and participated in continuing education conferences. We are also active members of the AAA Commercial Panel, through which we have attended and participated in various conferences.

**Ruth Glick – Co-Proposed Arbitrator**

Ms. Glick and I are members of the College of Commercial Arbitration, in which we have attended and participated in continuing education conferences. We are also active members of the AAA Commercial Panel, through which we have attended and participated in various conferences.

The above prior or concurrent service will not affect my impartiality or independence in the above-referenced matter.

Dated:  30 June 2022

Rebecca Callahan

# CA Arbitrator Oath Form

## American Arbitration Association

---

Coinmint, LLC

Vs.

Katena Computing Technologies, Inc.

Case # 01-22-0001-7627

---

**Notice of Appointment for Rebecca Callahan**

**Disclosure Obligations**

It is most important that the parties have complete confidence in the arbitrator's impartiality. Therefore, please disclose any past or present relationship with the parties, their counsel, or potential witnesses, direct or indirect, whether financial, professional, social or of any other kind. This is a continuing obligation throughout your service on the case and should any additional direct or indirect contact arise during the course of the arbitration or if there is any change at any time in the biographical information that you have provided, it must also be disclosed. Any doubts should be resolved in favor of disclosure. If you are aware of direct or indirect contact with such individuals, please describe it below. Failure to make timely disclosures may forfeit your ability to collect compensation. All disclosures will be brought to the attention of the parties.

**Instructions**

You will not be able to serve until this duly executed Notice of Appointment has been completed and submitted. Please review the *Disclosure Guidelines* found by navigating to the *My Tasks* screen from the menu on the left, and after conducting a conflicts check, answer the following questions and complete the remainder of this Notice of Appointment.

Considerations under California Code of Civil Procedure §1281.9 (which incorporates CCP §170.1 and the Ethics Standards for Neutral Arbitrators adopted by the California Judicial Council) and CCP §1281.95 require certain disclosures by a person nominated or appointed as an arbitrator. **While the Association makes this worksheet available to neutrals appointed to cases administered by the Association, the ultimate obligation for compliance with any statutory requirements, Rules and/or Ethics Standards lies with the neutral. Accordingly, please review the relevant statutory provisions and the enclosed material before completing this worksheet. The Ethics Standards can be found in the Appendix to California Rules of Court, Division VI.**
**I. Definitions**

This section is intended to define some of the general terms that are applicable to disclosure obligations and is not intended to be a comprehensive listing of all terms impacting your disclosure obligations. These definitions were taken from Standard 2 of the Ethics Standards for Neutral Arbitrators in Contractual Arbitration. The proposed neutral is responsible for consulting the full text of these standards for any amendments or changes.

1.  **Arbitrator and Neutral Arbitrator** mean any arbitrator who is subject to these standards and who is to serve impartially, whether selected or appointed:
    (a)    Jointly by the parties or by the arbitrators selected by the parties;
    (b)    By the court, when the parties or the arbitrators selected by the parties fail to select an arbitrator who was to be selected jointly by them; or
    (c)    By a dispute resolution provider organization, under an agreement of the parties.
    (d)    Where the context includes events or acts occurring before an appointment is final, "arbitrator" and "neutral arbitrator" include a person who has been served with notice of a proposed nomination or appointment.
2.  **Dispute Resolution Neutral** means a temporary judge appointed under article VI, section 21 of the California Constitution, a referee appointed under Code of Civil Procedure §§638 or 639, an arbitrator, a neutral evaluator, a special master, a mediator, a settlement officer, or a settlement facilitator.
3.  **Dispute Resolution Provider Organization** and **Provider Organization** mean any non-governmental entity that, or individual who, coordinates, administers, or provides the services of two or more dispute

# CA Arbitrator Oath Form

resolution neutrals.  Provider organization does not include a court.

4.    **Financial Interest** means a financial interest within the meaning of Code of Civil Procedure §170.5

5.    **Lawyer in the arbitration** means the lawyer hired to represent a party in arbitration.

6.    **Lawyer for a party** means the lawyer hired to represent a party in the arbitration and any lawyer or law firm currently associated in the practice of law with the lawyer hired to represent a party in the arbitration.

7.    **Member of the arbitrator's immediate family** means the arbitrator's spouse or domestic partner [as defined in Family Code §297] and any minor child living in the arbitrator's household.

8.    **Member of the arbitrator's extended family** means the parents, grandparents, great grandparents, children, grandchildren, great grandchildren, siblings, uncles, aunts, nephews and nieces of the arbitrator or the arbitrator's spouse or domestic partner [as defined in Family Code §297] or the spouse of such person.

9.    **Party** means a party to the arbitration agreement;

    (a)    Who seeks to arbitrate a controversy pursuant to the agreement;

    (b)    Against whom such arbitration is sought; or

    (c)    Who is made a party to such arbitration by order of a court or the arbitrator upon such party's application, upon the application of any other party to the arbitration, or upon the arbitrator's own determination.

    (d)    Party includes the representative of a party.

10.   **Party-arbitrator** means an arbitrator selected unilaterally by a party.

11.   **Significant personal relationship** includes a close personal friendship.

# CA Arbitrator Oath Form

## II. Disclosures Common to All Arbitrators

Should the answer to any of the following questions be "Yes", or if you are aware of any other information that may lead to a justifiable doubt as to your impartiality or independence or create an appearance of partiality, then describe the nature of the potential conflict(s) in the space provided.

1.  Are you or a member of your immediate or extended family a party, a party's spouse or domestic partner, or an officer, director, or trustee of a party?

Answer : NO

2.  Are you or a member of your immediate or extended family a party in the arbitration?

Answer : NO

3.  Are you or a member of your immediate or extended family the spouse or domestic partner of a party in the arbitration?

Answer : NO

4.  Are you or your spouse, former spouse, domestic partner, child, or sibling, or your spouse's or domestic partner's parent, a lawyer in the arbitration?

Answer : NO

5.  Are you or your spouse, former spouse, domestic partner, child, or sibling, or your spouse's or domestic partner's parent, the spouse or domestic partner of a lawyer in the arbitration?

Answer : NO

6.  Are you or your spouse, former spouse, domestic partner, child, or sibling, or your spouse's or domestic partner's parent, currently associated in the private practice of law with a lawyer in the arbitration?

Answer : NO

7.  Were you or your spouse or domestic partner associated in the private practice of law with a lawyer in the arbitration within the preceding two years?

Answer : NO

8.  Do you or a member of your immediate family have or have any of you had a significant personal relationship with any party or a lawyer for a party?

Answer : NO

9.  Are, or within the preceding two years were, you or a member of your immediate family an employee of or an expert witness or a consultant for a party in the arbitration?

Answer : NO

10. Are, or within the preceding two years were, you or a member of your immediate family an employee of or an expert witness or a consultant for a lawyer in the arbitration?

# CA Arbitrator Oath Form

Answer : NO

11.  Are you serving or, within the preceding five years, have you served as a neutral arbitrator in another prior or pending noncollective bargaining case involving a party to the current arbitration or a lawyer for a party; and/or as a party-appointed arbitrator in another prior or pending noncollective bargaining case for either a party to the current arbitration or a lawyer for a party; and/or as a neutral arbitrator in another prior or pending noncollective bargaining case in which you were selected by a person serving as a party-appointed arbitrator in the current arbitration?

Answer : NO

12.  Are you serving or have you served as a dispute resolution neutral other than an arbitrator in another pending or prior noncollective bargaining case involving a party or lawyer for a party and you received or expect to receive any form of compensation for serving in this capacity?

Answer : NO

13.  Do you have any current arrangement with a party concerning prospective employment or other compensated service as a dispute resolution neutral, or are you participating in, or within the last 2 years, have participated in discussions regarding such prospective employment or service with a party?

Answer : NO

14.  Do you have, or have you had any attorney-client relationship with a party or lawyer for a party?

Answer : NO

15.  Do you or a member of your immediate family have or have any of you had any other professional relationship with a party or lawyer for a party in the arbitration that is not specifically covered by other subparts of Standard 7(d) of the Ethics Standards?

Answer : NO

16.  Do you or a member of your immediate family have a financial interest in a party?

Answer : NO

17.  Do you or a member of your immediate family have a financial interest in the subject matter of the arbitration?

Answer : NO

18.  Are you aware of any financial interest that the provider organization has in a party to this arbitration?

Answer : NO

19.  Are you aware of any financial interest that a party to this arbitration or lawyer in the arbitration or a law firm with which a lawyer is currently associated has in the provider organization?

Answer : NO

20.  Do you or a member of your immediate family have an interest that could be substantially affected by the outcome of the arbitration?

# CA Arbitrator Oath Form

Answer : NO

21. Do you or a member of your immediate or extended family have personal knowledge of disputed evidentiary facts relevant to the arbitration?

Answer : NO

22. Are you a member in any organization that practices invidious discrimination on the basis of race, sex, religion, national origin, or sexual orientation?

Answer : NO

23. Are you aware of any other matter that might cause a person aware of the facts to reasonably entertain a doubt that you would be able to be impartial?

Answer : NO

24. Are you aware of any other matter that leads you to believe there is a substantial doubt as to your capacity to be impartial, including, but not limited to, bias or prejudice toward a party, lawyer, or law firm in the arbitration?

Answer : NO

25. Are you aware of any other matter that otherwise leads you to believe that your disqualification will further the interests of justice?

Answer : NO

26. Do you have any permanent or temporary physical impairment that will cause you to be unable to properly perceive the evidence or properly conduct the proceedings?

Answer : NO

27. Are there any constraints on your availability that will interfere with your ability to commence or complete the arbitration in a timely manner?

Answer : NO

28. While the instant arbitration is pending, will you entertain offers of employment or new professional relationships in any capacity other than as a lawyer, expert witness, or consultant from a party or a lawyer for a party, including offers to serve as a dispute resolution neutral in another case?

Answer : NO

29. Have you been disbarred or had your license to practice a profession or occupation revoked by a professional or occupational disciplinary agency or licensing board whether in California or elsewhere?

Answer : NO

30. Have you resigned your membership in the State Bar or another professional or occupational licensing agency or board, whether in California or elsewhere, while public or private disciplinary charges were pending?

# CA Arbitrator Oath Form

Answer : NO

31.  Within the preceding 10 years, whether in California or elsewhere, have you had public discipline, other than that covered under Question 29, imposed on you by a professional or occupational disciplinary agency or licensing board?

Answer : NO

## III.  Disclosures for Construction Arbitrations

**Instructions**.  Complete the following questions and the declaration *only if* serving on a binding arbitration of a claim for more than $3,000 pursuant to a contract for construction or improvement of residential property consisting of 1-4 units.

32.  If serving on a binding arbitration of a claim for more than $3,000 pursuant to a contract for construction or improvement of residential property consisting of 1-4 units have you, your employer, or the arbitration service had a personal or professional affiliation with either party?

Answer :   N/A

33.  If serving on a binding arbitration of a claim for more than $3,000 pursuant to a contract for construction or improvement of residential property consisting of 1-4 units have you, your employer, or the arbitration service been selected or designated as an arbitrator by either party in the transaction?

Answer :   N/A

34.  Do you have additional disclosures you believe are appropriate? If yes, outline below or once you have completed and submitted this online oath you may upload a document from the "Documents" tab of this case.

Answer : YES

Comments : Please see Addendum.

I declare under penalty of perjury under the laws of the State of California that my responses to questions of Section III are true and correct.

Enter your initials here [ RJC ]

## IV.  General Provisions Applicable to Disclosure Obligations

This section is intended to direct your attention to some general provisions that are applicable to disclosure obligations and is not intended to be a comprehensive listing of all provisions impacting your disclosure obligations. References to Standards are to the Ethics Standards for Neutral Arbitrators in Contractual Arbitration.

- **Collective bargaining cases excluded**.  The terms "cases" and "any arbitration" do not include collective bargaining cases or arbitrations conducted under or arising out of collective bargaining agreements between employers and employees or between their respective representatives.
  - *Standard 7 (b)(1)*
- **Names of parties in cases.**  When making disclosures about other pending or prior cases, in order to preserve confidentiality, it is sufficient to give the name of any party who is not a party to the pending arbitration as "claimant" or "respondent" if the party is an individual and not a business or corporate entity.
  - *Standard 7(b)(3)*
- **Time and manner of Disclosure.**  Within 10 calendar days of service of notice of the proposed nomination or appointment, a proposed arbitrator must disclose to all parties in writing all matters listed in subdivisions (d) and (e) [of standard 7] of which the arbitrator is then aware.  If an arbitrator subsequently becomes

# CA Arbitrator Oath Form

aware of a matter that must be disclosed under either subdivision (d) or (e) [of standard 7], the arbitrator must disclose that matter to the parties in writing within 10 calendar days after the arbitrator becomes aware of the matters.

- o *Standard 7(c)*

- **Continuing Duty.** An arbitrator's duty to disclose the matters described in subdivisions (d) and (e) [of standard 7] is a continuing duty, applying from service of the notice of the arbitrator's proposed nomination or appointment until the conclusion of the arbitration proceeding.
  - o *Standard 7(f)*

- **General duty to inform him or herself.** A person who is nominated or appointed as an arbitrator must make a reasonable effort to inform himself or herself of matters that must be disclosed under standards 7 and 8.
  - o *Standard 9(a)*

- **Obligation regarding extended family**. An arbitrator can fulfill the obligation under this standard to inform himself or herself of relationships or other matters involving his or her extended family and former spouse that are required to be disclosed under standard 7 by:
  - o Seeking information about these relationships and matters from the members of his or her immediate family and any members of his or extended family living in his or her household; and
  - o Declaring in writing that he or she has made the inquiry in (1).
    - § *Standard 9(b)*

- **Obligation regarding relationships with associates of lawyer in arbitration.** An arbitrator can fulfill the obligation under this standard to inform himself or herself of relationships with any lawyer associated in the private practice of law with the lawyer in the arbitration required to be disclosed under standard 7 by:
  - o Informing the lawyer in the arbitration, in writing, of all such relationships within the arbitrator's knowledge and asking the lawyer if the lawyer is aware of any other such relationships;
  - o Declaring in writing that he or she has made the inquiry in (1) and attaching to this declaration copies of his or her inquiry and any response from the lawyer in arbitration.
    - § *Standard 9(c)*

- **Obligation regarding service as a neutral other than an arbitrator before July 1, 2002.** An arbitrator can fulfill the obligation under this standard to inform himself or herself of his or her service as a dispute resolution neutral other than as an arbitrator in cases that commenced prior to July 1, 2002 by:
  - o Asking any dispute resolution provider organization that administered those prior services for this information; and
  - o Declaring in writing that he or she has made the inquiry in (1) and attaching to this declaration copies of his or her inquiry and any response from the provider organization.
    - § *Standard 9(d)*

- **Obligation regarding relationships with provider organization.** An arbitrator can fulfill his or her obligation under this standard to inform himself or herself of the information that is required to be disclosed under standard 8 by:
  - o Asking the dispute resolution service provider for this information; and
  - o Declaring in writing that he or she has made the inquiry in (1) and attaching to this declaration copies of his or her inquiry and any response from the provider organization.
    - § *Standard 9(e)*

- **Duties and limitations regarding future professional relationships or employment**.
  - o **Offers as lawyer, expert witness, or consultant.** From the time of appointment until the conclusion of the arbitration, an arbitrator must not entertain or accept any offers of employment or new professional relationships as a lawyer, an expert witness, or a consultant from a party or a lawyer for a party in the pending arbitration.
    - § *Standard 12(a)*
  - o **Offers for other employment or professional relationships**. In addition to the disclosures required by standards 7 and 8, within ten calendar days of service of notice of the proposed nomination or appointment, a proposed arbitrator must disclose to all parties in writing if, while that arbitration is pending, he or she will entertain offers of employment or new professional relationships in any capacity other than as a lawyer, expert witness, or consultant from a party or a lawyer for a party, including offers to serve as a dispute resolution neutral in another case. A party may disqualify the arbitrator based on this disclosure by serving a notice of disqualification in the manner and within the time specified in Code of Civil Procedure section 1281.91(b).
    - § *Standard 12(b)*
  - o **Acceptance of offers prohibited unless intent disclosed**. If an arbitrator fails to make the

# CA Arbitrator Oath Form

disclosure required by subdivision (b) of this standard, from the time of appointment until the conclusion of the arbitration the arbitrator must not entertain or accept any such offers of employment or new professional relationships, including offers to serve as a dispute resolution neutral.

§   *Standard 12(c)*

o   **Relationships and use of confidential information related to the arbitrated case**.  An arbitrator must not at any time:

§   Without the informed written consent of all parties, enter into any professional relationship or accept any professional employment as a lawyer, expert witness, or a consultant relating to the case arbitrated; or

§   Without the informed written consent of the party, enter into any professional relationship or accept employment in another matter in which information that he or she has received in confidence from a party by reason of serving as an arbitrator in a case is material.

•   *Standard 12(d)*

**Files Attached to Oath**

**Name**                                              **Description**
Callahan Addendum.pdf                                 Callahan Addendum - Jun 30 2022

**Arbitrator's Oath**

I attest that I have reviewed my biographical information provided to the parties on this case and confirm it is current, accurate and complete.

I attest that I have diligently conducted a conflicts check, including a thorough review of the information provided to me about this case to date, and that I have performed my obligations and duties to disclose in accordance with the Rules of the American Arbitration Association, Code of Ethics for Arbitrators in Commercial Disputes, the parties' agreement, and applicable law pertaining to arbitrator disclosures.

I further affirm that consistent with the applicable Rules of the American Arbitration Association, the Code of Ethics for Arbitrators in Commercial Disputes, the parties' agreement, and applicable law:

•   That I am fit to serve on the above-referenced arbitration and able to fully execute my responsibilities during all phases of the case;
•   That I will keep confidential all matters relating to the above-referenced arbitration.
•   That I will maintain a professional demeanor and appearance of impartiality during all phases of this case;
•   That I will endeavor to effectively manage all phases of this case with a commitment to speed, economy and just resolution in a manner consistent with the parties' expectations;
•   That I will bill parties responsibly and ethically and will review my bills for reasonableness relative to the nature and scope of the activity performed prior to submitting them to the AAA.

The arbitrator being duly sworn, hereby accepts this appointment.

**Terms of Compensation**

Before proceeding, please indicate that you have reviewed the Notice of Compensation Arrangements for this case.



Once completed, please indicate your acceptance of this appointment as arbitrator by entering your initials in the space provided.

(RJC)

Rebecca Callahan

# CA Arbitrator Oath Form

30-Jun-22

**Ruth V. Glick**
**Attorney at Law, Mediator and Arbitrator**
1325 Howard Ave. #512
Burlingame, CA 94010
Tel. (650)-344-2144
Fax (650) 344-2522
email: rvg@ruthvglick.com

Arbitration Disclosure Attachment
Coinmint LLC v Katena Computing Technologies, Inc.
 AAA 01-22-0001-7627

     I have made a reasonable and good faith effort to determine whether I have any relationships or connections to the parties, attorneys and witnesses identified in the Conflicts Checklist in the matter referenced above and I have the following disclosures to make:

     I am currently serving as an arbitrator in an arbitration in which Cori Gordon-Moore, Esq. of Perkins Coie, Seattle, is representing one of the parties. This is an ad hoc arbitration involving breach of contract claims between a vendor and a large retailer.

     I was the mediator in a case on December 14, 2016 while serving on the U.S. District Court, Northern District ADR Panel, in which Aaron Robert Goldstein and David Biderman of Perkins Coie, Los Angeles, represented a client.

     I have no known conflicts or connections with either of the Parties or to Choate, Hall & Stewart LLP and its identified lawyers.

     I am acquainted with the two other arbitrators, Gild Turitz and Rebecca Callahan. I have known Ms. Turitz as a lawyer and dispute resolution neutral in San Francisco, and have served with her on ABA committees, including those in both the Dispute Resolution and Litigation Sections.  I have also known Ms. Callahan through California Bar and state-wide dispute resolution organizations.

     In addition to my work as a dispute resolution neutral, I was adjunct professor of Arbitration and ADR Law at University of California, Hastings College of the Law for ten years.  I did not keep track of the many students I taught during those years and, therefore, do not have knowledge of their potential connection to the parties in this case. Furthermore, I am a former Chair of the Dispute Resolution Section of the American Bar Association and am still active with the ABA, interacting with many attorneys, arbitrators and mediators on a national basis. I am also an active member of a number of bar association and professional organizations, including the Litigation Section of the State Bar of California, the College of Commercial Arbitrators and the International Academy of Mediators.  I do not keep a database of all these professional connections.

      I use a number of online professional networks such as LinkedIn and group email systems.  I generally accept requests from other professionals to be added to my Linked In website but I do not maintain a database of all these professional contacts and their connections.  Linked In features endorsements, which I do not seek and have no control

over who may endorse me for different skills. The existence of such links or endorsements does not indicate any depth of relationship other than an online professional connection, similar to connections in any professional organization. My full resume, experience, affiliations and other information may be found on my website, www.ruthvglick.com.

My husband, Dr. James Glick, now retired for several years, was an orthopedic surgeon in practice for more than 45 years, who occasionally served as an expert witness in personal injury and medical malpractice cases. He also performed medical legal evaluations and retiree benefit assessments. In the course of his medical practice and legal activities, he did not regularly maintain records of names of attorneys or patients in cases in which he has rendered a medical opinion or treated a patient.

I hereby request, if the parties or attorneys have any knowledge or information about any prior connection, they may have to me, or to my husband, Dr. Glick, either as a patient, attorney, associate of an attorney or in any capacity to provide such information in the form of a declaration.

As provided by Section 12 (b) of the Judicial Council Standards of Ethics for Neutral Arbitrators in Contractual Arbitrations, I will entertain offers to serve as a dispute resolution neutral in other cases with the same parties or attorneys.

July 5, 2022

_____                    _____
Ruth V. Glick                                          Date

# CA Arbitrator Oath Form

## American Arbitration Association

---

Coinmint, LLC

Vs.

Katena Computing Technologies, Inc.

Case # 01-22-0001-7627

---

**Notice of Appointment for Ruth Glick**

**Disclosure Obligations**

It is most important that the parties have complete confidence in the arbitrator's impartiality.  Therefore, please disclose any past or present relationship with the parties, their counsel, or potential witnesses, direct or indirect, whether financial, professional, social or of any other kind.  This is a continuing obligation throughout your service on the case and should any additional direct or indirect contact arise during the course of the arbitration or if there is any change at any time in the biographical information that you have provided, it must also be disclosed.  Any doubts should be resolved in favor of disclosure.  If you are aware of direct or indirect contact with such individuals, please describe it below.  Failure to make timely disclosures may forfeit your ability to collect compensation. All disclosures will be brought to the attention of the parties.

**Instructions**

You will not be able to serve until this duly executed Notice of Appointment has been completed and submitted. Please review the *Disclosure Guidelines* found by navigating to the *My Tasks* screen from the menu on the left, and after conducting a conflicts check, answer the following questions and complete the remainder of this Notice of Appointment.

Considerations under California Code of Civil Procedure §1281.9 (which incorporates CCP §170.1 and the Ethics Standards for Neutral Arbitrators adopted by the California Judicial Council) and CCP §1281.95 require certain disclosures by a person nominated or appointed as an arbitrator.  **While the Association makes this worksheet available to neutrals appointed to cases administered by the Association, the ultimate obligation for compliance with any statutory requirements, Rules and/or Ethics Standards lies with the neutral. Accordingly, please review the relevant statutory provisions and the enclosed material before completing this worksheet.  The Ethics Standards can be found in the Appendix to California Rules of Court, Division VI.**
**I. Definitions**

This section is intended to define some of the general terms that are applicable to disclosure obligations and is not intended to be a comprehensive listing of all terms impacting your disclosure obligations.  These definitions were taken from Standard 2 of the Ethics Standards for Neutral Arbitrators in Contractual Arbitration.  The proposed neutral is responsible for consulting the full text of these standards for any amendments or changes.

1.       **Arbitrator and Neutral Arbitrator** mean any arbitrator who is subject to these standards and who is to serve impartially, whether selected or appointed:
      (a)       Jointly by the parties or by the arbitrators selected by the parties;
      (b)       By the court, when the parties or the arbitrators selected by the parties fail to select an arbitrator who was to be selected jointly by them; or
      (c)       By a dispute resolution provider organization, under an agreement of the parties.
      (d)       Where the context includes events or acts occurring before an appointment is final, "arbitrator" and "neutral arbitrator" include a person who has been served with notice of a proposed nomination or appointment.
2.       **Dispute Resolution Neutral** means a temporary judge appointed under article VI, section 21 of the California Constitution, a referee appointed under Code of Civil Procedure §§638 or 639, an arbitrator, a neutral evaluator, a special master, a mediator, a settlement officer, or a settlement facilitator.
3.       **Dispute Resolution Provider Organization** and **Provider Organization** mean any non-governmental entity that, or individual who, coordinates, administers, or provides the services of two or more dispute

# CA Arbitrator Oath Form

resolution neutrals. Provider organization does not include a court.

4. **Financial Interest** means a financial interest within the meaning of Code of Civil Procedure §170.5

5. **Lawyer in the arbitration** means the lawyer hired to represent a party in arbitration.

6. **Lawyer for a party** means the lawyer hired to represent a party in the arbitration and any lawyer or law firm currently associated in the practice of law with the lawyer hired to represent a party in the arbitration.

7. **Member of the arbitrator's immediate family** means the arbitrator's spouse or domestic partner [as defined in Family Code §297] and any minor child living in the arbitrator's household.

8. **Member of the arbitrator's extended family** means the parents, grandparents, great grandparents, children, grandchildren, great grandchildren, siblings, uncles, aunts, nephews and nieces of the arbitrator or the arbitrator's spouse or domestic partner [as defined in Family Code §297] or the spouse of such person.

9. **Party** means a party to the arbitration agreement;
   (a) Who seeks to arbitrate a controversy pursuant to the agreement;
   (b) Against whom such arbitration is sought; or
   (c) Who is made a party to such arbitration by order of a court or the arbitrator upon such party's application, upon the application of any other party to the arbitration, or upon the arbitrator's own determination.
   (d) Party includes the representative of a party.

10. **Party-arbitrator** means an arbitrator selected unilaterally by a party.

11. **Significant personal relationship** includes a close personal friendship.

# CA Arbitrator Oath Form

## II. Disclosures Common to All Arbitrators

Should the answer to any of the following questions be "Yes", or if you are aware of any other information that may lead to a justifiable doubt as to your impartiality or independence or create an appearance of partiality, then describe the nature of the potential conflict(s) in the space provided.

1.  Are you or a member of your immediate or extended family a party, a party's spouse or domestic partner, or an officer, director, or trustee of a party?

Answer : NO

2.  Are you or a member of your immediate or extended family a party in the arbitration?

Answer : NO

3.  Are you or a member of your immediate or extended family the spouse or domestic partner of a party in the arbitration?

Answer : NO

4.  Are you or your spouse, former spouse, domestic partner, child, or sibling, or your spouse's or domestic partner's parent, a lawyer in the arbitration?

Answer : NO

5.  Are you or your spouse, former spouse, domestic partner, child, or sibling, or your spouse's or domestic partner's parent, the spouse or domestic partner of a lawyer in the arbitration?

Answer : NO

6.  Are you or your spouse, former spouse, domestic partner, child, or sibling, or your spouse's or domestic partner's parent, currently associated in the private practice of law with a lawyer in the arbitration?

Answer : NO

7.  Were you or your spouse or domestic partner associated in the private practice of law with a lawyer in the arbitration within the preceding two years?

Answer : NO

8.  Do you or a member of your immediate family have or have any of you had a significant personal relationship with any party or a lawyer for a party?

Answer : NO

9.  Are, or within the preceding two years were, you or a member of your immediate family an employee of or an expert witness or a consultant for a party in the arbitration?

Answer : NO

10.  Are, or within the preceding two years were, you or a member of your immediate family an employee of or an expert witness or a consultant for a lawyer in the arbitration?

# CA Arbitrator Oath Form

Answer : NO

11.  Are you serving or, within the preceding five years, have you served as a neutral arbitrator in another prior or pending noncollective bargaining case involving a party to the current arbitration or a lawyer for a party; and/or as a party-appointed arbitrator in another prior or pending noncollective bargaining case for either a party to the current arbitration or a lawyer for a party; and/or as a neutral arbitrator in another prior or pending noncollective bargaining case in which you were selected by a person serving as a party-appointed arbitrator in the current arbitration?

Answer : YES

Comments : See Disclosure Attachment

12.  Are you serving or have you served as a dispute resolution neutral other than an arbitrator in another pending or prior noncollective bargaining case involving a party or lawyer for a party and you received or expect to receive any form of compensation for serving in this capacity?

Answer : NO

13.  Do you have any current arrangement with a party concerning prospective employment or other compensated service as a dispute resolution neutral, or are you participating in, or within the last 2 years, have participated in discussions regarding such prospective employment or service with a party?

Answer : NO

14.  Do you have, or have you had any attorney-client relationship with a party or lawyer for a party?

Answer : NO

15.  Do you or a member of your immediate family have or have any of you had any other professional relationship with a party or lawyer for a party in the arbitration that is not specifically covered by other subparts of Standard 7(d) of the Ethics Standards?

Answer : NO

16.  Do you or a member of your immediate family have a financial interest in a party?

Answer : NO

17.  Do you or a member of your immediate family have a financial interest in the subject matter of the arbitration?

Answer : NO

18.  Are you aware of any financial interest that the provider organization has in a party to this arbitration?

Answer : NO

19.  Are you aware of any financial interest that a party to this arbitration or lawyer in the arbitration or a law firm with which a lawyer is currently associated has in the provider organization?

Answer : NO

20.  Do you or a member of your immediate family have an interest that could be substantially affected by the

# CA Arbitrator Oath Form

outcome of the arbitration?

Answer : NO

21.  Do you or a member of your immediate or extended family have personal knowledge of disputed evidentiary facts relevant to the arbitration?

Answer : NO

22.  Are you a member in any organization that practices invidious discrimination on the basis of race, sex, religion, national origin, or sexual orientation?

Answer : NO

23.  Are you aware of any other matter that might cause a person aware of the facts to reasonably entertain a doubt that you would be able to be impartial?

Answer : NO

24.  Are you aware of any other matter that leads you to believe there is a substantial doubt as to your capacity to be impartial, including, but not limited to, bias or prejudice toward a party, lawyer, or law firm in the arbitration?

Answer : NO

25.  Are you aware of any other matter that otherwise leads you to believe that your disqualification will further the interests of justice?

Answer : NO

26.  Do you have any permanent or temporary physical impairment that will cause you to be unable to properly perceive the evidence or properly conduct the proceedings?

Answer : NO

27.  Are there any constraints on your availability that will interfere with your ability to commence or complete the arbitration in a timely manner?

Answer : NO

28.  While the instant arbitration is pending, will you entertain offers of employment or new professional relationships in any capacity other than as a lawyer, expert witness, or consultant from a party or a lawyer for a party, including offers to serve as a dispute resolution neutral in another case?

Answer : YES

Comments : See Disclosure Attachment

29.  Have you been disbarred or had your license to practice a profession or occupation revoked by a professional or occupational disciplinary agency or licensing board whether in California or elsewhere?

Answer : NO

30.  Have you resigned your membership in the State Bar or another professional or occupational licensing agency

# CA Arbitrator Oath Form

or board, whether in California or elsewhere, while public or private disciplinary charges were pending?

Answer : NO

31.  Within the preceding 10 years, whether in California or elsewhere, have you had public discipline, other than that covered under Question 29, imposed on you by a professional or occupational disciplinary agency or licensing board?

Answer : NO

## III.  Disclosures for Construction Arbitrations

**Instructions**.  Complete the following questions and the declaration *only if* serving on a binding arbitration of a claim for more than $3,000 pursuant to a contract for construction or improvement of residential property consisting of 1-4 units.

32.  If serving on a binding arbitration of a claim for more than $3,000 pursuant to a contract for construction or improvement of residential property consisting of 1-4 units have you, your employer, or the arbitration service had a personal or professional affiliation with either party?

Answer :   N/A

33.  If serving on a binding arbitration of a claim for more than $3,000 pursuant to a contract for construction or improvement of residential property consisting of 1-4 units have you, your employer, or the arbitration service been selected or designated as an arbitrator by either party in the transaction?

Answer :   N/A

34.  Do you have additional disclosures you believe are appropriate? If yes, outline below or once you have completed and submitted this online oath you may upload a document from the "Documents" tab of this case.

Answer :   N/A

I declare under penalty of perjury under the laws of the State of California that my responses to questions of Section III are true and correct.

Enter your initials here [ RVG ]

## IV.  General Provisions Applicable to Disclosure Obligations

This section is intended to direct your attention to some general provisions that are applicable to disclosure obligations and is not intended to be a comprehensive listing of all provisions impacting your disclosure obligations. References to Standards are to the Ethics Standards for Neutral Arbitrators in Contractual Arbitration.

- **Collective bargaining cases excluded**.  The terms "cases" and "any arbitration" do not include collective bargaining cases or arbitrations conducted under or arising out of collective bargaining agreements between employers and employees or between their respective representatives.
  - *Standard 7 (b)(1)*
- **Names of parties in cases.**  When making disclosures about other pending or prior cases, in order to preserve confidentiality, it is sufficient to give the name of any party who is not a party to the pending arbitration as "claimant" or "respondent" if the party is an individual and not a business or corporate entity.
  - *Standard 7(b)(3)*
- **Time and manner of Disclosure.**  Within 10 calendar days of service of notice of the proposed nomination or appointment, a proposed arbitrator must disclose to all parties in writing all matters listed in subdivisions

# CA Arbitrator Oath Form

(d) and (e) [of standard 7] of which the arbitrator is then aware. If an arbitrator subsequently becomes aware of a matter that must be disclosed under either subdivision (d) or (e) [of standard 7], the arbitrator must disclose that matter to the parties in writing within 10 calendar days after the arbitrator becomes aware of the matters.

- o  *Standard 7(c)*

- **Continuing Duty.**  An arbitrator's duty to disclose the matters described in subdivisions (d) and (e) [of standard 7] is a continuing duty, applying from service of the notice of the arbitrator's proposed nomination or appointment until the conclusion of the arbitration proceeding.
  - o  *Standard 7(f)*
- **General duty to inform him or herself.**  A person who is nominated or appointed as an arbitrator must make a reasonable effort to inform himself or herself of matters that must be disclosed under standards 7 and 8.
  - o  *Standard 9(a)*
- **Obligation regarding extended family**.  An arbitrator can fulfill the obligation under this standard to inform himself or herself of relationships or other matters involving his or her extended family and former spouse that are required to be disclosed under standard 7 by:
  - o  Seeking information about these relationships and matters from the members of his or her immediate family and any members of his or extended family living in his or her household; and
  - o  Declaring in writing that he or she has made the inquiry in (1).
    - §  *Standard 9(b)*
- **Obligation regarding relationships with associates of lawyer in arbitration.**  An arbitrator can fulfill the obligation under this standard to inform himself or herself of relationships with any lawyer associated in the private practice of law with the lawyer in the arbitration required to be disclosed under standard 7 by:
  - o  Informing the lawyer in the arbitration, in writing, of all such relationships within the arbitrator's knowledge and asking the lawyer if the lawyer is aware of any other such relationships;
  - o  Declaring in writing that he or she has made the inquiry in (1) and attaching to this declaration copies of his or her inquiry and any response from the lawyer in arbitration.
    - §  *Standard 9(c)*
- **Obligation regarding service as a neutral other than an arbitrator before July 1, 2002.**  An arbitrator can fulfill the obligation under this standard to inform himself or herself of his or her service as a dispute resolution neutral other than as an arbitrator in cases that commenced prior to July 1, 2002 by:
  - o  Asking any dispute resolution provider organization that administered those prior services for this information; and
  - o  Declaring in writing that he or she has made the inquiry in (1) and attaching to this declaration copies of his or her inquiry and any response from the provider organization.
    - §  *Standard 9(d)*
- **Obligation regarding relationships with provider organization.**  An arbitrator can fulfill his or her obligation under this standard to inform himself or herself of the information that is required to be disclosed under standard 8 by:
  - o  Asking the dispute resolution service provider for this information; and
  - o  Declaring in writing that he or she has made the inquiry in (1) and attaching to this declaration copies of his or her inquiry and any response from the provider organization.
    - §  *Standard 9(e)*
- **Duties and limitations regarding future professional relationships or employment**.
  - o  **Offers as lawyer, expert witness, or consultant.**  From the time of appointment until the conclusion of the arbitration, an arbitrator must not entertain or accept any offers of employment or new professional relationships as a lawyer, an expert witness, or a consultant from a party or a lawyer for a party in the pending arbitration.
    - §  *Standard 12(a)*
  - o  **Offers for other employment or professional relationships**.  In addition to the disclosures required by standards 7 and 8, within ten calendar days of service of notice of the proposed nomination or appointment, a proposed arbitrator must disclose to all parties in writing if, while that arbitration is pending, he or she will entertain offers of employment or new professional relationships in any capacity other than as a lawyer, expert witness, or consultant from a party or a lawyer for a party, including offers to serve as a dispute resolution neutral in another case. A party may disqualify the arbitrator based on this disclosure by serving a notice of disqualification in the manner and within the time specified in Code of Civil Procedure section 1281.91(b).
    - §  *Standard 12(b)*

# CA Arbitrator Oath Form

- o **Acceptance of offers prohibited unless intent disclosed**. If an arbitrator fails to make the disclosure required by subdivision (b) of this standard, from the time of appointment until the conclusion of the arbitration the arbitrator must not entertain or accept any such offers of employment or new professional relationships, including offers to serve as a dispute resolution neutral.
  - § *Standard 12(c)*
- o **Relationships and use of confidential information related to the arbitrated case**. An arbitrator must not at any time:
  - § Without the informed written consent of all parties, enter into any professional relationship or accept any professional employment as a lawyer, expert witness, or a consultant relating to the case arbitrated; or
  - § Without the informed written consent of the party, enter into any professional relationship or accept employment in another matter in which information that he or she has received in confidence from a party by reason of serving as an arbitrator in a case is material.
    - *Standard 12(d)*

## Files Attached to Oath

| Name | Description |
|---|---|
| Coinmint v Katena Computing Technologies Disclosure Attachment.doc | Coinmint LLC v Katena Computing Tech. Inc. Disclosure Attachment |

## Arbitrator's Oath

I attest that I have reviewed my biographical information provided to the parties on this case and confirm it is current, accurate and complete.

I attest that I have diligently conducted a conflicts check, including a thorough review of the information provided to me about this case to date, and that I have performed my obligations and duties to disclose in accordance with the Rules of the American Arbitration Association, Code of Ethics for Arbitrators in Commercial Disputes, the parties' agreement, and applicable law pertaining to arbitrator disclosures.

I further affirm that consistent with the applicable Rules of the American Arbitration Association, the Code of Ethics for Arbitrators in Commercial Disputes, the parties' agreement, and applicable law:

- That I am fit to serve on the above-referenced arbitration and able to fully execute my responsibilities during all phases of the case;
- That I will keep confidential all matters relating to the above-referenced arbitration;
- That I will maintain a professional demeanor and appearance of impartiality during all phases of this case;
- That I will endeavor to effectively manage all phases of this case with a commitment to speed, economy and just resolution in a manner consistent with the parties' expectations;
- That I will bill parties responsibly and ethically and will review my bills for reasonableness relative to the nature and scope of the activity performed prior to submitting them to the AAA.

The arbitrator being duly sworn, hereby accepts this appointment.

## Terms of Compensation

Before proceeding, please indicate that you have reviewed the Notice of Compensation Arrangements for this case.



Once completed, please indicate your acceptance of this appointment as arbitrator by entering your initials in the space provided.

(RVG)

# CA Arbitrator Oath Form

Ruth Glick
6-Jul-22

**TDR**
**TURITZ**
DISPUTE RESOLUTION

Four Embarcadero, Suite 1400
San Francisco, CA 94111-4164
T:  415.324.8822
E: gt@turitzadr.com
www.turitzadr.com

**Arbitration Disclosure Attachment of Gilda R. Turitz**

*Coinmint, LLC v. Katena Computing Technologies, Inc.*
**American Arbitration Association Case No. 01-22-0001-7627**

In accordance with Standard 7 of the Ethics Standards for Neutral Arbitrators in Contractual Arbitration adopted by the California Judicial Counsel ("the Standards"), I have made a reasonable and good faith effort to determine whether I or any members of my immediate family have any relationships or connections to the parties, attorneys and identified witnesses in this matter and have disclosed all the information pertaining to any such relationships within my knowledge.

I have searched my conflicts database for my current practice, Turitz Dispute Resolution, and a legacy conflicts database provided to me by my former law firm, Sideman & Bancroft LLP ("Sideman"), as of August 2017 when I left that firm. The Sideman conflicts database does not include all matters on which I worked for the almost 20 years in which I was a partner there. Accordingly, I am only able to make disclosures based on what that database includes, or what I otherwise may independently recall that is not included. In addition, I am unable to check for conflicts from my earlier firm, Graham & James LLP, which I left in December 1997 and which merged out of existence in or around 2000. For these reasons, pursuant to Standard 9(c) of the Standards, I request that if the parties or attorneys have any knowledge or information about any prior connection they may have to me as to any relationship required to be disclosed under Standard 7, including as an attorney, partner or associate of an attorney in the above-referenced arbitration, or in any capacity, to promptly provide such information to the American Arbitration Association ("AAA") and to me, so that it may be disclosed to the parties.

I also ask that if any lawyer for a party in this arbitration is a member of any AAA panel of arbitrators or mediators that such information promptly to the AAA and to me, so that it may be disclosed to the parties.

I make the following disclosures based upon my conflicts check.

A.  <u>Disclosures Concerning Case Participants</u>:

1.  <u>Arbitrator Rebecca Callahan</u>: I have been professionally acquainted with Ms. Callahan since 2018 when we served together on a panel of arbitrators in a complex commercial case that concluded in June 2019. Ms. Callahan and I are both Fellows of the College of Commercial Arbitrators (CCA) and members of the AAA Commercial Panel of Arbitrators and have attended various conferences and meetings of those organizations.

2.  <u>Arbitrator Ruth Glick</u>: I have been professionally acquainted with Ms. Glick for at least ten years. I first met her when she served as a mediator for a commercial litigation

1

Four Embarcadero, Suite 1400
San Francisco, CA 94111-4164
T:  415.324.8822
E: gt@turitzadr.com
www.turitzadr.com

matter in which I represented a party. Ms. Glick and I are both Fellows of the CCA, members of the AAA Commercial Panel of Arbitrators, and members of the American Bar Association (ABA) Section of Dispute Resolution and its Women in Dispute Resolution Committee. We have participated together on continuing education (MCLE) panels at ABA conferences and have attended various conferences and meetings of those organizations.

In June 2018 Ms. Glick and I were both appointed to a panel of arbitrators in a complex commercial case which settled shortly thereafter without any substantive proceedings.

B.   <u>General Disclosures</u>:

1.   I use or am a member of various online professional networking applications or social media platforms such as LinkedIn, Best Lawyers of America, and group email systems and listservs. I do not maintain a database of all of these professional contacts and their connections. As to LinkedIn's feature for endorsements and Best Lawyers of America's features for client comments and commendations, I neither seek them nor do I have control over who may endorse or commend me for skills or expertise. The existence of such endorsements, commendations, or online connections does not indicate any depth of relationship other than an online professional connection similar to connections through affiliations in professional organizations. It is possible that, in addition to case-specific disclosures made above, one of the lawyers or a member of a law firm involved in this matter is in some way connected to me through one or more professional networking applications or social media platforms. I am not aware of any such connections except to the extent I have otherwise disclosed a specific relationship herein.  If such connections do exist, none of these contacts rises to the level of a prior business relationship that might cause a person aware of the facts to reasonably entertain a doubt that I would be able to be impartial.

2.   My husband and I have investment accounts managed by a financial advisor.  Such accounts are invested for us by the advisor in various mutual funds or ETFs with constantly changing managed portfolios and a portion of which may include positions in publicly traded securities.  I have no control over the investments made by any of these funds and do not review prospectuses or any other materials that may detail any such investments for conflict review purposes or otherwise. We do not have any direct or known indirect ownership of any entity named to date as a party or witness in this matter.

In my estimation, and after having conducted a reasonable inquiry, there is no fact of which I am currently aware that would compromise my fairness, integrity, neutrality, or impartiality to serve

**TDR**
**T U R I T Z**
DISPUTE RESOLUTION
Four Embarcadero, Suite 1400
San Francisco, CA 94111-4164
T:  415.324.8822
E: gt@turitzadr.com
www.turitzadr.com

as neutral arbitrator in these proceedings, free of any bias in favor of or against any person or entity named as a party herein.

DATED: July 6, 2022

Gilda R. Turitz

# CA Arbitrator Oath Form

## American Arbitration Association

Coinmint, LLC
Vs.
Katena Computing Technologies, Inc.

Case # 01-22-0001-7627

**Notice of Appointment for Gilda Turitz**

**Disclosure Obligations**

It is most important that the parties have complete confidence in the arbitrator's impartiality. Therefore, please disclose any past or present relationship with the parties, their counsel, or potential witnesses, direct or indirect, whether financial, professional, social or of any other kind. This is a continuing obligation throughout your service on the case and should any additional direct or indirect contact arise during the course of the arbitration or if there is any change at any time in the biographical information that you have provided, it must also be disclosed. Any doubts should be resolved in favor of disclosure. If you are aware of direct or indirect contact with such individuals, please describe it below. Failure to make timely disclosures may forfeit your ability to collect compensation. All disclosures will be brought to the attention of the parties.

**Instructions**

You will not be able to serve until this duly executed Notice of Appointment has been completed and submitted. Please review the *Disclosure Guidelines* found by navigating to the *My Tasks* screen from the menu on the left, and after conducting a conflicts check, answer the following questions and complete the remainder of this Notice of Appointment.

Considerations under California Code of Civil Procedure §1281.9 (which incorporates CCP §170.1 and the Ethics Standards for Neutral Arbitrators adopted by the California Judicial Council) and CCP §1281.95 require certain disclosures by a person nominated or appointed as an arbitrator. **While the Association makes this worksheet available to neutrals appointed to cases administered by the Association, the ultimate obligation for compliance with any statutory requirements, Rules and/or Ethics Standards lies with the neutral. Accordingly, please review the relevant statutory provisions and the enclosed material before completing this worksheet. The Ethics Standards can be found in the Appendix to California Rules of Court, Division VI.**
**I. Definitions**

This section is intended to define some of the general terms that are applicable to disclosure obligations and is not intended to be a comprehensive listing of all terms impacting your disclosure obligations. These definitions were taken from Standard 2 of the Ethics Standards for Neutral Arbitrators in Contractual Arbitration. The proposed neutral is responsible for consulting the full text of these standards for any amendments or changes.

1.    **Arbitrator and Neutral Arbitrator** mean any arbitrator who is subject to these standards and who is to serve impartially, whether selected or appointed:
    (a)    Jointly by the parties or by the arbitrators selected by the parties;
    (b)    By the court, when the parties or the arbitrators selected by the parties fail to select an arbitrator who was to be selected jointly by them; or
    (c)    By a dispute resolution provider organization, under an agreement of the parties.
    (d)    Where the context includes events or acts occurring before an appointment is final, "arbitrator" and "neutral arbitrator" include a person who has been served with notice of a proposed nomination or appointment.
2.    **Dispute Resolution Neutral** means a temporary judge appointed under article VI, section 21 of the California Constitution, a referee appointed under Code of Civil Procedure §§638 or 639, an arbitrator, a neutral evaluator, a special master, a mediator, a settlement officer, or a settlement facilitator.
3.    **Dispute Resolution Provider Organization** and **Provider Organization** mean any non-governmental entity that, or individual who, coordinates, administers, or provides the services of two or more dispute

# CA Arbitrator Oath Form

resolution neutrals.  Provider organization does not include a court.

4.      **Financial Interest** means a financial interest within the meaning of Code of Civil Procedure §170.5

5.      **Lawyer in the arbitration** means the lawyer hired to represent a party in arbitration.

6.      **Lawyer for a party** means the lawyer hired to represent a party in the arbitration and any lawyer or law firm currently associated in the practice of law with the lawyer hired to represent a party in the arbitration.

7.      **Member of the arbitrator's immediate family** means the arbitrator's spouse or domestic partner [as defined in Family Code §297] and any minor child living in the arbitrator's household.

8.      **Member of the arbitrator's extended family** means the parents, grandparents, great grandparents, children, grandchildren, great grandchildren, siblings, uncles, aunts, nephews and nieces of the arbitrator or the arbitrator's spouse or domestic partner [as defined in Family Code §297] or the spouse of such person.

9.      **Party** means a party to the arbitration agreement;

        (a)      Who seeks to arbitrate a controversy pursuant to the agreement;

        (b)      Against whom such arbitration is sought; or

        (c)      Who is made a party to such arbitration by order of a court or the arbitrator upon such party's application, upon the application of any other party to the arbitration, or upon the arbitrator's own determination.

        (d)      Party includes the representative of a party.

10.      **Party-arbitrator** means an arbitrator selected unilaterally by a party.

11.      **Significant personal relationship** includes a close personal friendship.

# CA Arbitrator Oath Form

## II. Disclosures Common to All Arbitrators

Should the answer to any of the following questions be "Yes", or if you are aware of any other information that may lead to a justifiable doubt as to your impartiality or independence or create an appearance of partiality, then describe the nature of the potential conflict(s) in the space provided.

1.  Are you or a member of your immediate or extended family a party, a party's spouse or domestic partner, or an officer, director, or trustee of a party?

Answer : NO

2.  Are you or a member of your immediate or extended family a party in the arbitration?

Answer : NO

3.  Are you or a member of your immediate or extended family the spouse or domestic partner of a party in the arbitration?

Answer : NO

4.  Are you or your spouse, former spouse, domestic partner, child, or sibling, or your spouse's or domestic partner's parent, a lawyer in the arbitration?

Answer : NO

5.  Are you or your spouse, former spouse, domestic partner, child, or sibling, or your spouse's or domestic partner's parent, the spouse or domestic partner of a lawyer in the arbitration?

Answer : NO

6.  Are you or your spouse, former spouse, domestic partner, child, or sibling, or your spouse's or domestic partner's parent, currently associated in the private practice of law with a lawyer in the arbitration?

Answer : NO

7.  Were you or your spouse or domestic partner associated in the private practice of law with a lawyer in the arbitration within the preceding two years?

Answer : NO

8.  Do you or a member of your immediate family have or have any of you had a significant personal relationship with any party or a lawyer for a party?

Answer : NO

9.  Are, or within the preceding two years were, you or a member of your immediate family an employee of or an expert witness or a consultant for a party in the arbitration?

Answer : NO

10.  Are, or within the preceding two years were, you or a member of your immediate family an employee of or an expert witness or a consultant for a lawyer in the arbitration?

# CA Arbitrator Oath Form

Answer : NO

11.  Are you serving or, within the preceding five years, have you served as a neutral arbitrator in another prior or pending noncollective bargaining case involving a party to the current arbitration or a lawyer for a party; and/or as a party-appointed arbitrator in another prior or pending noncollective bargaining case for either a party to the current arbitration or a lawyer for a party; and/or as a neutral arbitrator in another prior or pending noncollective bargaining case in which you were selected by a person serving as a party-appointed arbitrator in the current arbitration?

Answer : NO

12.  Are you serving or have you served as a dispute resolution neutral other than an arbitrator in another pending or prior noncollective bargaining case involving a party or lawyer for a party and you received or expect to receive any form of compensation for serving in this capacity?

Answer : NO

13.  Do you have any current arrangement with a party concerning prospective employment or other compensated service as a dispute resolution neutral, or are you participating in, or within the last 2 years, have participated in discussions regarding such prospective employment or service with a party?

Answer : NO

14.  Do you have, or have you had any attorney-client relationship with a party or lawyer for a party?

Answer : NO

15.  Do you or a member of your immediate family have or have any of you had any other professional relationship with a party or lawyer for a party in the arbitration that is not specifically covered by other subparts of Standard 7(d) of the Ethics Standards?

Answer : NO

16.  Do you or a member of your immediate family have a financial interest in a party?

Answer : NO

17.  Do you or a member of your immediate family have a financial interest in the subject matter of the arbitration?

Answer : NO

18.  Are you aware of any financial interest that the provider organization has in a party to this arbitration?

Answer : NO

19.  Are you aware of any financial interest that a party to this arbitration or lawyer in the arbitration or a law firm with which a lawyer is currently associated has in the provider organization?

Answer : NO

20.  Do you or a member of your immediate family have an interest that could be substantially affected by the outcome of the arbitration?

# CA Arbitrator Oath Form

Answer : NO

21.  Do you or a member of your immediate or extended family have personal knowledge of disputed evidentiary facts relevant to the arbitration?

Answer : NO

22.  Are you a member in any organization that practices invidious discrimination on the basis of race, sex, religion, national origin, or sexual orientation?

Answer : NO

23.  Are you aware of any other matter that might cause a person aware of the facts to reasonably entertain a doubt that you would be able to be impartial?

Answer : NO

24.  Are you aware of any other matter that leads you to believe there is a substantial doubt as to your capacity to be impartial, including, but not limited to, bias or prejudice toward a party, lawyer, or law firm in the arbitration?

Answer : NO

25.  Are you aware of any other matter that otherwise leads you to believe that your disqualification will further the interests of justice?

Answer : NO

26.  Do you have any permanent or temporary physical impairment that will cause you to be unable to properly perceive the evidence or properly conduct the proceedings?

Answer : NO

27.  Are there any constraints on your availability that will interfere with your ability to commence or complete the arbitration in a timely manner?

Answer : NO

28.  While the instant arbitration is pending, will you entertain offers of employment or new professional relationships in any capacity other than as a lawyer, expert witness, or consultant from a party or a lawyer for a party, including offers to serve as a dispute resolution neutral in another case?

Answer : YES

Comments : While this arbitration is pending, I will consider offers to serve as a mediator, arbitrator, or referee, including in other matters involving an attorney, law firm or party to this case. Should I accept any such offer, I will make all disclosures required by applicable rules and law. In no event would my acceptance of any such assignments compromise my neutrality and my ability to act impartially and fairly in any matter to which I have been appointed.

29.  Have you been disbarred or had your license to practice a profession or occupation revoked by a professional or occupational disciplinary agency or licensing board whether in California or elsewhere?

Answer : NO

# CA Arbitrator Oath Form

30.  Have you resigned your membership in the State Bar or another professional or occupational licensing agency or board, whether in California or elsewhere, while public or private disciplinary charges were pending?

Answer : NO

31.  Within the preceding 10 years, whether in California or elsewhere, have you had public discipline, other than that covered under Question 29, imposed on you by a professional or occupational disciplinary agency or licensing board?

Answer : NO

## III.  Disclosures for Construction Arbitrations

**Instructions**.  Complete the following questions and the declaration ***only if*** serving on a binding arbitration of a claim for more than $3,000 pursuant to a contract for construction or improvement of residential property consisting of 1-4 units.

32.  If serving on a binding arbitration of a claim for more than $3,000 pursuant to a contract for construction or improvement of residential property consisting of 1-4 units have you, your employer, or the arbitration service had a personal or professional affiliation with either party?

Answer :   N/A

33.  If serving on a binding arbitration of a claim for more than $3,000 pursuant to a contract for construction or improvement of residential property consisting of 1-4 units have you, your employer, or the arbitration service been selected or designated as an arbitrator by either party in the transaction?

Answer :   N/A

34.  Do you have additional disclosures you believe are appropriate? If yes, outline below or once you have completed and submitted this online oath you may upload a document from the "Documents" tab of this case.

Answer : YES

Comments : See attachment

I declare under penalty of perjury under the laws of the State of California that my responses to questions of Section III are true and correct.

Enter your initials here [ GRT ]

## IV.  General Provisions Applicable to Disclosure Obligations

This section is intended to direct your attention to some general provisions that are applicable to disclosure obligations and is not intended to be a comprehensive listing of all provisions impacting your disclosure obligations. References to Standards are to the Ethics Standards for Neutral Arbitrators in Contractual Arbitration.

- **Collective bargaining cases excluded**.  The terms "cases" and "any arbitration" do not include collective bargaining cases or arbitrations conducted under or arising out of collective bargaining agreements between employers and employees or between their respective representatives.
  - *Standard 7 (b)(1)*
- **Names of parties in cases.**  When making disclosures about other pending or prior cases, in order to preserve confidentiality, it is sufficient to give the name of any party who is not a party to the pending arbitration as "claimant" or "respondent" if the party is an individual and not a business or corporate entity.

# CA Arbitrator Oath Form

- o   *Standard 7(b)(3)*
- **Time and manner of Disclosure.**  Within 10 calendar days of service of notice of the proposed nomination or appointment, a proposed arbitrator must disclose to all parties in writing all matters listed in subdivisions (d) and (e) [of standard 7] of which the arbitrator is then aware.  If an arbitrator subsequently becomes aware of a matter that must be disclosed under either subdivision (d) or (e) [of standard 7], the arbitrator must disclose that matter to the parties in writing within 10 calendar days after the arbitrator becomes aware of the matters.
  - o   *Standard 7(c)*
- **Continuing Duty.**  An arbitrator's duty to disclose the matters described in subdivisions (d) and (e) [of standard 7] is a continuing duty, applying from service of the notice of the arbitrator's proposed nomination or appointment until the conclusion of the arbitration proceeding.
  - o   *Standard 7(f)*
- **General duty to inform him or herself.**  A person who is nominated or appointed as an arbitrator must make a reasonable effort to inform himself or herself of matters that must be disclosed under standards 7 and 8.
  - o   *Standard 9(a)*
- **Obligation regarding extended family**.  An arbitrator can fulfill the obligation under this standard to inform himself or herself of relationships or other matters involving his or her extended family and former spouse that are required to be disclosed under standard 7 by:
  - o   Seeking information about these relationships and matters from the members of his or her immediate family and any members of his or extended family living in his or her household; and
  - o   Declaring in writing that he or she has made the inquiry in (1).
    - §   *Standard 9(b)*
- **Obligation regarding relationships with associates of lawyer in arbitration.**  An arbitrator can fulfill the obligation under this standard to inform himself or herself of relationships with any lawyer associated in the private practice of law with the lawyer in the arbitration required to be disclosed under standard 7 by:
  - o   Informing the lawyer in the arbitration, in writing, of all such relationships within the arbitrator's knowledge and asking the lawyer if the lawyer is aware of any other such relationships;
  - o   Declaring in writing that he or she has made the inquiry in (1) and attaching to this declaration copies of his or her inquiry and any response from the lawyer in arbitration.
    - §   *Standard 9(c)*
- **Obligation regarding service as a neutral other than an arbitrator before July 1, 2002.**  An arbitrator can fulfill the obligation under this standard to inform himself or herself of his or her service as a dispute resolution neutral other than as an arbitrator in cases that commenced prior to July 1, 2002 by:
  - o   Asking any dispute resolution provider organization that administered those prior services for this information; and
  - o   Declaring in writing that he or she has made the inquiry in (1) and attaching to this declaration copies of his or her inquiry and any response from the provider organization.
    - §   *Standard 9(d)*
- **Obligation regarding relationships with provider organization.**  An arbitrator can fulfill his or her obligation under this standard to inform himself or herself of the information that is required to be disclosed under standard 8 by:
  - o   Asking the dispute resolution service provider for this information; and
  - o   Declaring in writing that he or she has made the inquiry in (1) and attaching to this declaration copies of his or her inquiry and any response from the provider organization.
    - §   *Standard 9(e)*
- **Duties and limitations regarding future professional relationships or employment**.
  - o   **Offers as lawyer, expert witness, or consultant.**  From the time of appointment until the conclusion of the arbitration, an arbitrator must not entertain or accept any offers of employment or new professional relationships as a lawyer, an expert witness, or a consultant from a party or a lawyer for a party in the pending arbitration.
    - §   *Standard 12(a)*
  - o   **Offers for other employment or professional relationships**.  In addition to the disclosures required by standards 7 and 8, within ten calendar days of service of notice of the proposed nomination or appointment, a proposed arbitrator must disclose to all parties in writing if, while that arbitration is pending, he or she will entertain offers of employment or new professional relationships in any capacity other than as a lawyer, expert witness, or consultant from a party or a lawyer for a party, including offers to serve as a dispute resolution neutral in another case. A

# CA Arbitrator Oath Form

party may disqualify the arbitrator based on this disclosure by serving a notice of disqualification in the manner and within the time specified in Code of Civil Procedure section 1281.91(b).

§   *Standard 12(b)*

o   **Acceptance of offers prohibited unless intent disclosed**. If an arbitrator fails to make the disclosure required by subdivision (b) of this standard, from the time of appointment until the conclusion of the arbitration the arbitrator must not entertain or accept any such offers of employment or new professional relationships, including offers to serve as a dispute resolution neutral.

§   *Standard 12(c)*

o   **Relationships and use of confidential information related to the arbitrated case**. An arbitrator must not at any time:

§   Without the informed written consent of all parties, enter into any professional relationship or accept any professional employment as a lawyer, expert witness, or a consultant relating to the case arbitrated; or

§   Without the informed written consent of the party, enter into any professional relationship or accept employment in another matter in which information that he or she has received in confidence from a party by reason of serving as an arbitrator in a case is material.

• *Standard 12(d)*

**Files Attached to Oath**

| Name | Description |
|---|---|
| 2022.07.06 Coinmint v. Katena_Turitz Arbitration Disclosure Attachment.pdf | Turitz Arbitrator Disclosure Attachment |

**Arbitrator's Oath**

I attest that I have reviewed my biographical information provided to the parties on this case and confirm it is current, accurate and complete.

I attest that I have diligently conducted a conflicts check, including a thorough review of the information provided to me about this case to date, and that I have performed my obligations and duties to disclose in accordance with the Rules of the American Arbitration Association, Code of Ethics for Arbitrators in Commercial Disputes, the parties' agreement, and applicable law pertaining to arbitrator disclosures.

I further affirm that consistent with the applicable Rules of the American Arbitration Association, the Code of Ethics for Arbitrators in Commercial Disputes, the parties' agreement, and applicable law:

• That I am fit to serve on the above-referenced arbitration and able to fully execute my responsibilities during all phases of the case;
• That I will keep confidential all matters relating to the above-referenced arbitration;
• That I will maintain a professional demeanor and appearance of impartiality during all phases of this case;
• That I will endeavor to effectively manage all phases of this case with a commitment to speed, economy and just resolution in a manner consistent with the parties' expectations;
• That I will bill parties responsibly and ethically and will review my bills for reasonableness relative to the nature and scope of the activity performed prior to submitting them to the AAA.

The arbitrator being duly sworn, hereby accepts this appointment.

**Terms of Compensation**

Before proceeding, please indicate that you have reviewed the Notice of Compensation Arrangements for this case.



Once completed, please indicate your acceptance of this appointment as arbitrator by entering your initials in the

# CA Arbitrator Oath Form

space provided.

(GRT)

Gilda Turitz
6-Jul-22