MARC J. SCHNEIDER, State Bar No. 214609
 mschneider@stradlinglaw.com
JASON DE BRETTEVILLE, State Bar No. 195069
 jdebretteville@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: 949 725 4000
Facsimile: 949 725 4100

Attorneys for Plaintiff
COINMINT, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| COINMINT, LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>KATENA COMPUTING TECHNOLOGIES, INC.,<br><br>    Defendant. | CASE NO. 3:23-cv-04683-RS<br>Honorable Richard Seeborg<br><br>**PLAINTIFF COINMINT, LLC'S MOTION FOR AN ORDER ENLARGING TIME TO RESPOND TO DEFENDANT'S PETITION TO CONFIRM ARBITRATION AWARD**<br><br>(Related to Dkt. 27) |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4895-4575-0694v8/108215-0003

3:23-cv-04683-RS

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Rule 6 of the Federal Rules of Civil Procedure ("FRCP") and Local Rule 6-3, Plaintiff Coinmint, LLC ("Coinmint"), hereby moves for an order to enlarge the time to respond to Defendant Katena Computing Technologies, Inc.'s ("Katena") Petition to Confirm Arbitration Award by 31 days from the current March 1, 2024 deadline to a new deadline of April 1, 2024.

This motion is based upon this notice, the attached memorandum of points and authorities, the declaration of Steven D. Feldman ("Feldman Decl."), the proposed order, the records, pleadings, and documents in this case, and upon such argument or evidence that is presented at any hearing on this motion.

Dated: February 21, 2024     STRADLING YOCCA CARLSON & RAUTH LLP

By:  *s/ Jason de Bretteville*
Marc J. Schneider
Jason de Bretteville

Attorneys for Plaintiff
COINMINT, LLC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4895-4575-0694v8/108215-0003

-2-
NOTICE OF MOTION

3:23-cv-04683-RS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Coinmint, LLC ("Coinmint"), hereby moves for an order to enlarge the time to respond to Defendant Katena Computing Technologies, Inc.'s ("Katena") Petition to Confirm Arbitration Award (the "Petition") by 31 days. Coinmint respectfully submits that a 31-day extension of time to allow Coinmint to file a *combined* 25-page opposition and cross-motion to vacate would serve the interests of justice and judicial economy.

Coinmint files this motion pursuant to Local Rule 6-3 because Coinmint would be irreparably prejudiced without an extension of time to respond due to the scope of—and profound infirmities affecting—the record underlying the 110-page arbitration award (the "Award"). Notably, under the parties' stipulated schedule in the underlying arbitration, the Award was not even due to be filed until March 8, 2024, and therefore Katena cannot claim any undue prejudice.

## II.  ARGUMENT

Under Rule 6 of the Federal Rules of Civil Procedure, "the court may, for good cause, extend the time" to respond to a motion. "Once a particularized showing is made, requests for extensions of time made before the applicable deadline has passed should normally . . . be granted in the absence of bad faith or prejudice to the adverse party." *Lilith Games Co. v. uCool, Inc.*, 2015 U.S. Dist. LEXIS 72641, *6-7 (N.D. Cal. 2015) (internal quotations omitted.)

Here, the applicable deadline has not passed, and granting Coinmint sufficient time to file a combined opposition and cross-motion would serve the interests of justice and judicial economy far better than hurried, piecemeal briefing, without resulting in any prejudice to Katena. Moreover, at least one circuit court has "encourage[d]" district courts to set "simultaneous deadlines" for filing an opposition to a motion to confirm and a motion to vacate in these circumstances. *McLaurin* v. *Terminex Int'l*, 13 F.4th 1232, 1243 (11th Cir. 2021).

-3-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

PLAINTIFF'S MOTION FOR ORDER ENLARGING TIME TO RESPOND TO PETITION
4895-4575-0694v8/108215-0003
3:23-cv-04683-RS

**A.     The Award Is Facially Flawed And Presents Unique Challenges**

The underlying dispute arises from a Sale and Purchase Agreement ("SPA") entered between Coinmint, as buyer, and Katena, as seller, for $150 million in Bitcoin mining rigs. Coinmint contends, *inter alia*, that Katena secured the SPA and $23.4 million in payments by fraud, and seeks the return of the $23.4 million it paid to Katena, for which it received nothing in return. Katena, in turn, asserts counterclaims for breach of contract and seeks liquidated damages of $37.5 million. (Feldman Decl. ¶ 6.)

Evidentiary proceedings before the arbitration panel (the "Panel") were completed on January 12, 2024, and the Panel issued its 110-page Award twenty-five days later, on February 6, 2024—approximately one month before the parties' stipulated March 8, 2024 deadline. (*Id.* at ¶ 7.) The underlying record includes roughly 64 orders, many with briefing, numerous hearings, and transcribed and un-transcribed testimony from approximately 14 witnesses. (*Id.*)

Counsel's ongoing review of this record has already identified potential bases for vacatur. (*Id.*) For example, the Panel refused, in violation of AAA R-28, to permit a stenographer to record the testimony of four witnesses that both parties deemed critical based on the witnesses participation in, and knowledge of, the central facts in dispute. (*See id.* at ¶¶ 4, 8, Ex. B (Order 24.)) Although not labeled as such by the Panel, this highly-prejudicial order acted as an improper sanctioning of Coinmint, leveled *sua sponte*, and was imposed without making the parties aware that the Panel was considering it, despite full knowledge of the contrary AAA rule. (*Id.* at ¶ 9.)

This order deprived Coinmint of its due process right to confront witnesses and impeach them with conflicting testimony, and subsequently to use their testimony with other witnesses and in briefs. Indeed, the Panel later sustained objections to Coinmint's references to the undocumented testimony on the ground that the Panel's notes did not agree with those taken by Coinmint.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

PLAINTIFF'S MOTION FOR ORDER ENLARGING TIME TO RESPOND TO PETITION
4895-4575-0694v8/108215-0003
3:23-cv-04683-RS

(*Id.* at ¶ 10.) In addition, the lack of any contemporaneous record of the evidentiary rulings made by the Panel during key witness testimony obscures the Panel's further misconduct in refusing to hear material evidence. (*Id.* at ¶ 11.)

Worst of all, material factual findings in the Award are plagued by the Panel's prohibition of a record. For example, the Award asserts that there was no evidence that one witness, Coinmint's former Chief Financial Officer, Michael Maloney, was offered a job at Katena—a key component of Katena's alleged wrongdoing. (Petition, Ex. A (Award) at 38, Dkt. No. 27.) That is patently false as Maloney admitted to the contrary in his testimony—testimony that the Panel blocked Coinmint from recording. (Feldman Decl. ¶ 12.)

### B. Katena's Refusal To Stipulate To The Time Change

The panel issued its Award on February 6, 2024, and Katena filed its Petition two days later. (Feldman Decl. ¶ 7; *see* Petition, Dkt. No. 27.) Coinmint immediately reviewed the 110-page Award, noted possible bases for vacatur, and initiated discussions with Katena regarding a briefing schedule. (Feldman Decl. at ¶¶ 2, 7, Ex. A.)

In those discussions, Coinmint's counsel requested a telephonic conference with Katena's counsel to work together on a combined briefing schedule, and explained the substantive bases for their position. (Feldman Decl. ¶ 2, Ex. A.) Katena's counsel, in response, refused to confer telephonically for a week, insisted that Coinmint "advance the conversation by email," indicated that they did not consider the Petition to be a motion, stated that they would "be filing a motion to confirm the Award on Tuesday[,]" and proposed a mere 7-day extension for Coinmint to "file a combined 25-page cross-motion to vacate and opposition to our motion[.]" (*Id.* at ¶¶ 2, 3, Ex. A.)

Shortly thereafter, on February 16, 2024, the Court issued an order in which it rightly construed the Petition as a motion, and set Coinmint's deadline to file an opposition at the default period of two-weeks. (Ord., Dkt. No. 28.) In

-5-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

PLAINTIFF'S MOTION FOR ORDER ENLARGING TIME TO RESPOND TO PETITION
4895-4575-0694v8/108215-0003
3:23-cv-04683-RS

response to this order, on February 19, 2024, Katena indicated that it would not be filing its anticipated motion the next day, withdrew its proposal for a combined briefing schedule, and refused to entertain further discussion, thereby forcing Coinmint to make this motion. (Feldman Decl. ¶ 3, Ex. A.)

### C. Coinmint Faces Irreparable Harm

Coinmint cannot, within 14 days, review the voluminous record of the underlying proceedings, narrow the potential bases for vacating the Award, and draft a concise opposition to the Petition, much less a combined opposition and motion to vacate—particularly in light of the stringent standard for vacatur. *See, e.g., Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010) (describing the "high hurdle" required to vacate an arbitration award). If Coinmint is not allowed to adequately brief its opposition to the Petition, it faces irreparable harm through confirmation of an Award that, but for a gratuitously restrictive briefing schedule, could have been shown to be unlawful.

### D. Good Cause Exists For the Proposed Briefing Schedule

Although Coinmint is working diligently to meet the March 1, 2024 deadline, filing a hurried opposition brief less than two weeks from now, followed later by a cross-motion for vacatur, would be inefficient for the Court and the parties, and contrary to the interests of justice. As noted above, Coinmint has already identified bases on which this Court could vacate the Award. The Court's assessment of this and other potential bases for vacatur should be based on a careful and complete presentation of the lengthy record and the law, not conclusory briefing prepared in insufficient time.

Notably, a party has three-months from the issuance of an arbitration award to move to vacate that award. 9 U.S.C. § 12. The FAA's grant of this expansive time recognizes that a party seeking vacatur faces challenges tantamount to briefing an appeal after trial. Moreover, the parties' stipulated deadline for issuance of the Award, March 8, 2024, has not yet passed. Katena,

-6-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

PLAINTIFF'S MOTION FOR ORDER ENLARGING TIME TO RESPOND TO PETITION
4895-4575-0694v8/108215-0003
3:23-cv-04683-RS

therefore, cannot claim an expectation-interest in a default two-week deadline, much less actual prejudice resulting from the requested enlargement of time. Thus, good cause exists to allow Coinmint enlarged time to file a combined opposition to the Petition and cross-motion to vacate.

### III. CONCLUSION

Good cause having been shown, we respectfully request that the Court enlarge the time to respond to the Petition by 31 days so that Coinmint may file a combined opposition and cross-motion to vacate, not to exceed 25 pages.

Dated: February 21, 2024     STRADLING YOCCA CARLSON & RAUTH LLP

By: */s/ Jason de Bretteville*
Marc J. Schneider
Jason de Bretteville

Attorneys for Plaintiff
COINMINT, LLC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-

PLAINTIFF'S MOTION FOR ORDER ENLARGING TIME TO RESPOND TO PETITION
4895-4575-0694v8/108215-0003                                3:23-cv-04683-RS