1  MARC J. SCHNEIDER, State Bar No. 214609
     mschneider@stradlinglaw.com
2  JASON DE BRETTEVILLE, State Bar No. 195069
     jdebretteville@stradlinglaw.com
3  STRADLING YOCCA CARLSON & RAUTH LLP
   660 Newport Center Drive, Suite 1600
4  Newport Beach, CA 92660-6422
   Telephone:  949 725 4000
5  Facsimile:  949 725 4100

6  Attorneys for Plaintiff
   COINMINT, LLC
7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO

11  COINMINT, LLC,                     CASE NO. 3:23-cv-04683-RS
                                       Honorable Richard Seeborg
12              Plaintiff,

13         vs.                         **DECLARATION OF STEVEN D.
                                       FELDMAN IN SUPPORT OF
14  KATENA COMPUTING                   PLAINTIFF COINMINT, LLC'S
    TECHNOLOGIES, INC.,                MOTION  FOR ORDER ENLARGING
15                                     TIME TO RESPOND TO
                Defendant.             DEFENDANT'S PETITION TO
16                                     CONFIRM ARBITRATION AWARD**

17
                                       (Related to Dkt. 27)
18

19

20

21

22

23

24

25

26

27

28

I, Steven D. Feldman, declare as follows:

1.    I am a partner at Stradley Ronon Stevens & Young, LLP. I am licensed to practice before all courts of the states of New York and Pennsylvania and have been admitted to practice pro hac vice in the Northern District of California as counsel of record for Plaintiff Coinmint, LLC ("Coinmint") in this action. I have personal knowledge of the facts stated here and if called upon as a witness would testify competently. I am submitting this declaration in support of Plaintiff's Motion for an Order Enlarging Time to Respond to Defendant's Petition to Confirm Arbitration Award.

2.    Coinmint made the following efforts to obtain a stipulation to the time change. On or about February 13, 2024, I sent an email message to Katena's counsel, John Hardin and Jacob Taber, requesting to confer about setting a briefing schedule for Katena's Petition. On or about February 14, 2024 John Hardin responded that he was "out of the office" and that we should "advance the conversation by email." I responded on or about February 15, 2024 and provided more detail about Coinmint's grounds for opposing the Petition. John Hardin responded that same day asking for an email proposal for a briefing schedule. I wrote an email back proposing a "45-day extension from the current due date" and giving the same amount of time for their brief with two weeks for a reply.

3.    On or about February 16, 2024, Mr. Taber responded to the briefing schedule proposal with a counter-offer of "21 days from Tuesday for a combined 25-page cross-motion to vacate and opposition to our motion." My co-counsel, Jason de Bretteville, sent a response by email on or about February 19, 2024, on which he copied me, explaining why 21 days would not be sufficient time for us to seek to vacate the arbitration award. Mr. de Bretteville noted in his email that "we are new counsel to this matter, requiring us to scour the entire record anew" and that there "are approximately 64 separate orders

-2-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DECLARATION OF STEVEN D. FELDMAN

4889-5592-6950v3/108215-0003

3:23-cv-04683-RS

1    issued by the Panel along with underlying motions and opposition briefs that

2    generated many of the orders. There is testimony from approximately 14

3    witnesses. All of this speaks to the insufficiency of 21 days." In his message,

4    Mr. de Bretteville asked Katena's counsel to reconsider stipulating to a 45-

5    response deadline for Coinmint to oppose the Petition and move to vacate the

6    award while affording Katena a reply brief. On that same day, Mr. Taber

7    responded in a message to Mr. de Bretteville, on which I was copied,

8    withdrawing Katena's original 21-day response deadline offer and refusing to

9    stipulate to a briefing schedule, saying, "We cannot agree to further delay…

10   Coinmint lost." A true and correct copy of the email correspondence between

11   Coinmint's Counsel and Katena's counsel is attached hereto as **Exhibit A**.

12          4.      Coinmint seeks an order to enlarge the time to oppose the Petition

13   because two weeks is not sufficient time to properly brief Coinmint's opposition

14   to the Petition, which requires Coinmint's counsel to carefully examine the

15   voluminous record as well as the arbitration award itself, which is 110 pages

16   long. Additionally, because the arbitration panel refused to allow stenographic

17   transcription of the hearing testimony of four witnesses key to the parties'

18   claims, Coinmint's counsel must review its own notes and records instead of a

19   clean and comprehensive transcript, further complicating and extending the

20   process. A true and correct copy of the Panel's Order 24 precluding any

21   recording of the testimony of the four key witnesses is attached hereto as

22   **Exhibit B**.

23          5.      If Coinmint did not receive an extension to file its opposition to the

24   Petition, it would suffer substantial prejudice because it would not be able to

25   properly brief its opposition and file a motion to vacate the arbitration award,

26   despite the unfairness of the hearing.

27          6.      The underlying dispute arises from a Sale and Purchase Agreement

28   ("SPA") entered between Coinmint, as buyer, and Katena, as seller, with a

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DECLARATION OF STEVEN D. FELDMAN

4889-5592-6950v3/108215-0003

3:23-cv-04683-RS

purchase order for $150 million in Bitcoin mining rigs. Coinmint contends, *inter alia*, that Katena secured the SPA and $23.4 million in payments by fraud, and seeks the return of the $23.4 million it paid to Katena, for which it received nothing in return. Katena, in turn, asserted counterclaims for breach of contract through which it seeks liquidated damages of $37.5 million.

7.      The evidentiary proceedings before the panel were completed on January 12, 2024, and the panel issued its 110-page Award just twenty-five days later, on February 6, 2024—approximately one month before the parties' stipulated March 8, 2024 deadline for issuance of the Award. Upon issuance of the award, I immediately reviewed the Award and noted possible bases for vacatur. The underlying record includes hundreds of exhibits; approximately 64 orders, many with underlying briefing; transcribed and un-transcribed testimony from approximately 14 witnesses; and numerous hearings.

8.      As noted above, the Panel refused to permit a stenographer or any other means to record the testimony of four critical witnesses, despite a clearly applicable AAA rule leaving no discretion for the Panel to prohibit such a transcription, and Coinmint bringing the rule to the Panel's attention. *See* AAA R-28. The sides deemed these four witnesses as critical based on their participation in, and knowledge of, the central facts in dispute. Yet the panel allowed the testimony of ten other witnesses to be recorded by a stenographer, permitting Katena's counsel to utilize and rely on those transcripts.

9.      Although not labeled as a such by the Panel, this highly-prejudicial order acted as an improper sanction of Coinmint, leveled *sua sponte*, and imposed without making the parties aware that the Panel was even considering it. It was done with full knowledge of the contrary AAA rule, R-28, permitting the use of a stenographer upon a party taking on the obligation to pay for the stenographer's work. *See* AAA R-28.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DECLARATION OF STEVEN D. FELDMAN

4889-5592-6950v3/108215-0003                                3:23-cv-04683-RS

10.    The Panel's prohibition on recording the testimony of these witnesses deprived Coinmint of its fundamental due process right to confront witnesses, cross-examine witnesses, or impeach witnesses with conflicting testimony, and undermined the ability of counsel to use the testimony as evidence with other witnesses or in briefs. Indeed, the Panel later sustained objections to Coinmint's references to the undocumented testimony on the ground that the Panel's notes did not agree with those taken by Coinmint. This impeded Coinmint's ability to use the testimony of these key witnesses in the proceedings.

11.    In addition, there is no contemporaneous record of the evidentiary rulings made by the Panel during the testimony of these key witnesses. The lack of any contemporaneous record of the evidentiary rulings made by the Panel during key witness testimony obscures the Panel's further misconduct in refusing to hear material evidence, and therefore limits Coinmint's ability to obtain district court review.

12.    As a result, the material factual findings in the Award are plagued by errors arising out of the Panel's prohibition of a neutral record. As just one example identified to date, the Award asserts that there was no evidence that one witness, Coinmint's former Chief Financial Officer, Michael Maloney, was offered a job at Katena—a key component of Katena's alleged wrongdoing. (Award at 38.) That is blatantly false as Maloney admitted to the contrary in his testimony – testimony that the Panel blocked Coinmint from recording.

I declare under penalty of perjury under the laws of the United States of America that this is true and correct, and was executed on February 21, 2024 at New York, New York.

/s/ Steven D. Feldman
Steven D. Feldman

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DECLARATION OF STEVEN D. FELDMAN

4889-5592-6950v3/108215-0003

3:23-cv-04683-RS

1

## **SIGNATURE ATTESTATION**

2       I, Jason de Bretteville, am the ECF User whose ID and password are

3   being used to file this document. In compliance with Civil Local Rule 5-1(i)(3),

4   I hereby attest that each of the signatories identified above has concurred in this

5   filing.

6

7                                                         */s/ Jason de Bretteville*

8                                                         Jason de Bretteville

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

SIGNATURE ATTESTATION

4889-5592-6950v3/108215-0003

3:23-cv-04683-RS