# Exhibit A

| | |
|---|---|
| **From:** | de Bretteville, Jason |
| **To:** | Taber, Jacob (Perkins Coie); Feldman, Steven; Hardin, John (Perkins Coie) |
| **Cc:** | Carty, John; Dutill, Keith; Chiappetta, David (Perkins Coie); Reiner, Lila |
| **Subject:** | RE: Coinmint/Katena arbitration |
| **Date:** | Wednesday, February 21, 2024 12:30:20 PM |
| **Attachments:** | image001.png |
| | image002.png |

Jacob, we are filing an *ex parte* application today for an order extending the current March 1, 2024 deadline to a new deadline of April 1, 2024, to file a combined opposition and cross-motion to vacate the arbitration award, not to exceed 25-pages in length.  We will note your opposition.



### Jason de Bretteville
Partner
JdeBretteville@stradlinglaw.com

Stradling Yocca Carlson & Rauth LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA  92660
**D:** 949 725 4094 **M:** 949 613 0551



stradlinglaw.com  |  LinkedIn

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

**From:** Taber, Jacob (Perkins Coie) <JTaber@perkinscoie.com>
**Sent:** Monday, February 19, 2024 3:00 PM
**To:** de Bretteville, Jason <JdeBretteville@stradlinglaw.com>; Feldman, Steven <Sfeldman@stradley.com>; Hardin, John (Perkins Coie) <JohnHardin@perkinscoie.com>
**Cc:** Carty, John <jcarty@stradley.com>; Dutill, Keith <KDutill@STRADLEY.COM>; Chiappetta, David (Perkins Coie) <DChiappetta@perkinscoie.com>
**Subject:** RE: Coinmint/Katena arbitration

Jason,

Since I sent my email, the Court entered an order requiring any opposition to our petition to confirm the award be filed no later than March 1, 2024. We do not see any reason to further delay recovery of the money that has been owed to my client since May 2021.

Exhibit A

A motion to confirm is ministerial and must be granted unless certain narrow exceptions recognized under Section 10 can be found. It is not, as you say, "akin to filing an appellate brief." Coinmint has no lawful basis to challenge the arbitrators' findings of fact or their conclusions of law, which can be set aside only if there is "some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it." *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F. 4th 1232, 1241 (9th Cir. 2022); *see also Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) ("Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the FAA.").

Instead, your letter strongly implies that you have no good-faith basis to oppose the confirmation of the award. I therefore urge you, as Judge Seeborg suggested, to stipulate to the confirmation of the award and save the parties' further unnecessary legal expense. Should you file a frivolous motion to vacate the award—for example one that improperly seeks to reopen the Arbitrators' binding factual and legal findings—we reserve the right to seek fees and costs incurred as a result of Coinmint's "unjustified refusal to abide by [the] arbitrator[s'] award." *United Here! Local 2 v. Stix Holdings, LLC*, 2023 WL 5020263, at *3 (N.D. Cal. Aug. 4, 2023) (Seeborg, J.); *see also Georgia-Pac Corp. v. Graphic Commmc'ns Union Dist. Council No. 2, Local No. 388M, AFL-CIO*, 1999 WL 300652, at *3 (N.D. Cal. May 3, 1999).

 As for your equitable argument that you and Mr. Feldman are new counsel, that was Coinmint's decision and while Coinmint is entitled to make such a decision that does not inure to Katena's detriment in the form of months of delay on the entry of judgment, which should be automatic. Furthermore, your co-counsel Mr. Feldman has been representing Coinmint in this arbitration for months and examined the last witness (a critical witness) of the evidentiary hearing. He is plainly "up to speed" on this matter. And in any case the fact that you are having difficulty identifying a ground on which to seek to vacate the award is no basis to postpone confirmation under Section 9 of the FAA.

We cannot agree to further delay. The parties have fought long and hard for years. The Arbitrators have spoken. Coinmint lost.

Jacob

**Jacob Taber** | **Perkins Coie LLP**
COUNSEL
D. +1.212.261.6907
F. +1.212.399.8085
E. JTaber@perkinscoie.com

---

**From:** de Bretteville, Jason <JdeBretteville@stradlinglaw.com>
**Sent:** Monday, February 19, 2024 12:07 PM
**To:** Taber, Jacob (NYC) <JTaber@perkinscoie.com>; Feldman, Steven <Sfeldman@stradley.com>; Hardin, John (DAL) <JohnHardin@perkinscoie.com>
**Cc:** Carty, John <jcarty@stradley.com>; Dutill, Keith <KDutill@STRADLEY.COM>; Chiappetta, David (SFO) <DChiappetta@perkinscoie.com>
**Subject:** RE: Coinmint/Katena arbitration

Jacob.

We were disappointed by your response to our request for a reasonable briefing schedule.  An effort

Exhibit A

to take advantage of the entry of new counsel into this matter by suggesting that we respond in 21 days to your motion to confirm an unusually complex and lengthy arbitration award does not comport with the standards of civility and professional courtesy common in the Northern District, nor elsewhere for that matter.   Accordingly, we hope that your client will reconsider its position.

In seeking to vacate the arbitration award, we are taking on an effort akin to filing an appellate brief.  In some courts, on an appeal we would generally have up to 91 days to file our opposition brief.  *See* Local Rule 32.1 (2d Cir.).  Extensions of 30 days are also freely given.  Under the Federal Arbitration Act, a party is permitted to wait up to three months after the delivery of an arbitration award to file notice of a motion to vacate: "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within **three months** after the award is filed or delivered."  9 U.S.C. § 12 (emphasis added).

Here, we are new counsel to this matter, requiring us to scour the entire record anew.  This work is made much more difficult by the Panel's refusal to permit a court reporter to take down the proceedings of key witnesses.  We must study those untranscribed proceedings by reference to counsel's notes.  There are approximately 64 separate orders issued by the Panel along with underlying motions and opposition briefs that generated many of the orders.  There is testimony from approximately 14 witnesses.  All of this speaks to the insufficiency of 21 days, much less the default two weeks provided in the Court's current order.

As you know, based on the Court's order issued Friday afternoon, we have been directed to respond to your Petition by March 1, 2024. The Court's order does not contemplate any motion on your part, nor has it provided for a reply brief in its schedule. Please let me know if you are now willing to accept a briefing schedule based on the parameters we proposed:  allowing you to file a motion, providing us with 45 days to oppose your motion and move to vacate the award, and affording you a reply brief.  Otherwise, we are prepared to bring an application to Chief Judge Seeborg, who I believe is already somewhat familiar with this matter from your prior efforts to seal records that did not constitute confidential business communications.  However, we prefer to rely on common courtesy among counsel and respect for judicial resources, and come to a stipulated resolution that addresses the needs of all parties and avoids undue motion practice before the Court.

If you are wedded to your position, please let us know today by 6:00 pm eastern time, and we will promptly file an application for an extension of time to respond with the Court, attaching this correspondence as evidence of our efforts to meet and confer.

Thank you.



**Jason de Bretteville**
Partner
JdeBretteville@stradlinglaw.com

Stradling Yocca Carlson & Rauth LLP

Exhibit A

660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
**D:** 949 725 4094 **M:** 949 613 0551



stradlinglaw.com | LinkedIn

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

---

**From:** Taber, Jacob (Perkins Coie) <JTaber@perkinscoie.com>
**Sent:** Friday, February 16, 2024 12:08 PM
**To:** Feldman, Steven <Sfeldman@stradley.com>; Hardin, John (Perkins Coie) <JohnHardin@perkinscoie.com>
**Cc:** de Bretteville, Jason <JdeBretteville@stradlinglaw.com>; Carty, John <jcarty@stradley.com>; Dutill, Keith <KDutill@STRADLEY.COM>; Chiappetta, David (Perkins Coie) <DChiappetta@perkinscoie.com>
**Subject:** RE: Coinmint/Katena arbitration

Steven,

Picking this up from John who is traveling today. Obviously, there's much in your email with which we disagree, but we will address that with the court. We appreciate your request for additional time but, as I'm sure you can appreciate, our client has already been waiting for years for your client to pay what was owed under the contract and is very interested in a quick resolution to any dispute regarding the award. We will be filing a motion to confirm the award on Tuesday. We can offer you 21 days from Tuesday for a combined 25-page cross-motion to vacate and opposition to our motion (an extra 7 days from what the local rules provide); we would take the 14 days under the rules to file a combined 25-page opposition to your cross-motion and reply in support of our motion; and we can offer you 14 days (again an extra 7 days) for a 15-page reply.

Please let us know your thoughts. If this is acceptable, we will prepare a stipulated order setting forth the above for your review.

Thanks,
Jacob

**Jacob Taber** | **Perkins Coie LLP**
COUNSEL
D. +1.212.261.6907
F. +1.212.399.8085

Exhibit A

E. JTaber@perkinscoie.com

**From:** Feldman, Steven <Sfeldman@stradley.com>
**Sent:** Thursday, February 15, 2024 7:25 PM
**To:** Hardin, John (DAL) <JohnHardin@perkinscoie.com>
**Cc:** Taber, Jacob (NYC) <JTaber@perkinscoie.com>; de Bretteville, Jason <JdeBretteville@stradlinglaw.com>; Carty, John <jcarty@stradley.com>; Dutill, Keith <KDutill@STRADLEY.COM>
**Subject:** Coinmint/Katena arbitration

Thanks, John. Appreciate your willingness to handle via email while you're away.  Given that we are new to the procedural details of the arbitration and lack the historical knowledge of the record, we please need some time to get up to speed.  We seek a 45-day extension from the current due date (I understand that is 2/22/24) which would put us at Monday, April 8.  Assuming you want the same amount of time, that would make your brief due on June 6, 2024.  Two weeks for a reply would be June 20, 2024.  Please let me know if that's acceptable. Thanks again and talk soon.

Very truly yours,

bio | vcard | email | map | website

**Steven D. Feldman**
He/Him
Stradley Ronon Stevens & Young, LLP
p: 212.404.0659 | c: 347.880.6662
f: 646.682.7180
100 Park Avenue, Suite 2000
New York, NY 10017

Stradley Logo

This e-mail is from the law firm of Stradley Ronon Stevens & Young, LLP, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and attachments. Thank you.

**From:** Hardin, John (Perkins Coie) <JohnHardin@perkinscoie.com>
**Sent:** Thursday, February 15, 2024 3:08 PM
**To:** Feldman, Steven <Sfeldman@stradley.com>
**Cc:** Taber, Jacob (Perkins Coie) <JTaber@perkinscoie.com>; de Bretteville, Jason <JdeBretteville@stradlinglaw.com>; Carty, John <jcarty@stradley.com>; Dutill, Keith <KDutill@STRADLEY.COM>
**Subject:** Re: Coinmint/Katena arbitration

Steven,

Exhibit A

I told you how I could confer in my initial email: I can talk by phone next week or by email this week. So, please email me your proposal.

John

> On Feb 15, 2024, at 10:25 AM, Feldman, Steven <Sfeldman@stradley.com> wrote:
>
> Good morning John—
>
> Thanks for getting back to me during your time OOO. Hope you're enjoying yourself. I'm sure you're not surprised to hear that Coinmint is disputing the award. As you participated in the arbitration, you were a first-hand witness to the process.
>
> We will argue that the award should be set aside on multiple grounds.  By way of example only, *inter alia*, the panel refused to allow a stenographic transcript of the key non-party witnesses despite Coinmint's repeated requests and despite the clearly applicable AAA rule on point.  That extraordinary decision by the panel then (1) undermined any semblance of due process for the balance of the hearing as the arbitrators interrupted subsequent witness examinations and cross-examinations with reference to their own notes of the unrecorded testimony and counsel argued about what had been testified to previously, (2) enabled the panel to support its ultimate findings with false recitations of the key testimony, and (3) blocked Coinmint from establishing the panel's egregious error by reference to a record.  Note, of course, that by articulating certain specific bases for opposing confirmation, we are not waiving any other grounds.
>
> As noted in my initial email, I'd like to confer with you to establish a briefing schedule. If you're unwilling or unable to meet, or unwilling to set a briefing schedule, please let me know so we can make an application to the Court. Thank you and look forward to speaking soon.
>
> Very truly yours,
>
> bio | vcard | email | map | website
>
> **Steven D. Feldman**
> He/Him
> Stradley Ronon Stevens & Young, LLP
> p: 212.404.0659 | c: 347.880.6662
> f: 646.682.7180        <image001.gif>
> 100 Park Avenue, Suite 2000

Exhibit A

New York, NY 10017

This e-mail is from the law firm of Stradley Ronon Stevens & Young, LLP, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and attachments. Thank you.

---

**From:** Hardin, John (Perkins Coie) <JohnHardin@perkinscoie.com>
**Sent:** Wednesday, February 14, 2024 10:39 AM
**To:** Feldman, Steven <Sfeldman@stradley.com>
**Cc:** Taber, Jacob (Perkins Coie) <JTaber@perkinscoie.com>; de Bretteville, Jason <JdeBretteville@stradlinglaw.com>; Carty, John <jcarty@stradley.com>
**Subject:** Re: Coinmint/Katena arbitration

**External Email - Think Before You Click**

Steven,

I'm out of the office this week with limited access to email. I trust you received my OOO reply. Given that, we should advance the conversation by email. To that end, what is the basis to oppose confirmation?

On Feb 13, 2024, at 9:51 AM, Feldman, Steven <Sfeldman@stradley.com> wrote:

Hello John and Jacob,

Hope you are both doing well. Along with Jason de Bretteville at Stradling Yocca, we have been asked by Coinmint to represent it with regard to your petition to confirm the arbitration award. We intend to oppose your petition and file a motion to vacate the arbitration award. We would like to confer with you about setting a briefing schedule. Are you available to speak in the next day or two? I suggest Wednesday at 4:30 pm eastern, Thursday at 5:30 pm, or Friday at 3 pm. Please let us know when you're available. Thank you and I look forward to talking with you soon.

Very truly yours,

bio | vcard | email | map | website

**Steven D. Feldman**
He/Him
Stradley Ronon Stevens & Young, LLP
p: 212.404.0659 | c: 347.880.6662
f: 646.682.7180      <image001.gif>
100 Park Avenue, Suite 2000
New York, NY 10017

Exhibit A

This e-mail is from the law firm of Stradley Ronon Stevens & Young, LLP, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and attachments. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

Exhibit A