# EXHIBIT H

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Panel

---

In the Matter of the Arbitration Between:

Coinmint, LLC,

                                            *Claimant,*

- vs –

Katena Computing Technologies, Inc.,

                                            *Respondent,*

AAA Case No. 01-22-0001-7627

---

### ORDER NO. 1 – SCHEDULING ORDER

A duly noticed Preliminary Hearing ("Conference") was convened via video conference at approximately 10:30 a.m. Pacific Time / 12:30 p.m. Central Time / 1:30 p.m. Eastern Time on Thursday – August 18, 2022, before Arbitrators Rebecca Callahan (Chair), Ruth V. Glick and Gilda Turitz ("the Panel"). Participating in the Conference were Robert Lemus of Gordon Rees Scully Mansukhani LLP appearing on behalf of Claimant Coinmint, LLC ("Claimant"), and John Hardin, Jacob Taber and Joseph Cutler of Perkins Coie LLP, appearing on behalf of Respondent Katena Computing Technologies, Inc. ("Respondent"). Based upon the information provided during the Conference, the following matters have been determined:

## I.
### *GENERAL MATTERS*

1. **Contact Information for Purposes of Service:** The following contact information was confirmed and is that which should be used for purposes of all submissions and services in this matter unless or until otherwise ordered.

    1.1  <u>Case Manager</u>: Lisa A. Romeo, Director of ADR Services, American Arbitration Association, 200 State Street, 7th Floor, Boston, MA  02109. Email: LisaRomeo@adr.org.

    1.2  <u>Panel</u>: Rebecca Callahan, Esq., 5120 Campus Drive, Newport Beach, CA  92660. Email: rebecca@callahanADR.com.

Ruth V. Glick, Esq. 1325 Howard Avenue, Suite 512, Burlingame, CA 94010. Email: rvg@ruthvglick.com

Gilda R. Turitz, Esq., Four Embarcadero, Suite 1400, San Francisco, CA 94111. Email: gt@turitzadr.com.

**1.3**  Counsel for Claimant: Robert A. Lemus, Gordon Rees Scully Mansukhani LLP TransWestern Tower, 1900 West Loop South, Suite 1000, Houston, TX 77027. Email: rlemus@grsm.com.

Fletcher C. Alford, Gordon Rees Scully Mansukhani LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. Email: falford@grsm.com.

**1.4**  Counsel for Respondent: John R. Hardin, Perkins Coie LLP, 2001 Ross Avenue, Suite 4225, Dallas, TX 75201. Email: JohnHardin@perkinscoie.com.

Jacob Taber, Perkins Coie LLP, 1155 Avenue of the Americas, 22nd Floor, New York, NY 10036. Email: jtaber@perkinscoie.com.

Joseph P. Cutler, Perkins Coie LLP, 1210 Third Avenue, Suite 4900, Seattle, WA 98101. Email: jcutler@perkinscoie.com.

**2.**  *Nature of the Dispute and Status of Pleadings:*

**2.1**  This is a dispute between Claimant and Respondent concerning their respective rights and obligations under a Sales and Purchase Agreement and Purchase Order, dated May 12, 2021 ("the Agreement"). In its demand, Claimant claims that it has the right to rescind the Agreement and receive the return of all monies it paid to Respondent. In its answering statement, Respondent has denied Claimant's right to rescind the Agreement, and claims that it has the right to be excused from its performance obligations under the Agreement because Claimant allegedly breached and repudiated the Agreement. Respondent has also asserted a counterclaim alleging Claimant's breach of the Agreement, breach of the implied covenant, and for indemnity.

**2.2**  Pursuant to AAA Rule R-6(b),[1] no new or different claims or counterclaims may be submitted in this arbitration, except with the Panel's advance consent. The deadline for the parties to request leave to assert new or different claims or counterclaims in this arbitration is **Monday – August 29, 2022.**

---

[1] The term "AAA Rule" or "AAA Rules" refers to the Commercial Arbitration Rules and Mediation Procedures of the American Arbitration Association ("the AAA"), including the Procedures for Large, Complex Commercial Disputes, as amended and effective October 1, 2013.

**3.** *Governing Law, Rules and Procedures:*

**3.1** The arbitration is being held pursuant to Section 19 of the Agreement, entitled Governing Law and Dispute Resolution, of the Agreement.

**3.2** The parties, through their respective counsel, agree that California substantive law governs the claims, counterclaims and defenses in this arbitration, as provided in paragraph 19.1 of the Agreement and paragraph 5 of the parties' Joint Status Report, submitted to the Panel on August 17, 2022 ("the Report").

**3.3** The parties, through their respective counsel, agree that this arbitration is to be conducted in accordance with the AAA Rules (as defined in footnote 1), as provided in paragraph 19.2 of the Agreement and paragraph 5 of the Report.

**3.4** The parties, through their respective counsel, agree that the law governing this arbitration is the Federal Arbitration Act (9 U.S.C. §§ 1, et seq.), as provided in paragraph 5 of the Report.

**4.** *Pre-Hearing Discovery:*

**4.1** In accordance with AAA Rule R-22, the parties are required to:

**4.1.1** exchange documents in their possession or custody on which they intend to rely in support of their claims, counterclaims, denials and/or affirmative defenses in this matter; and

**4.1.2** update their exchanges of the documents on which they intend to rely in support of their claims, counterclaims, denials and/or affirmative defenses in this matter as such documents become known to them.

The deadline for the parties to complete their initial exchanges pursuant to paragraph 4.1 will be set at the September 7, 2022, case management conference, provided for in Section II, paragraph 2.1, below.

**4.2** In their Report, the parties advised the Panel that they would like to do formal discovery beyond that which is provided by AAA Rule R-22. The parties' counsel are directed to meet-and-confer in advance of the September 7, 2022, case management conference, provided for in Section II, paragraph 2.1, below, for the purpose of agreeing on a proposed discovery scheduling order with regard to party depositions, formal document requests, responses to formal document requests, and their agreed upon ESI protocol and search parameters. On or

before **Thursday – September 1, 2022**, the parties are to submit a joint report to the Panel that details the following:

**4.2.1** what they have agreed upon in terms of party witnesses to be deposed and dates, times and places reserved for those depositions;

**4.2.2** what they have agreed upon in terms of the number and limited categories of documents for formal document requests, as well as the deadline for propounding and responding to such requests; and

**4.2.3** what matters are in dispute concerning party depositions or formal documents requests / production, and what each side's position is with regard to each such dispute.

**4.3** Through this order, the parties are put on notice that they and their respective agents, representatives and affiliates have an obligation to preserve any and all documents, electronically stored information ("ESI"), electronically generated information ("EGI") and other tangible things that they have in their possession, custody or control, wherever and however managed or stored, relevant to the Agreement and the claims and issues raised in this matter. By this order, the parties and their counsel are on notice that they are required to take affirmative steps to preserve and to not destroy, conceal or alter any paper, ESI, EGI, other data and/or tangible things relating to the Agreement and the subject matters of this dispute. Such preservation obligations extend to paper and electronic files, including written correspondence, email and other electronic communications (e.g., text messages); structured data organized in software applications and formats such as Word, WordPerfect, Adobe, PDF, TIF and JPEG; data maintained or stored using cloud and/or web-based applications or systems; and all files and metadata related to the foregoing ("Discoverable Data"). This preservation obligation is a continuing one and includes electronic data that may be created subsequent to this order. Such data too should not be destroyed and the parties should take the appropriate steps required to avoid destruction, concealment or alteration of such evidence.

**4.4** The parties, through their respective counsel, are encouraged to discuss preservation of documents, ESI, EGI, and other data and/or tangible things. Such discussions should continue periodically as the case and issues evolve. The parties, through their counsel, should strive to define a scope of preservation that is proportionate and reasonable and not disproportionately broad, expensive or burdensome, and are encouraged to put their agreements in this regard in writing. Counsel are also encouraged to discuss whether there are any cyber security and/or privacy issues that need to be addressed in connection

with any pre-hearing discovery, exchange or submission and the use or introduction of any party's information during the course of the evidentiary hearing.

*5.* ***Dispositive Motions***

**5.1** No dispositive motions may be brought except on approval of the Panel pursuant to AAA Rule R-33. Any request to file a dispositive motion should (a) identify what issues or claims the party believes should be summarily adjudicated via motion procedure, and (b) set forth the basis for the requesting party's conclusion that its proposed motion is likely to succeed.

**5.2** The deadline for submitting and serving a Rule R-33 request is **Monday – November 14, 2022.** The deadline for submitting and serving a response to any Rule R-33 request that may be submitted is **Monday - November 21, 2022.** Any such request and response shall not exceed five single-spaced pages. The parties shall concurrently provide PDF copies to the Panel of any legal authorities cited in their respective submissions. The Panel will rule on any Rule R-33 requests based upon the parties' written submissions.

**5.3** Should a Rule R-33 request be granted, such motion(s) shall be heard via video conference on **Thursday – February 9, 2023, at 10:00 a.m. Pacific Time / Noon Central Time / 1:00 p.m. Eastern Time**, using the Zoom link set forth below:

https://us02web.zoom.us/j/83953889133?pwd=RnFpSDRTZVRxUEdXcmxrV1RFWVdVUT09
Meeting ID: 839 5388 9133
Passcode: 053176

One tap mobile
+16699006833,,83953889133#,,,,*053176# US (San Jose)
+16694449171,,83953889133#,,,,*053176# US
+1 346 248 7799 US (Houston)
+1 929 205 6099 US (New York)

**5.4** Should a Rule R-33 request be granted, the briefing scheduling for such motion(s) shall be as follows:

**5.4.1 Wednesday – December 28, 2022**, will be the deadline for filing motion papers, complete with legal authorities and any evidentiary support.

5

      **5.4.2** **Wednesday – January 25, 2023,** will be the deadline for filing opposition to any motion, complete with legal authorities and any evidentiary support.

      **5.4.3** **Wednesday – February 1, 2023,** will be the deadline for filing any reply papers.

**6.** *Panel Guidelines:* The following are the Panel's guidelines for all proceedings in this matter:

  **6.1** The same rules of civility, courtesy and professionalism that are followed in a court proceeding shall apply in this proceeding.

  **6.2** Counsel will treat each other and all witnesses with respect. The words, tone and gestures used during examination will be measured and in keeping with paragraph 6.1.

  **6.3** There is to be no *ex parte* contact with any of the Arbitrators comprising the Panel. While any Arbitrator is in an actual or virtual hearing room, the parties and counsel are to refrain from engaging in colloquy between or among themselves. Please allow the Arbitrators time to exit the hearing room.

  **6.4** Unless otherwise agreed by the parties, through their respective counsel, all hearing time reserved shall be shared equally between the parties. For example, in this matter, the parties have reserved eight days for the Hearing, which affords approximately 48 hours of hearing time. The equal sharing of that time would mean that Claimant would have approximately 24 hours and Respondent would have approximately 24 hours for the presentation of their respective cases, including opening and closing argument, cross-examination, rebuttal, objections and any motions that might be made during the course of the Hearing. The Panel may, if necessary, adjust these principles in its sole discretion in order to provide a balanced opportunity for each party to present its claims and defenses, as provided in AAA Rule R-37.

  **6.5** A proposed hearing exhibit will be deemed admitted into evidence if it is referred to by a witness during examination of any kind without an objection being raised. If an objection is raised, then admission into evidence will depend on the Panel's ruling, which may be taken under submission.

**6.6** If a proposed exhibit is not referred to during witness examination, it will be deemed withdrawn, and will not be considered as evidence in this matter, unless the offering party specifically alerts the Panel that it wants an unreferenced exhibit to be put into evidence and no objection is raised. If an objection is raised, then admission into evidence will depend on the Panel's ruling, which may be taken under submission.

**7.** *Miscellaneous:*

**7.1** *Disclosure.* If a party believes that any Arbitrator has failed to make a disclosure required by law or rule, that party is ordered to report the relevant facts immediately to the Case Manager – and not to the Arbitrator. Failure to make a prompt and complete report to the Case Manager may result in a waiver of the alleged nondisclosure as a basis for overturning or vacating any award issued by the Arbitrator in this matter.

**7.2** *Conflicts Lists.* The parties' counsel are encouraged to routinely update their respective conflicts lists as potential witnesses or other participants become known to them so that the Arbitrators can check for conflicts and make any disclosures required by law or rule.

**7.3** *Deposits.* The parties are advised that if full payment of arbitration administrative charges and/or deposits requested by the AAA are not received by the stated due date, the Panel may order the suspension of the arbitration and order all hearing dates off calendar, as well as any other remedies for nonpayment as may be provided in the AAA Rules.

**7.4** *Mediation.* The parties are advised of the availability of mediation offered by the AAA, and are encouraged to contact the Case Manager (not the Panel) if they desire further information about such services. The parties are advised that no member of the Panel will act as a mediator or settlement officer in this matter.

**7.5** *Matters Covered.* This document is an order of the Panel pursuant to the AAA Rules. If any party believes that any matter addressed above is inconsistent with conclusions expressed during the Conference, that party is requested to notify the Case Manager immediately. Failure to make a prompt notification report to the Case Manager may result in such inaction / silence being deemed a ratification or implicit consent to the matters set forth in this order.

**7.6** *Binding Effect.* This order shall continue in effect unless it is amended or supplemented by a subsequent written order of the Panel. No changes may be made to this order without the express, written approval of the Panel.

**7.7**   *Significance of Hearing Dates and Deadlines.* Absent approved changes, all deadlines and hearing dates provided for herein will be strictly enforced, except to the extent modified or excused for good cause shown. Any request for an extension or continuance must be submitted in writing and include a detailed statement of the reason(s) supporting the request with a supporting declaration under oath by the requesting party and/or counsel.

**7.8**   *Special Accommodations.* The Panel has been alerted to an attorney being Sabbath-observant. To that end the Panel has agreed that any Friday hearings shall be scheduled to terminate sufficiently in advance of the onset of the Sabbath. The Panel has not been alerted to any other special needs, diversity issues or concerns relative to the deadlines and hearings set forth in this order. If this circumstance changes, counsel for the parties are encouraged to bring that matter to the attention of the Case Manager in advance of the evidentiary hearing.

## II.
### EVIDENTIARY HEARING SCHEDULING MATTERS

**1.**   *Evidentiary Hearing:* By agreement of the parties, through their respective counsel, an evidentiary hearing shall be conducted in this matter in accordance with the following schedule:

**1.1**   An eight-day evidentiary hearing (the "Hearing") is set to take place on the following, mutually agreed upon dates that were cleared with the parties' counsel:

| Week One | Week Two |
|---|---|
| Monday – August 28, 2023 | Monday – September 18, 2023 |
| Tuesday – August 29, 2023 | Tuesday – September 19, 2023 |
| Wednesday – August 30, 2023 | Wednesday – September 20, 2023 |
| Thursday – August 31, 2023 | Thursday – September 21, 2022 |

**1.2**   All Hearing days shall commence at 9:00 a.m. Pacific Time / 11:00 a.m. Central Time / Noon Eastern Time, and shall conclude no later than 5:00 p.m. Pacific Time / 7:00 p.m. Central Time / 8:00 p.m. Eastern Time.

**1.3**   The Hearing dates set forth above are <u>firm</u> dates. Absent a showing of good cause, there shall be no continuances granted in this matter. Parties and counsel are encouraged to put the Hearing dates in ink on their respective calendars and to plan around them.

**1.4**  The Hearing shall be conducted in-person at a place to be agreed to and reserved by the parties' counsel. *Note: Inquiry was made with regard to the availability of hearing rooms at the San Francisco Office of the AAA. The Panel was advised that the large hearing rooms currently are not available for this matter; that they have been reserved for other matters.*

**1.5**  The parties, through their respective counsel, agree that the form of the Award to be issued in this matter is a reasoned award, as provided in paragraph 18 of the Report.

**1.6**  For time reserved for the Hearing, the Panel requires that deposits be fully funded in advance of the Hearing. Through this order, the Panel is setting **Friday – July 7, 2023** as the deadline by which requested deposits for the Panel's anticipated fees are to be fully funded. If deposits are not fully funded by that time, the Panel reserves the right to suspend the arbitration and vacate the dates reserved for the Hearing.

**2.**  ***Deadlines Related to the Evidentiary Hearing:*** The Panel has set the following deadlines for completing tasks related to the Hearing:

**2.1**  A case management conference shall be conducted via video conference on **Wednesday – September 7, 2022, at 10:00 a.m. Pacific Time / Noon Central Time / 1:00 p.m. Eastern Time** for the purpose of discussing the following scheduling matters:

**2.1.1**  what discovery beyond that ordered pursuant to AAA Rule R-22 should be allowed in this matter and the scheduling of same, including a fact discovery cutoff date;

**2.1.2**  the parties' agreement concerning the specific location for the in-person evidentiary hearing, or if no agreement, each party's specific proposal; and

**2.1.3**  such other scheduling matters as may be appropriate.

The parties shall submit a joint report to the Panel on the foregoing topics on **Thursday – September 1, 2022 at 2:00 p.m. Pacific Time / 4:00 p.m. Central Time / 5 p.m. Eastern Time**.

The video conference log-in information is set forth below:

9

https://us02web.zoom.us/j/81848491553?pwd=ZXpiTThQdTRaWFhWbmsrNnFmNWkrZz09
Meeting ID: 818 4849 1553
Passcode: 264660

One tap mobile
+16699006833,,81848491553#,,,,*264660# US (San Jose)
+16694449171,,81848491553#,,,,*264660# US
+1 346 248 7799 US (Houston)
+1 929 205 6099 US (New York)

**2.2**   **Monday – June 5, 2023,** is the deadline for designating expert witnesses (retained and non-retained) with disclosures of their testimony. The parties' respective expert witness designation(s) shall be served only upon counsel for the other party in PDF format via email, with hard copy via U.S. Mail (unless otherwise agreed). The designation and disclosures for each expert shall include at least the following:

   **2.2.1**   a statement of the witness's qualifications, including a list of all publications authored in the previous 10 years;

   **2.2.2**   a complete statement of all opinions the witness will express and the basis and reasons for them;

   **2.2.3**   the data considered by the witness in forming his or her opinions;

   **2.2.4**   any exhibits that will be used to summarize or support the witness's opinions;

   **2.2.5**   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

   **2.2.6**   a statement of the compensation to be paid for testimony in the case.

**2.3**   **Monday – June 19, 2023,** is the deadline for designating rebuttal expert witnesses (retained and non-retained) with disclosures of their testimony. The parties' respective rebuttal expert witness designation(s) shall be served only upon counsel for the other party in PDF format via email, with hard copy via U.S. Mail (unless otherwise agreed). The designation and disclosures for each rebuttal expert shall include at least the following:

10

**2.3.1**  a statement of the witness's qualifications, including a list of all publications authored in the previous 10 years;

**2.3.2**  a complete statement of all opinions the witness will express and the basis and reasons for them;

**2.3.3**  the data considered by the witness in forming his or her opinions;

**2.3.4**  any exhibits that will be used to summarize or support the witness's opinions;

**2.3.5**  a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

**2.3.6**  a statement of the compensation to be paid for testimony in the case.

**2.4**  **Friday – July 14, 2023,** is the deadline for taking expert witness depositions. In advance of the deadline for designating expert witnesses, the parties, through their respective counsel, are encouraged to meet-and-confer for the purpose of setting mutually agreeable dates for the deposition of their respective expert witnesses.

**2.5**  **Tuesday – July 18, 2023, at 9:00 a.m. Pacific Time / 11:00 a.m. Central Time / Noon Eastern Time** is the date for the hearing readiness conference in this matter, which shall be conducted via video conferencing using the zoom.us platform. The video conference log-in information is set forth below:

https://us02web.zoom.us/j/82557106256?pwd=ZzYrRE5HcmRLeVdBNjJqOGxjTFFtQT09
Meeting ID: 825 5710 6256
Passcode: 048251

One tap mobile
+16694449171,,82557106256#,,,,*048251# US
+16699006833,,82557106256#,,,,*048251# US (San Jose)
+1 346 248 7799 US (Houston)
+1 929 205 6099 US (New York)

**2.6** If the parties, through their counsel, are able to agree on a joint set of hearing exhibits and/or any undisputed facts, **Friday – July 21, 2023,** is the deadline by which the parties shall submit and serve their stipulation regarding undisputed facts and undisputed documentary exhibits, with the exhibits attached to the stipulation and numbered 1, 2, 3 etc. The stipulation shall be provided to each member of the Panel in both PDF and hard copy format. The PDF copy should be provided to each member of the Panel on a jump drive. *Please do not send exhibits via email or hyperlink.*

**2.7** For any proposed hearing exhibits that are not included in a stipulated joint set, as provided in paragraph 2.5, above, **Monday – July 24, 2023,** is the deadline by which the parties shall exchange their proposed hearing exhibits, with such exhibits organized, numbered and tabbed in the order they will be used during the Hearing. Claimants' exhibits should be numbered 1001, 1002, 1003, etc. Respondent's exhibits should be numbered 2001, 2002, 2003, etc. Each exhibit should be numbered with its Exhibit number and page numbers. For example, if Exhibit 1001 has five pages, it should be numbered 1001-1, 1001-2, 1001-3, 1001-4 and 1001-5. The parties' respective hearing exhibits shall be exchanged in both hard copy and PDF format. *Note: With the exception of exhibits offered solely for impeachment or rebuttal purposes, documents not included in the aforementioned joint exhibits shall not be admitted into evidence at the Hearing except on a showing of good cause or agreement of the parties, through their respective counsel.*

**2.7.1** **Monday – August 7, 2023** is the deadline for the parties to provide each member of the Panel with a complete set of their respective proposed hearing exhibits in hard copy and PDF format. The PDF copy should be provided to each member of the Panel on a jump drive. *Please do not send exhibits via email or hyperlink.*

**2.7.2** The parties' counsel are responsible for making sure that witnesses have a complete set of whatever exhibits they may be asked to refer to during the course of their testimony. For witnesses who are scheduled to appear via video conference, arrangements should be made in advance so that the witness is in a location where he or she will have access to email and a printer should it be necessary to provide him or her with a copy of an exhibit not included in their pre-hearing set of exhibits (e.g., impeachment or rebuttal exhibits).

**2.7.3** The parties do <u>not</u> need to provide the Case Manager with a copy of their respective proposed hearing exhibits.

**2.8** **Monday – August 7, 2023,** is the deadline by which the parties shall submit and serve their respective witness lists identifying the witnesses they may call to offer testimony at the Hearing, their call order, and their estimated time for direct examination. The parties' witness lists shall be submitted and served concurrently upon counsel for the parties, the Case Manager and each member of the Panel in PDF format via email. *Note: Witnesses who have not been identified will not be allowed to testify at the Hearing except for impeachment and rebuttal purposes or upon a showing of good cause for exception from this Order or agreement of the parties, through their respective counsel.*

**2.9** **Monday – August 7, 2023,** is the deadline by which the parties shall submit and serve their respective opening briefs. The parties' briefs shall be submitted and served concurrently upon counsel for the parties, the Case Manager and the each member of the Panel in PDF format via email. The page limit for the briefs is 50 pages, double-spaced. *Note: The briefs provided to the Panel should include a hard copy appendix of all authorities cited in the parties' respective briefs, served via U.S. Mail or overnight courier so as to reduce study time by the members of the Panel.*

**2.10** **Monday – August 14, 2023, at 10:00 a.m. Pacific Time / Noon Central Time / 1:00 p.m. Eastern Time** is the date for the final status conference in this matter, which shall be conducted via video conferencing using the zoom.us platform. The video conference log-in information is set forth below:

https://us02web.zoom.us/j/88260272465?pwd=bGE4bXVpN0UrdGFVZDJ4K3BRNGZQZz09
Meeting ID: 882 6027 2465
Passcode: 625885

One tap mobile
+16699006833,,88260272465#,,,,*625885# US (San Jose)
+16694449171,,88260272465#,,,,*625885# US
+1 346 248 7799 US (Houston)
+1 929 205 6099 US (New York)

**2.11** Subpoenas to secure the appearance of any non-party witnesses or documents at the Hearing will be issued by the Chair only. The party requesting a subpoena shall disclose the subpoena to and shall confer with the other party's counsel prior to requesting its issuance, and shall inform the Panel if the other party opposes issuance of any proposed subpoena. If any party objects to the issuance of a subpoena or the content of any subpoena, such objection shall be presented to the Panel no more than 48-hours after issuance is requested, unless a shorter time is ordered by the Panel. Subpoenas for the attendance of witnesses or

13

documents at the Hearing should be submitted to the Panel no later than **Monday – July 31, 2023.**

3. ***Record of Proceedings / Filing of Documents:***

   **3.1** *Arbitration Record.* The record of the arbitration proceedings is that which is submitted and served upon the parties' counsel and the members of the Panel. The record in this matter does <u>not</u> include the notes, files, or working papers of the members of the Panel, nor does it include copies of any submissions served upon the members of the Panel in this matter. Those materials belong to and are the exclusive, private property of the members of the Panel, and are <u>not</u> part of the "record" of this arbitration proceeding.

   **3.2** *Accelerated Service on Arbitrator.* Communications and filings that are intended for eventual consideration by the Panel may be sent directly to the Panel, *provided that* copies are served concurrently on the Case Manager and opposing counsel by the same method that is used for transmission to the members of the Panel. On that subject, the members of the Panel should not be included on communications or provided with copies of documents that differ from the types of things that are normally transmitted by counsel in a civil lawsuit to either the Judge or Court Clerk. For example, the members of the Panel should not be included on communications between counsel regarding settlement.

   **3.3** *Accelerated Submittal to the AAA and Service on Opposing Counsel.* Documents that are intended for immediate consideration by counsel and the Panel may be sent by email, as PDF attachments, with a copy to the Case Manager. For documents served by email, sending counsel is encouraged to request confirmation of receipt and receiving counsel is encouraged to send an email acknowledging receipt so as to avoid later disputes about delivery. A submitting party shall contemporaneously provide to the Panel electronic (PDF) copies of all legal authorities cited in its submission.

   **3.4** *Court Reporter.* If any party wishes to utilize a court reporter at any hearing or proceeding, including but not limited to the evidentiary hearing on the merits, the responsibility for making arrangements to have the court reporter present rests with that party – and not with the Case Manager, the AAA or the Panel. To avoid having multiple court reporters present for the same proceeding or hearing, any party wishing to have a stenographic record must advise all other parties at least seven (7) days prior to the start date of the scheduled proceeding or hearing, <u>and</u> must make arrangements for the court reporter in advance of the start of the hearing or proceeding. If both / all parties wish to have a court reporter present at any hearings or proceeding, they are encouraged to meet-and-confer for the purpose of agreeing on the selection of the court reporter who will attend and report the hearing or proceedings. The Panel has no

preference regarding the use (or non-use) of a court reporter. If a court reporter is present, both sides must be given the opportunity to purchase a transcript according to the same pricing schedule. If a court reporter is present and any party intends to cite to or quote from the reporter's transcript, a certified copy of the transcript must be provided to each member of the Panel and the other side.

IT IS SO ORDERED.

Dated:  19 August 2022.

For the Panel:

Rebecca Callahan, Chair