# EXHIBIT K

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Panel

---

In the Matter of the Arbitration Between:

Coinmint, LLC,

          *Claimant and Counter-Respondent,*

- vs –

Katena Computing Technologies, Inc.,

          *Respondent and Counter-Claimant.*

AAA Case No. 01-22-0001-7627

---

### ORDER NO. 48 – FINAL STATUS CONFERENCE ORDER

  A duly noticed final status conference ("Conference") was conducted via video conference on Monday – August 14, 2023, before Arbitrators Rebecca Callahan, Ruth V. Glick and Gilda Turitz ("the Panel"). Participating in the Conference were Fletcher Alford, Robert Lemus and Kevin Liu, of Gordon Rees Scully Mansukhani LLP, appearing on behalf of Claimant Coinmint, LLC ("Coinmint"), and John Hardin and Jacob Taber, of Perkins Coie LLP, appearing on behalf of Respondent Katena Computing Technologies, Inc. ("Katena"). Based upon the information provided during the Conference, the following matters have been determined:

1.  ***Witness Lists and Time Estimates.*** On August 11, 2023, the parties submitted their witness lists with time estimates for direct examination of anticipated witnesses during the presentation of their respective cases-in-chief. Coinmint's hearing time estimates for direct examination of the nine witnesses identified in its witness list was 28.5 hours or approximately 5 days of hearing time.[1] Katena's hearing time

---

[1] As discussed with the parties' counsel at the outset of this arbitration, the parties should expect that in a hearing that starts at 9 a.m., ends at 5:30 or 6:00 p.m., provides two 15-miinute breaks (one in the morning and one in the afternoon), and provides for a 75 to 90-minute break for lunch, there should be approximately 6 hours available on each hearing day for the presentation of evidence. For purposes of doing their estimates for direct examination of witnesses, the parties' counsel were instructed to assume 6 hours of evidence presentation time per hearing day.

estimates for direct examination of the nine witnesses identified in its witness list was 28 hours or approximately 5 days of hearing time.

Assuming approximately 6 hours of evidence presentation time per hearing day (*see* footnote 1), the parties' estimates for the presentation of evidence in support of their respective cases-in-chief would need 10 days (60 hours) of hearing time for direct examination, leaving <u>no time</u> estimated or reserved for cross-examination, impeachment or rebuttal testimony. Accordingly, the following procedures are in place for witness examination during the first and second weeks of evidentiary hearing – August 28 – 31, 2023, and September 18 – 21, 2023, respectively, and the additional hearing days of October 16 and 17, 2023.

a.  <u>Revised Witness Lists</u>. No later than **Thursday – August 17, 2023,** the parties are to submit revised witness lists, with estimates for direct examination that take into consideration the need for all witnesses to submit to cross-examination – *i.e.*, each side's estimates should total <u>less than 28 hours</u>.

b.  <u>Common Fact Witnesses</u>: As mentioned above, each party has nine witnesses on their witness list, of whom six witnesses are the same: Jim DeNaut, Michael Gao, Norbert Guiol, Henry Monzon, Sagar Reddy and Ashton Soniat. These witnesses will sit once for examination by the parties, subject to recall for the limited purpose of offering short rebuttal and/or impeachment testimony. During the first week of hearings (August 28 – 31, 2023), Coinmint will be allowed to conduct the first examination of each of the aforementioned witnesses who are called to testify at that time. When Coinmint has completed its initial examination of a witness, Katena shall then cross-examine the witness, will not be limited to topics raised by Coinmint's examination, and may examine the witness on other subjects beyond Coinmint's direct examination. During the second week of hearings (September 18 – 21, 2023), Katena will be allowed to conduct the first examination of each of the remaining aforementioned witnesses who are called to testify at that time. Similarly, Coinmint will then be allowed to cross-examine the witness, will not be limited to topics raised by Katena's examination, and may examine the witness on other subjects beyond Katena's direct examination. Counsel are encouraged to work with each other to coordinate the dates and times for the common fact witnesses to appear at the evidentiary hearing set to start on

       August 28, 2023. The Panel expects that the parties will have the next anticipated witness appear promptly when scheduled so that there is no "down time" in waiting for that witness' testimony to commence.

c.    <u>Non-Common Fact Witnesses</u>: With regard to the remaining non-expert witnesses, the following is the order in which the non-common fact witnesses will be examined. Counsel are encouraged to work with each other to coordinate the dates and times for presenting said witnesses for examination during the first or second week of hearings so as to maximize the use of available hearing time each day:

- First, Randy Foret, who will be examined by Coinmint's counsel and then made available for cross-examination by Katena's counsel.

- Second, Joe Cutler, who will be examined by Katena's counsel and then made available for cross-examination by Coinmint's counsel.

d.    <u>Expert Witnesses</u>: The parties have each submitted motions seeking to exclude opinion testimony by one or both of the other's designated experts. Both parties have indicated to the Panel that they would like the opportunity to submit and serve a response to the other side's motion. In affording the parties this opportunity, the Panel will not be able to rule on those motions before the start of the first week of evidentiary hearings on August 28, 2023. The following is the schedule for briefing and hearing on the parties' respective motions to exclude opinion testimony:

- **Thursday – September 7, 2023,** is the deadline for the party opposing the motion(s) to exclude expert opinion testimony to submit and serve their opposition. The opposition papers shall be submitted and served concurrently upon counsel for the parties, the Case Manager and each member of the Panel in PDF format via email. If the opposition contains voluminous exhibits (*e.g.*, more than 50 pages), then the submitting

3

        party shall provide a hard copy to each member of the Panel by overnight courier.

- There are to be no reply papers unless requested by the Panel.

- After receiving the parties' opposition papers, the Panel will decide whether a hearing is needed, and will so notify the parties' counsel.

e. <u>Video Appearances</u>: With respect to witnesses, it is the Panel's understanding that the only witness expected to appear by video conference is Jim DeNaut. Counsel are directed to advise the Panel no later than **Friday – August 18** if they expect any other witness to appear by video conference. Further, if counsel expect that any corporate representative of a party may participate by videoconference, they shall advise the Panel no later than **Friday – August 18** as to such representative and the date(s) that such representative may so participate.

f. <u>Sequestration</u>: Unless the parties agree otherwise, attendance at the evidentiary hearing proceedings that are set to start on August 28, 2023, shall be limited to party representatives and members of each party's trial team. Fact witnesses who are not party representatives shall be sequestered until they are called to testify. Expert witnesses may attend during their counterpart's testimony.

4

2.  **Katena's Motion for Sanctions**. On August 11, 2023, Katena submitted and served a "Motion for Sanctions" in which Katena asked that the Panel "sanction Coinmint for its egregious and dishonest discovery misconduct and for the repeated willful violations of the SPO" ("the Second Sanctions Motion").[2] By agreement of the parties, through their respective counsel, the following briefing schedule is in place with regard to the Second Sanctions Motion:

    a.  **Thursday – September 14, 2023,** is the deadline for Coinmint to submit and serve its response to the Second Sanctions Motion. Coinmint's response papers shall be submitted and served concurrently upon counsel for Katena, the Case Manager and each member of the Panel in PDF format via email. If Coinmint's response papers contain voluminous exhibits (*e.g.*, more than 50 pages), then Coinmint shall provide a hard copy to each member of the Panel by overnight courier.

    b.  **Tuesday – September 19, 2023,** is the deadline for Katena to submit and serve its reply to Coinmint's opposition to the Second Sanctions Motion. Katena's reply papers shall be submitted and served concurrently upon counsel for Coinmint, the Case Manager and each member of the Panel in PDF format via email. If Katena's reply contains voluminous exhibits (*e.g.*, more than 50 pages), then Katena shall provide a hard copy to each member of the Panel by overnight courier.

    c.  After receiving the parties' papers, as described above, the Panel will decide whether a hearing is needed, and will so notify the parties' counsel during the second week of evidentiary hearings.

---

[2] Katena's first motion for sanctions was submitted in February 2023, and was prompted by Coinmint's alleged violation of the Stipulated Protective Order / Order No. 6 ("SPO"). On February 13, 2023, the Panel issued Order No. 18, in which it found that Coinmint had violated the SPO and set the matter for further briefing and hearing with regard to (a) the type of sanctions to be awarded, and (b) the issue of whether sanctions should be awarded against Coinmint, Coinmint's attorneys or both. *See* Order No. 18, ¶¶ 6(a) – (d). After conducting a hearing on Katena's first request for sanctions on May 17, 2023, the Panel issued Order No. 43 in which it found that Coinmint should be sanctioned in the form of monetary sanctions and an award of attorney's fees, to be determined as part of the Final Award in this arbitration. *See* Order No. 43, ¶ 6.

**3.** **Court Reporter – Modification of Order No 46.** As the record in this arbitration reflects, the Panel has been presented with a number of disputes concerning the procedures that would govern the hearing proceedings conducted for the purpose of receiving testimony by non-party witnesses who have been sued by Coinmint for tort damages allegedly sustained as a result of the witnesses' alleged conduct and interactions concerning Coinmint's contract with Katena, which is the subject of this arbitration.[3] In Order No. 24, the Panel ordered that there would be no court reporter, videotaping or any other manner of recording the testimony given by Messrs. Bleck, DeNaut and Maloney. *See* Order No. 24, ¶ 2(e).

At the case management conference conducted on March 22, 2023, Coinmint's counsel requested that the Panel modify paragraph 2(e) of Order No. 24. Katena's counsel objected to the proposed modification and argued that having a stenographic record of the testimony given by Messrs. Maloney, DeNaut and Bleck would be a problem because Coinmint "is not following the Panel's orders." Katena's stated concern was that "whatever is said will be put in the public domain" through filings in the Federal Court Action (defined in footnote 3). *See* Order No. 29, ¶ 4. The Panel sustained Katena's objection and denied Coinmint's modification request. *Id.*

At the case management conference conducted on July 17, 2023, the Panel revisited with counsel whether either side wanted a court reporter for the evidentiary hearing proceedings set to start on August 28, 2023. *See*, Order No. 46, ¶ 1. As reflected in Order No. 46, Coinmint responded that it would like to have the proceedings reported, and Katena objected because (a) there would be an incomplete record of the arbitration proceedings since the hearing proceedings conducted to receive the testimony of Messrs. Bleck and Maloney were not reported or transcribed, and (b) Katena still had concerns that Coinmint would use the transcripts in the court proceedings being conducted outside of this arbitration. Noting that it does not need to have reporter transcripts of the hearing

---

[3] As discussed in Order No. 18, the Panel was advised in February 2023 that Coinmint had filed a civil action in the Santa Clara Superior Court in which it named DX Corr Design, Inc., Sagar Reddy, Robert Bleck, Jim DeNaut, Frank Kinney and Does 1 through 40, Case No. 23CV410979 ("the State Court Action"). The Panel was later advised by the parties' counsel that the State Court Action was removed to the United States District Court for the Northern District of California, where it is commonly referred to as *Coinmint, LLC v. DX Corr Design, Inc., et al.*, Case No. 5:23-cv-00599-VKD ("the Federal Court Action"). The Panel was further advised by the parties' counsel that (a) Michael Maloney was added to the Federal Court Action as Doe One, (b) Sagar Reddy filed a motion in the Federal Court Action seeking an order staying those proceedings pending the outcome in this arbitration, and (c) Mr. Reddy's stay motion was granted.

6

proceedings; the Panel ordered that, absent a written agreement of the parties, there would be no court reporter at any of the future evidentiary hearing proceedings in this matter. *Id.*

In preparation for the final status conference, the Panel reviewed its prior orders and noted that the "no court reporter" order originally was in response to a request made by Katena, and that that request was geared specifically to protecting the confidentiality of the testimony provided by Messrs. Bleck, Maloney and DeNaut. As such, the prospect of there being proceedings in this arbitration that were not entirely recorded by a court reporter was put in motion by Order No. 24. Based upon the Panel's review of its prior orders, as discussed above, Order No. 46 is hereby modified to allow either or both parties to have a court reporter present for the evidentiary hearing proceedings set to start on August 28, 2023, as previously noticed in the Notice of Hearing, dated August 1, 2023, in accordance with AAA Commercial Rule R-28 and Section II, paragraph 3.4 of Order No. 1. However, there shall be no court reporter for the testimony of Sagar Reddy, who is a defendant in the Federal Court Action, unless Mr. Reddy's counsel agrees in advance that his testimony may be recorded.

4. **Hearing Time Will Be Shared Equally**. The parties' counsel were reminded that the hearing time for the evidentiary hearing proceedings set to start on August 28, 2023, as set forth in the Notice of Hearing, dated August 1, 2023, will be shared equally and that the Panel will maintain a daily time tally as follows:

   a. Since ten (10) hearing days have been reserved, the starting premise is that there are approximately 60 hours (3,600 minutes) available for the presentation of evidence, which shall be divided 30 hours (1,800 minutes) for all aspects of Coinmint's case and 30 hours (1,800 minutes) for all aspects of Katena's case – meaning all time utilized by a party for such matters as opening statement, direct examination, cross-examination, redirect examination, presentation of impeachment or rebuttal evidence, any motions during the hearing, and closing argument. In brief, whenever a party is "up" in presenting such matters, that party will be charged with the time it utilizes, including any break time that the party may request outside of the anticipated morning, lunch, and afternoon breaks.

b. Time allocated for breaks shall be shared / allocated evenly between the parties. For example, if a lunch break starts at 12:15 p.m. with a report back time of 1:30 p.m., each party will be charged with 37.5 minutes. If one side is late in returning from lunch or asks for more time, that additional time will be charged to that party. However, if both sides are late in returning from lunch, the extended time for the lunch break will be allocated evenly between the two sides. The same holds true for the morning and afternoon breaks. If a 15-minute break is taken, and one side is late in returning, the additional break time will be charged to that party.

c. Time spent on "housekeeping" matters put forth by the Panel will be shared / allocated evenly between the parties.

d. Should the Panel need to take a break to confer, that time will be shared / allocated evenly between the parties.

e. The Panel will advise counsel daily of the amount of time consumed by each side up to that point.

IT IS SO ORDERED.

Dated: 15 August 2023

*[signature: Rebecca Callahan]*

Rebecca Callahan, Chair
*On behalf of the Panel*