# EXHIBIT N

AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| Coinmint, LLC,<br><br>    Claimant / Counter Respondent,<br><br>-against-<br><br>Katena Computing Technologies, Inc.,<br><br>    Respondent / Counter Claimant. | Case No. 01-22-0001-7627<br><br>**<u>KATENA'S MOTION FOR REMEDY FOR COINMINT'S VIOLATION OF THE STIPULATED PROTECTIVE ORDER</u>** |

Coinmint violated the Stipulated Protective Order agreed to by the Parties and signed and entered by the Panel as Order No. 6.

Coinmint filed a new state court action that heavily relies on and "quotes" from Protected Material, and then attached fourteen (14) documents produced in this Arbitration and designated as "Confidential" by Katena under the Stipulated Protective Order.[1] Those documents were "Protected Material" under the Stipulated Protective Order, their use by the Parties was limited to use in prosecuting and defending this Arbitration, and the Panel had just reminded Coinmint of this prohibition when it threatened to file such an action and again at the Emergency Hearing during Mr. Foret's deposition. But Coinmint violated the Agreed Protective Order anyway. Katena needs the Panel to act.

**I.    THE PROTECTIVE ORDER**

On November 10, 2022, the Panel signed and entered the Stipulated Protective Order (Order No. 6). The Stipulated Protective Order was heavily negotiated by the Parties and was signed and agreed to by Coinmint's counsel and entered as an Order by the Panel.

---

[1] Coinmint purports to have provisionally filed the Exhibits under seal, but then has heavily quoted (and more often misquoted) them in the Complaint. Coinmint claims to have provisionally filed the Complaint under seal as well, but the Complaint can be found through a courthouse news search.

The stated purpose of the Stipulated Protective Order is to limit the parties' use of "confidential, proprietary, and/or private information for which special protection from public disclosure and from use for <u>any purpose other than prosecuting or defending this Action</u> may be warranted." (Stipulated Protective Order § 1 (emphasis added).)  Section 5 of the Stipulated Protective Order provides for the designation of documents as "Confidential" or "Attorneys' Eyes Only" by a producing party, and Section 6 provides a procedure to be used by a receiving party in challenging such designation.  Coinmint has not challenged the designation of any Katena documents as "Confidential" or "Attorneys' Eyes Only" under Section 6.

Section 7 of the Stipulated Protective Order governs "Access to and Use of Protected Material":

> <u>7.1   Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case <u>only for prosecuting, defending, or attempting to settle this arbitration</u>. Such Protected Material <u>may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order</u>. When the arbitration has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order. (Stipulated Protective Order § 7.1 (emphasis added).)

Section 7.2 describes the limited categories of persons who are permitted to access "Confidential" discovery materials—the parties, their attorneys, the Panel, and limited support staff (such as paralegals and court reporters) necessary to facilitate the arbitration.

Stipulated protective orders are customary in arbitrations. They are used to encourage the free flow of information and to dissuade discovery battles, a point that the Panel has made repeatedly, including recently in the Emergency Hearing held during Mr. Foret's deposition.

## II.    COINMINT INTENTIONALLY VIOLATED THE PROTECTIVE ORDER

On January 27, 2022, Coinmint filed the attached lawsuit in the Superior Court of California, Santa Clara County. It alleges a number of claims against Katena's CTO Sagar Reddy, Mr. Reddy's chip design consulting firm DxCorr, and former Coinmint employees and/or independent contractors James DeNaut, Frank Kinney, and Robert Bleck. It also showcases that a deal is in the works for Maloney, as he is now identified as "Doe 1" in the caption, although liberally identified in the body of the Complaint. The relief that Coinmint is seeking from a California judge: to invalidate the Agreement that is before the Panel even though it is subject to this Arbitration. Katena is not a party to the State Court lawsuit, nor could it be given the Arbitration Clause.

No doubt Coinmint disclosed the lawsuit to Messrs. DeNaut and Maloney, causing those individuals to, appropriately, "lawyer-up" and shut down Katena's ability to depose them. It will be for the Panel to determine whether Coinmint has instituted collateral litigation against the witnesses in this proceeding to influence the testimony of those witnesses (especially in light of the generous California statutes of limitation that would have allowed Coinmint to delay its filing until after the August hearing).

The State Court Complaint is based, almost exclusively, on Protected Material that Katena produced in this Arbitration. Coinmint attached 14 exhibits to its state court complaint. Attachment A is a letter from Coinmint counsel, forwarding a copy of the Complaint and exhibits. <u>All</u> 14 exhibits were documents (emails and text messages) produced in this Arbitration by Katena. <u>All</u> of them were designated as "Confidential" by Katena, a designation that Coinmint never challenged before filing. And in addition to attaching full copies of the Protected Material—including whole days of text message conversations between Katena principals that contain sensitive discussions of customers and matters having nothing to do with Coinmint—Coinmint also quotes and paraphrases (albeit in a false and defamatory manner)[2] the Protected Material in the <u>body</u> of the

---

[2] Coinmint also incorrectly "quotes" the documents, but that issue is expressly reserved for later and is not raised herein.

- 3 -

Complaint.³ As the Panel can plainly see, Coinmint's improper misuse of Katena's Confidential discovery materials was not slight; it was pervasive.

Coinmint cannot possibly argue that the Complaint constitutes a "permitted use" of Katena's discovery materials. Section 7.2 identifies those limited permitted uses, and, not surprisingly, it does not identify "initiating collateral litigation" against potential witnesses among them. To the contrary, the express and agreed-upon purpose of the Stipulated Protective Order, set out in Section 1, is to prevent those discovery materials from being used "for any purpose other than prosecuting or defending" this arbitration. Obviously, Coinmint has undermined (if not destroyed) that purpose.

### III. COINMINT'S WILLFUL BREACH OF THE STIPULATED PROTECTIVE ORDER MERITS ACTION.

No doubt Coinmint's timing was tactical and meant to disrupt the Arbitration on many levels. For example:

Coinmint waited until last night to email Katena the filing.

Coinmint's counsel's letter purports to start an arbitrary 10-day clock for Katena to file a motion to seal the Complaint and exhibits—never mind that Katena is <u>not</u> a party to the state court litigation, cannot appear in said litigation without waiving the parties' arbitration agreement, and the lawsuit has not even been accepted for filing by the court clerk yet. Coinmint now has the audacity to claim that it is Katena's burden to correct Coinmint's intentional violation of the Agreed Protective Order.

The lawsuit is against witnesses in this case: Maloney (DOE 1), DeNaut, Bleck, Reddy. Set aside the challenge the Panel will have in the future in judging the credibility of Coinmint's "witnesses" (Maloney (DOE 1), Bleck, DeNaut) who are being squeezed with legal claims, every individual will now need to hire a lawyer, who will (justifiably) challenge enforcement of their hearing subpoenas in this Arbitration by arguing that Coinmint will use that testimony in the state court proceeding. Coinmint has shown that

---

³ Coinmint purported to file the exhibits temporarily under seal, although it has represented to Katena that it will not move to seal them. The Complaint was publicly filed and has been available to the public since January 27.

- 4 -

it absolutely does not care about the "Basic Principles" under which Confidential Information is provided in Arbitrations.

And it will undoubtedly impact depositions. Today is the deposition of Mr. Monzon and tomorrow is the deposition of Mr. Gao. Coinmint will undoubtedly ask them about the most sensitive aspects of Katena's operations—other customers, business relationships, and proprietary technology that Katena's competitors would be eager to get their hands on. Indeed, during Mr. Monzon's deposition, Mr. Alford repeatedly asked questions about Katena's customers and demanding full disclosure by the witness based on…..the protections afforded under the Protective Order! Suffice it to say, Katena is deeply concerned that Coinmint, having already expressed its total disregard for the Stipulated Protective Order, will willfully breach it again once it has this information. Coinmint has already published Katena's private internal communications (through its quotes and misquotes in the Complaint) to the public docket for all the world to see. There can be little doubt that Coinmint will do the same with Katena's deposition testimony, including the deposition testimony of its PMK about finances, customers, and its technology.

Unless this Panel acts to enforce the requirements of the Stipulated Protective Order, it offers Katena no protection at all, and we can all expect continued violations.

**IV.   WE URGE THE PANEL TO ACT QUICKLY.**

There are two violations occurring. First, Coinmint violated Section 7.1, Basic Principles, by using Protected Material for something beyond this Arbitration. Second, Coinmint publicly filed at least the Complaint. Katena respectfully requests that the Panel impose a remedy or sanction on Coinmint that matches the gravity of its cavalier and intentional disregard for the confidentiality obligations, memorialized in an Order of this Panel, that Coinmint voluntarily undertook by signing the Stipulated Protective Order, and to take further actions necessary to remedy the violation and the lingering distrust of producing any additional Protected Material.

First, the Panel should order Coinmint to immediately withdraw the Complaint, which is inextricably intertwined with the 14 confidential Katena documents attached thereto and on which the Complaint purports to rely. Coinmint should also be required to request that the Complaint and unredacted exhibits not be accepted for filing; or, if it is too late to do so, Coinmint must file a motion to seal the Complaint and exhibits with all due haste. Coinmint agreed not to publicly disclose Protected Material and not to use Protected Material for some other purpose, and the Panel, by signing the Stipulated Protective Order, ordered Coinmint not to do that. They should not be allowed to flip the burden to Katena who is not even a party to that lawsuit. The Panel should also make it clear that additional sanctions will be warranted if Coinmint does not act immediately with continued utmost diligence in correcting its intentional violation.

Katena also asks the Panel to enter an appropriate monetary sanction against Coinmint and/or its counsel as sanctions for this violation and to dissuade Coinmint from additional breaches of the Stipulated Protective Order. As for an amount, Katena suggests either a lump sum or an amount per violation (such as per Exhibit) that could apply to this instance—because it is obvious that Coinmint's breach was entirely intentional and substantial—and to future instances. Katena suggests that such an amount should at least be $25,000 per violation but defers to the Panel.

Katena asks the Panel to fashion a remedy it deems appropriate recognizing the impact of this violation on document discovery, the depositions this week of Mr. Monzon, Mr. Gao, and Katena's PMK, the requested deposition of Katena's CTO, Sagar Reddy, and the future evidentiary testimony of Messrs. Maloney, DeNaut, and Bleck. Coinmint violated the "Basic Principle" of arbitrations, willfully. How can the Panel provide the requisite assurance so that the Parties can exchange information as the AAA envisions? As a start, we ask that the Panel temporarily prohibit the release of rough and final transcripts of any Katena depositions to Coinmint or its counsel until the Panel can rule on this Motion.

Dated: February 7, 2023

Respectfully submitted,

PERKINS COIE LLP

By: */s/ John R. Hardin*
    John R. Hardin
    Jacob J. Taber
    500 N. Akard Street, Suite 3300
    Dallas, Texas 75201
    Tel: 214.965.7700
    Fax: 214.965.7799
    JohnHardin@perkinscoie.com
    JTaber@perkinscoie.com

## **VERIFIED MEET AND CONFER**

The undersigned counsel certifies that he attempted to confer with counsel for Coinmint about the relief sought herein during the deposition of Mr. Monzon and on the record and counsel for Coinmint was unable to agree with Counsel. The Meet and Confer was transcribed at Katena's request if the Panel wishes to review.

                                                            *s/ John R. Hardin*