# EXHIBIT R

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Panel

In the Matter of the Arbitration Between:

Coinmint, LLC,

                                 *Claimant and Counter-Respondent,*

- vs –

Katena Computing Technologies, Inc.,

                                 *Respondent and Counter-Claimant,*

AAA Case No. 01-22-0001-7627

---

<u>ORDER NO. 29 – ORDER AFTER CASE MANAGEMENT CONFERENCE OF MARCH 22, 2023</u>

      A duly noticed case management conference ("Conference") was conducted on Wednesday – March 22, 2023, at 9:00 a.m. Pacific Time before Arbitrators Rebecca Callahan, Ruth V. Glick and Gilda Turitz ("the Panel"). Participating in the Conference were Fletcher Alford of Gordon Rees Scully Mansukhani LLP, appearing on behalf of Claimant Coinmint, LLC ("Coinmint"), and John Hardin and Jacob Taber of Perkins Coie LLP, appearing on behalf of Respondent Katena Computing Technologies, Inc. ("Katena"). Based upon the information provided during the Conference and in the parties' Joint Status Report, dated March 20, 2023, the following matters have been determined:

      1.      The Panel reported that it has heard nothing from the third-party witnesses who have been summoned to give testimony and produce documents in this matter on April 3, 2023 (Michael Maloney in New York), April 4, 2023 (Jim DeNaut in Greenwich, Connecticut) and April 18, 2023 (Robert Bleck in San Diego). Accordingly, unless the parties instruct or agree otherwise, the Panel intends to go forward with the aforementioned evidentiary hearing proceedings as previously noticed, and expects the third-party witnesses to appear as instructed by their respective summonses.

      2.      Katena's counsel stated that they had been in contact with counsel for Jim DeNaut about possibly arranging an alternative date for the hearing proceeding that has been scheduled for purposes of receiving Mr. DeNaut's testimony in this matter. Counsel were reminded that the proceedings that have been scheduled in Connecticut are evidentiary hearing proceedings – not a deposition – and that any change in the date must be cleared and

approved by the Panel unless the parties agree to take the April 4, 2023, evidentiary hearing off calendar. The parties' counsel were encouraged to schedule a three-way conference call with Mr. DeNaut's attorneys for the purpose of reaching an agreement concerning the date, time and place for conducting an evidentiary hearing to receive Mr. DeNaut's testimony, subject to the Panel's availability on the parties' and witness' mutually available dates, and to consider stipulating to conducting the evidentiary hearing for Mr. DeNaut by videoconference (Zoom).

3.     The Panel has previously been made aware of the fact that Coinmint filed a civil action in the Santa Clara Superior Court against DX Corr Design, Inc., Sagar Reddy, Robert Bleck, Jim DeNaut, Frank Kinney and Does 1-40[1], as Case No. 23CV41 0979 ("the State Court Action"). The Panel has since been advised by the parties' counsel that the State Court Action was removed to the United States District Court for the Northern District of California, where it is commonly referred to as *Coinmint, LLC v. DX Corr Design, Inc., et al.*, Case No. 5:23-cv-00599-VKD ("the Federal Court Action"). The Panel has further been advised by the parties' counsel that (a) Michael Maloney has been added to the Federal Court Action as Doe One, (b) Sagar Reddy has filed a motion in the Federal Court Action seeking an order staying those proceedings pending the outcome in this arbitration, (c) Coinmint has opposed Mr. Reddy's stay motion, (d) a hearing on the stay motion is set for April 11, 2023, and (e) a case management conference is set for May 16, 2023.

The Panel does not need to be provided with copies of the pleadings filed in the Federal Court Action. However, the parties are instructed to provide the Panel with (a) copies of any orders entered in the Federal Court Action that in any way pertain to this arbitration, starting with the court's ruling on Sagar Reddy's stay motion, and (b) copies of any reports submitted to the court in anticipation of the May 16, 2023, case management conference. Additionally, the parties are instructed to provide the Panel with a Joint Report concerning the outcome of the hearing on Sagar Reddy's stay motion. The deadline for submitting that Joint Report is **Monday – April 17, 2023.**

4.     During the Conference, Coinmint's counsel requested that the Panel modify paragraph 2(e) of Order No. 24 in which the Panel ordered that "there will be no court reporter, transcript, videotaping, or any other manner of recordation by any party of any of the April 2023 third-party hearing proceedings to take the testimony of Messrs. Maloney, DeNaut, and Bleck" in order to protect the confidentiality of the testimony designated, in advance, as "CONFIDENTIAL" and protected by the stipulated protective order put into place through Order No. 6. In support of its request, Coinmint's counsel argued that Coinmint has a right to a stenographic record pursuant to AAA Rule R-28.

---

[1]     It appears upon reading the complaint that "Doe 1" referenced throughout is Michael Maloney, who has been served with summons to testify before the Panel on April 3, 2023 in New York. As noted above, the Panel will also take the testimony of Jim DeNaut in Connecticut and Robert Bleck in San Diego.

Katena's counsel objected to the proposed modification and argued that having a stenographic record of the testimony given by Messrs. Maloney, DeNaut and Bleck is a problem because Coinmint "is not following the Panel's orders." Katena's stated concern was that "whatever is said will be put in the public domain" through filings in the Federal Court Action.

Coinmint's request for modification of paragraph 2(e) of Order No. 24 is denied for two reasons:

- First, AAA Rule R-28 does not create an absolute right to a stenographic record. Rule R-28 simply makes clear that if a party desires a stenographic record, that party is responsible for making the arrangements. It also prescribes the process by which a reporter's transcript may become an official record of the proceeding. The Panel has made it clear from the outset that it does not need or require court reporter transcripts of the evidentiary hearing proceedings. In the Panel's experience, the presence of a court reporter is not a universal practice in arbitrations. All members of the Panel have conducted numerous evidentiary hearings in arbitrations where there has been no court reporter. The lack of a court reporter transcript of evidentiary hearing proceedings will not impinge on the ability of the Panel to (a) hear and understand the evidence, or (b) rule on the claims and issues presented.

- Second, the members of the Panel are responsible for maintaining the privacy of the evidentiary hearing, and AAA Rule R-25 gives the Panel the discretion to determine the propriety of the attendance at the evidentiary hearing of any person other than the parties or other essential persons. Messrs. Maloney, DeNaut and Bleck are third party witnesses whom both parties have identified as individuals who have information that is of critical importance to the determination of the claims and issues in this matter. Despite the parties' efforts having been made to secure their testimony through voluntary depositions, none of these witnesses has volunteered to appear and testify, and Coinmint has named all of these witnesses as defendants in the Federal Court Action.

  The Panel has previously found that Coinmint violated the Stipulated Protective Order (Order No. 6, the "SPO") when it attached documents to the complaint filed in the State Court Action that Katena produced in discovery in this matter, designated as "CONFIDENTIAL" under the designation procedures of the SPO. Coinmint has stated that it does not believe that the SPO applies and that it cannot be enforced to restrict what Coinmint may want to file in other actions or proceedings, including the State and Federal Court Actions. Indeed, Katena has complained that Coinmint has again violated the SPO by filing certain Katena documents designated as "CONFIDENTIAL" in its opposition to the stay motion pending in the Federal Court Action.

Under these circumstances, the Panel has exercised its discretion to exclude court reporters from the hearing proceedings so as to assure both the privacy and confidentiality of those proceedings. The taking of testimony is for the benefit and use of the Panel in rendering the Final Award in this matter. By not allowing a court reporter or the preparation of a reporter's transcript, the Panel is not in any way preventing or impeding the taking and receipt of testimonial evidence in this matter. To the contrary, it is creating an environment where the witnesses can answer fully without fear that their testimony in this arbitration will be treated as some type of pre-hearing discovery and used against them in the Federal Court Action or some other proceeding.

5.      The Panel observes that there is no express prohibition or limitation in the SPO against a party designating documents as "CONFIDENTIAL," *i.e.*, the SPO does not include any clause that such designation may not be blanket with respect to all documents included in a production. In the Joint Status Report, Coinmint contended that (a) Katena's blanket designations were improper "in contravention of the spirit and letter" of the SPO, and (b) Katena was seeking to shift the burden of the confidentiality review onto Coinmint by demanding that Coinmint explain why the documents do not qualify for protection. Katena contended that (a) Coinmint has failed to follow the SPO's clear process to challenge Katena's confidentiality designations, set forth in SPO §§ 6.2, 6.3, including failing to meet and confer and (b) Coinmint, as the Challenging Party, must "explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation." SPO § 6.2.

During the Conference, Coinmint's counsel indicated that Coinmint wants to start the process of seeking to declassify documents that Katena has designated as "CONFIDENTIAL" under the SPO and asked for direction from the Panel on how to proceed.

It is undisputed that Coinmint has not followed the above *stipulated* procedures to challenge Katena's designations, in particular in failing to meet and confer. The Panel will not entertain any motion by Coinmint to de-designate any Katena documents until Coinmint initiates that meet and confer process and such process is completed.

Nevertheless, the Panel has determined that there is a threshold issue that should be briefed and decided to provide context for the issues concerning de-designation.

As the Panel reads and understands the SPO, that Order provides a broad scope of protection from disclosure / use of produced materials outside of this arbitration. Such protection encompasses not only confidential and proprietary information, but also "private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending [this arbitration] may be warranted." *See* Order No. 6, § 1. The SPO further provides that the protections conferred include not only the protected

documents and information themselves, but also "(1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material." *See* SPO § 3. Therefore, there is a threshold question as to whether the scope of the protection from disclosure or use outside of this arbitration encompasses matter that does not qualify as confidential, privileged, proprietary or trade secrets under generally accepted legal principles. Stated another way, is a party entitled to designate as "CONFIDENTIAL" something it simply wants to keep private from the general public per the terms of the SPO?

The briefing schedule on the above issue is as follows:

(a)   **Thursday – March 30, 2023,** is the deadline for the parties to submit and serve concurrent briefs on the above issue.

(b)   **Thursday – April 6, 2023,** is the deadline for the parties to submit and serve concurrent reply briefs on the above issue, if they so desire.

6.   In furtherance of Order No.21, Coinmint is directed to submit to the Panel a summons for Sagar Reddy in the format used for the summonses issued to third party witnesses to date, and using the address supplied by Katena's counsel, who have agreed to accept service on Mr. Reddy's behalf. (Katena's counsel is representing Mr. Reddy in the Federal Court Action.) Coinmint is further directed to select the date of appearance in Mr. Reddy's summons from one of the dates during the eight evidentiary hearing days in August and September 2023 that have already been scheduled.

IT IS SO ORDERED.

Dated:  23 March 2023

Rebecca Callahan, Chair
*On behalf of the Panel*