# EXHIBIT Z

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Panel

In the Matter of the Arbitration Between:

Coinmint, LLC,

                              *Claimant and Counter-Respondent,*

- vs –

Katena Computing Technologies, Inc.,

                              *Respondent and Counter-Claimant,*

AAA Case No. 01-22-0001-7627

---

### ORDER NO. 32 – ORDER ON COINMINT'S MOTION FOR CLARIFICATION OF ORDER NOS. 29 AND 30

This Order is a follow-on to Order Nos. 29 and 30 and is in response to the "Motion for Clarification of AAA Panel Order Nos. 29 and 30" ("Motion") submitted by Claimant Coinmint, LLC ("Coinmint") on March 30, 2023.

### Documents Produced by Messrs. DeNaut, Bleck and Maloney in Response to their Respective Hearing Summonses

In its Motion, Coinmint asks for clarification "as to whether the Panel intends (a) to decide *sua sponte* that none of the documents in the possession of DeNaut, Maloney, and Bleck properly belong to Coinmint; (b) to impose a "CONFIDENTIAL" designation on documents that properly belong to Coinmint; and/or (c) to prohibit Coinmint from using its own documents outside of the arbitration."

As set forth in paragraph 5.2(b) of Order No. 30, the Panel's order makes clear that "**all** documents produced by Messrs. DeNaut, Maloney and Bleck in this arbitration shall be designated "CONFIDENTIAL," meaning that they are strictly to be used only in this arbitration, and are entitled to the protections from disclosure, dissemination, or other use as provided by Order No. 6," and that a violation of the confidentiality protections afforded by Order No. 6 "is subject to sanctions against the violating party." (Emphasis added.) The purpose for summoning Messrs. DeNaut, Maloney and Bleck to testify in this arbitration is to provide the parties with the opportunity to elicit what both have described as evidence "critical" to the presentation of their respective cases. The Panel is aware that Coinmint has filed an action against the three third-party witnesses who have been summoned to provide testimony and documents in this

arbitration ("Federal Action"). The Panel's orders obviously do not restrict Coinmint from doing discovery in the Federal action. The Panel's orders ***do*** restrict Coinmint from using discovery and evidence produced for use in this arbitration in any other matter if such materials have been designated as "CONFIDENTIAL," and have not been declassified as such under the procedures provided in the Stipulated Protective Order (Order No. 6). The Panel will not make any ruling on whether any document that is produced by a third party pursuant to a summons issued by the Panel "belongs" to Coinmint in the absence of a motion preceded by the required meet and confer process.

<u>Exclusion of Court Reporters at the Hearings Scheduled to Receive Testimony and Documents from Messrs. DeNaut, Bleck and Maloney</u>

In its Motion, Coinmint has asked for clarification of Order No. 29 by confirming the Panel's intent "(a) to administer oaths to all witnesses at the evidentiary hearing, and (b) provide an official record of non-appearance that can be presented to a district court to enforce summons issued to third parties."

In accordance with AAA Rule R-27, the members of the Panel may require witnesses to testify under oath and are qualified to administer such oaths.

For purposes of making a record of non-appearance, the Panel would typically issue a hearing report order. However, for the limited purpose of making a record of non-appearance, the parties may have a court reporter present. If the witness appears, then the court reporter will be excused.

In its Motion, Coinmint has also asked for clarification with regard to whether the Panel's notes "will serve as the official record of the hearing." The answer is "no." As stated clearly in Section II, paragraph 3.1, of Order No. 1, quoted below, the notes that the Panel members may take are not available for the parties' use whatsoever:

> "**3.1** *Arbitration Record.* The record of the arbitration proceedings is that which is submitted and served upon the parties' counsel and the members of the Panel. The record in this matter does not include the notes, files, or working papers of the members of the Panel, nor does it include copies of any submissions served upon the members of the Panel in this matter. Those materials belong to and are the exclusive, private property of the members of the Panel, and are not part of the "record" of this arbitration proceeding."

As discussed in Order No. 30, there is no requirement that there be a certified transcript or recording of any proceedings conducted in an arbitration.

IT IS SO ORDERED.

Dated:  31 March 2023

Rebecca Callahan, Chair
*On behalf of the Panel*