MARC J. SCHNEIDER, State Bar No. 214609
 mschneider@stradlinglaw.com
JASON DE BRETTEVILLE, State Bar No. 195069
 jdebretteville@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH LLP
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: 949 725 4000
Facsimile: 949 725 4100

STEVEN D. FELDMAN, NY State Bar No. 2994407
(*Admitted Pro Hac Vice*)
STRADLEY RONON STEVENS & YOUNG, LLP
sfeldman@stradley.com
100 Park Avenue, Suite 2000
New York, NY 10017
Telephone: (212) 404-0659

KEITH R. DUTILL, PA State Bar No. 46387
(*Pending Pro Hac Vice Admission*)
STRADLEY RONON STEVENS & YOUNG, LLP
kdutill@stradley.com
30 Valley Stream Parkway
Malvern, PA 19355
Telephone: (610) 640-5809

Attorneys for Plaintiff
COINMINT, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO

| | |
|---|---|
| COINMINT, LLC,<br><br>              Plaintiff,<br><br>     vs.<br><br>KATENA COMPUTING TECHNOLOGIES, INC.,<br><br>              Defendant. | CASE NO. 3:23-cv-04683-RS<br>Honorable Richard Seeborg<br><br>**DECLARATION OF RANDALL M. FORET IN SUPPORT OF PLAINTIFF'S COMBINED OPPOSITION TO CONFIRMATION OF ARBITRATION AWARD AND CROSS-MOTION TO VACATE ARBITRATION AWARD**<br><br>(Related to Dkt. 27) |

I, Randall M. Foret, declare under penalty of perjury under the laws of the United States as follows:

1. I am the General Counsel for Plaintiff Coinmint, LLC ("Coinmint").

2. I am over the age of eighteen and have personal knowledge of the facts stated herein, except those stated on information and belief, and as to those facts, I believe them to be true. If called and sworn as a witness, I could and would competently testify to the facts set forth below.

3. I make this Declaration in support of the Motion of Plaintiff, Coinmint, LLC, to Vacate the Award entered by the AAA Arbitration panel on February 6, 2024 in the matter captioned *Coinmint, LLC v. Katena Computing Techs., Inc.*, AAA Case No. 01-22-0001-7627 (the "Arbitration").

4. The Arbitration commenced on April 27, 2022, when Coinmint submitted its arbitration demand. Following an initial conference in August 2022, Coinmint and Katena entered into a Stipulated Protective Order ("SPO"), and began exchanging discovery and scheduling depositions.

5. During the course of discovery, the AAA Arbitration panel (the "Panel") desired that the parties agree to a more stringent protective order that would prevent witness testimony and discovery in the Arbitration from being used in other legal proceedings. There was no such agreement by the parties.

6. I personally attended the Arbitration evidentiary hearings as Coinmint's party representative, and was present during the untranscribed testimony of witnesses Sagar Reddy ("Reddy"), Michael Maloney ("Maloney"), James A. DeNaut ("DeNaut"), and Robert Bleck ("Bleck"). I, along with Coinmint's trial counsel from Gordon Rees, took copious notes of the untranscribed witnesses' testimony.

7. The Panel's finding that there was "no evidence that Katena ever offered Michael Maloney a job or equity in Katena"[1] directly contradicts Maloney's own sworn testimony.

---

[1] See Exhibit A, Final Arbitration Award dated February 6, 2024, at 38.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-

DECLARATION OF RANDALL M. FORET

4868-2241-8867v1/108215-0003

3:23-cv-04683-RS

1  Maloney himself testified that Katena offered him a job before the Sale and Purchase Agreement
2  at issue in the Arbitration was ever signed.

3        8.     Maloney further testified that he ultimately decided to not accept Katena's job
4  offer because he did not want to work for a "start-up."

5        9.     The Panel's finding that "Coinmint failed to satisfy the statutory requirement that
6  either Maloney or Katena acted 'corruptly' by specifically intending to injure or defraud
7  Coinmint"[2] directly contradicts DeNaut's sworn testimony. DeNaut testified that, in one of
8  Maloney's many "tirades," he threatened to "burn down" Coinmint using information he
9  possessed or threatened to disclose.

10      10.    DeNaut further testified that Maloney cut off Coinmint company access to its own
11 data room, and held the data room hostage because he was frustrated about the payment of
12 certain expenses that he thought were due to him. DeNaut testified that when Maloney claimed
13 to have information to burn the company down, DeNaut believed that Maloney was referring to
14 issues with taxes or filings.

15      11.    Maloney corroborated DeNaut's testimony by stating that the work environment
16 at Coinmint was "toxic" and that "when he left for vacation in July" 2021, that he would not
17 return unless "he got agreement" from Coinmint Chairman Ashton Soniat.

18      12.    Reddy testified that Katena's "project was canceled in September or October of
19 2021," and that the ASIC chip "was no longer viable by the spring of 2022."

20      13.    The below table, which was completed from my own recollection and utilizing
21 notes taken during the testimony of the untranscribed witnesses, highlights the most egregious
22 instances where the Panel in its Award ignored or contradicted the testimony of the witnesses
23 permitted to testify without a stenographic reporter:

---

[2] Ex. A. at 42.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

DECLARATION OF RANDALL M. FORET

4868-2241-8867v1/108215-0003

3:23-cv-04683-RS

| Panel Finding | Award Page | Conflicting Coinmint Notes |
|---|---|---|
| "[T]here is no evidence that Katena ever offered Maloney a job or equity in Katena." | Award at 38 | Maloney stated that he "did not tell Coinmint he had an offer from Katena before contract was signed." |
| There was a "lack of any evidence showing that Katena offered or paid anything to Maloney…." | Award at 42 | Maloney testified that Soniat "told him to take the job with Katena after he informed Ashton he was offered a job." |
| "Messages between Maloney and Katena's Monzon and Gao did not constitute evidence of actual job negotiations. | Award at 41 | Maloney confirmed that Gao spoke "to him about joining Katena just before the contract was signed and right after." Maloney testified that he "was discussing the possibility of job with Katena" and "signed a personal NDA with Katena." Maloney testified that he "did not accept a job with Katena because he did not want to work for start up." |
| "Coinmint failed to satisfy the statutory requirement that either Maloney or Katena acted 'corruptly' by specifically intending to injure or defraud Coinmint." | Award at 42 | DeNaut testified that in one of Maloney's "tirades about a fight with [Soniat], Maloney threatened to 'burn down the house'" DeNaut was asked about Maloney's behavior towards the end of Maloney's time at Coinmint. DeNaut recalled that there were issues with accessing the Coinmint data room, that Maloney had cut off company access to the data room. DeNaut testified that Maloney was holding the data room hostage as he was very frustrated about the payment of certain expenses that he thought were due to him. DeNaut testified that when Maloney claimed to have information to burn the company down, DeNaut believed that Maloney was referring to issues with taxes, filings, etc. Maloney testified that the work environment at Coinmint was "toxic" |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

DECLARATION OF RANDALL M. FORET

4868-2241-8867v1/108215-0003    3:23-cv-04683-RS

| Panel Finding | Award Page | Conflicting Coinmint Notes |
|---|---|---|
| | | and that when "he left for vacation in July," he would not return "unless he got agreement" from Soniat. |
| "Coinmint again relies on internal clipped WhatsApp messages among Katena's principals as proof that Bleck *was not independent*, not the author of the Bleck Report, and just a 'rubber stamp.' However, this text message chatter was taken out of context and represented only bluster and banter between colleagues. In the Panel's assessment, the WhatsApp messages do not constitute persuasive evidence of fraud or scienter by Katena" (emphasis added). | Award at 56 | Bleck testified that he "has known Reddy since 2015," "socializes with him," and that he did not know that "Reddy was affiliated with Katena."<br><br>Bleck testified that "he saw Reddy in person in January 2023," had a "call with Reddy in March," and "has been to Reddy's house."<br><br>Bleck confirmed that he had the title "advisor" to DX Corr listed on his LinkedIn page.<br><br>Bleck confirmed that he was listed as an "advisor" on DX Corr's website and that "his photo was also posted on the website."<br><br>Bleck testified that he had a discussion with Reddy and agreed to the following steps: (1) Remove LinkedIn entry as advisor with DX Corr; (2) Reddy would remove information from DX Corr website; and (3) then Bleck would connect to Maloney on LinkedIn.<br><br>Bleck testified that he "agreed to share a draft with Reddy." Bleck stated that he "did not tell anyone at Coinmint" that he shared a draft of his report with Reddy."<br><br>Bleck confirmed that Reddy had a one-hour call with Bleck to "help with what report should be." Reddy stated the report was "too floral." |
| Award states that "there is no evidence that Maloney or anyone else at Coinmint received or reviewed the marketing materials before discovery in this arbitration" (emphasis in the original) and | Award at 44 | Maloney testified that, "Monzon sent him the Pitch Deck." Maloney testified that Exhibit 35 was the Pitch Deck sent to him by Katena/Monzon before the Purchase Order and Sales Agreement was signed. |

-5-

| Panel Finding | Award Page | Conflicting Coinmint Notes |
|---|---|---|
| "there is no evidence that Maloney had any communications with Soniat based upon the marketing materials…."<br><br>Award states that "[n]o testimony was elicited from Maloney to corroborate Coinmint's suggestion / inference that (a) Maloney received and reviewed the Pitch Deck and/or Teaser before Soniat signed the SPA and PO #1, and (b) Maloney made representations to Soniat based upon anything stated in the Pitch Deck or Teaser." | Award at 44 n.63 | Maloney testified regarding various Katena representations that were disclosed in the Pitch Deck:  He testified that "Katena represented that it had binding contracts with customers." Maloney stated binding contracts with other customers "was important for contract." Maloney stated that "Katena represented that they had contracts in place with TSMC [a chip fabricator]" and he would have "stopped the contract" if he had known that was not true. Maloney also testified that Katena "had good financing" and "they were looking for small amount of equity financing."<br><br>Maloney testified that "he asked Katena questions about the Pitch Deck." |
| "While there was evidence of discussions between Coinmint (through Maloney and DeNaut) and Katena (through Monzon and Gao) of some sort of an amendment to PO #1…. no evidence was presented to show that Maloney ever confirmed any of the stated items with anyone at Katena or that Katena acknowledged or accepted same." | Award at 68 | Maloney testified about a WhatsApp message concerning "settlement" and stated that a "settlement" had been reached with Katena. Maloney was shown an email dated 6/10/21, and testified that Katena "agreed" to a floating price which significantly lowered the cost with the initial down payment being $7.5 million.  Maloney testified that the "new terms made the price contingent on the price of Bitcoin."<br><br>Maloney stated that "there was 3-page modification document, then discussions about another agreement." |

///

1  14. The documents attached to the corresponding Motion to Vacate Arbitration
2  Award as Exhibits A – Z are true and correct copies of orders issued by the Arbitration panel,
3  Arbitration pleadings, exhibits offered into evidence during the Arbitration evidentiary hearings,
4  and relevant portions of the evidentiary hearing transcripts.

6  I declare under penalty of perjury under the laws of the United States of America that this
7  is true and correct, and was executed on April 1, 2024 in Magnolia, Texas.

Randall M. Foret

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-7-
DECLARATION OF RANDALL M. FORET
4868-2241-8867v1/108215-0003
3:23-cv-04683-RS