David P. Chiappetta, California State Bar No. 172099
DChiappetta@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105
Telephone: +1.415.344.7000
Facsimile: +1.415.344.7050

John R. Hardin, Texas State Bar No. 24012784 *(admitted pro hac vice)*
JohnHardin@perkinscoie.com
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, Texas 75201
Telephone: +1.214.965.7700
Facsimile: +1.214.965.7799

Jacob J. Taber, New York State Bar No. 5374020 *(admitted pro hac vice)*
JTaber@perkinscoie.com
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036-2711
Telephone: +1.212.262.6900
Facsimile: +1.212.977.1649

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COINMINT, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KATENA COMPUTING TECHNOLOGIES, INC.,<br><br>　　　　Defendant. | Case No. 3:23-cv-04683-RS<br><br>**DECLARATION OF JOHN R. HARDIN IN FURTHER SUPPORT OF KATENA'S PETITION TO CONFIRM ARBITRATION AWARD AND IN OPPOSITION TO COINMINT'S CROSS-MOTION TO VACATE**<br><br>Date:　　May 30, 2024 |

I, John R. Hardin, declare:

1.　　I am a member of the State Bar of Texas, a partner with Perkins Coie LLP, and the lead attorney representing Katena Computing Technologies, Inc. ("Katena") in this action and in

-1-

3:23-CV-04683-RS
DECLARATION OF JOHN R. HARDIN IN FURTHER SUPPORT OF KATENA'S PETITION TO CONFIRM ARBITRATION AWARD AND IN OPPOSITION TO COINMINT'S CROSS-MOTION TO VACATE

the underlying arbitration entitled: *Coinmint, LLC v. Katena Computing Technologies, Inc.*, AAA Case No. 01-22-0001-7627 (the "Arbitration").

2. I make this declaration in further support of Katena's Motion to Confirm the Arbitration Award and in Opposition to Coinmint's Cross-Motion to Vacate.

3. I have represented Katena in connection with this dispute before Coinmint filed the Arbitration, at all times during the Arbitration, and throughout the entirety of this case and Katena's Petition to Confirm. The information below is based on my personal knowledge, and I could and would competently testify to them under oath if called as a witness.

4. Coinmint filed its Arbitration Demand against Katena on April 27, 2022, and amended its demand on August 29, 2022. Katena filed counterclaims on May 12, 2022, and amended counterclaims on September 16, 2022. On

**The Stipulated Protective Order**

5. Before the Parties produced documents, they negotiated a Stipulated Protective Order to govern the production and use of discovery in the Arbitration ("SPO"). The Parties spent time negotiating the SPO's language themselves and reached a form that both sides agreed to on or around November 10, 2022. After agreeing to the language, the Parties submitted the SPO to the three AAA Arbitrators that the Parties had selected to decide the Arbitration (the "Panel") for their signature and entry as an Arbitral Order.

6. The Panel entered the SPO as Arbitral Order No. 6. A true and correct copy of Order No. 6 is attached as **Exhibit 1**.

7. Following the entry of the SPO and Order No. 6, Katena produced confidential discovery material to Coinmint that were designated as Confidential.

**Coinmint's Violations of the SPO**

8. On January 27, 2023, Coinmint violated the SPO by using confidential discovery materials produced by Katena in the arbitration in connection with a new lawsuit in California state court against Michael Maloney, Coinmint's former CFO; Jim DeNaut, a previous candidate for Coinmint's CEO; Robert Bleck, Coinmint's retained consultant who assessed the feasibility of

-2-

3:23-CV-04683-RS
DECLARATION OF JOHN R. HARDIN IN FURTHER SUPPORT OF KATENA'S PETITION TO CONFIRM ARBITRATION AWARD AND IN OPPOSITION TO COINMINT'S CROSS-MOTION TO VACATE

1 | Katena's technology; Sagar Reddy, Katena's Chief Technology Officer ("CTO"); and DxCorr
2 | Design, Inc. ("DxCorr"). A true and correct copy of the State Court Complaint is attached as
3 | **Exhibit 2**. The State Court Complaint had numerous exhibits attached, 14 of which constituted
4 | confidential documents that Coinmint had received from Katena in the Arbitration.

5        9.       On February 6, 2023, Coinmint notified Katena that it filed the State Court
6 | Complaint.

7       10.      The next day, Katena filed a motion with the Panel seeking to redress Coinmint's
8 | violations of the SPO. A true and correct copy of Katena's February 7, 2023 motion is attached as
9 | **Exhibit 3**.

10       11.      On February 9, 2023 Coinmint filed its opposition. A true and correct copy of
11 | Coinmint's opposition brief is attached as **Exhibit 4**.

12       12.      On February 13, 2023, the Panel issued Order No. 18, finding that Coinmint had
13 | breached the SPO. A true and correct copy of Order No. 18 is attached as **Exhibit 5**. Order No. 18
14 | also set a briefing schedule related to sanctions for Coinmint's violations of the SPO.

15       13.      Pursuant to Order No. 18, Katena filed its brief for sanctions on March 27, 2023. A
16 | true and correct copy of Katena's sanctions brief is attached as **Exhibit 6**.

17       14.      On April 13, 2023, Coinmint filed its opposition to the sanctions brief. A true and
18 | correct copy of Coinmint's opposition brief is attached as **Exhibit 7**.

19       15.      On May 25, 2023, the Panel issued Order No. 43 sanctioning Coinmint for its
20 | repeated violations of the SPO. A true and correct copy of Order No. 43 is attached as **Exhibit 8**.

21 | **Transcription of Testimony**

22       16.      On March 3, 2023, Katena filed a motion asking the Panel to postpone the scheduled
23 | testimony of certain subpoenaed third-party witnesses until after the Panel ruled on Katena's
24 | sanctions motion. A true and correct copy of Katena's brief is attached as **Exhibit 9**. Coinmint filed
25 | no opposition.

26       17.      On March 9, 2023, the Panel issued Order No. 24, which denied Katena's motion in
27 | part but ordered that the entirety of the third-party testimony be designated Confidential under the

-3-

SPO and disallowing any transcription of the testimony. A true and correct copy of Order No. 24 is attached as **Exhibit 10**.

18. On March 22, 2023, Coinmint orally moved to reconsider Order No. 24 at a case management conference.

19. On March 23, 2023, the Panel issued Order No. 29, denying Coinmint's oral motion. A true and correct copy of Order No. 29 is attached as **Exhibit 11.**

20. On March 30, 2023, Coinmint filed a motion to clarify Order No. 29 to address the procedure for making a record of a witness's non-appearance in the absence of a court reporter. A true and correct copy of Coinmint's motion to clarify is attached as **Exhibit 12.**

21. On March 31, 2023, the Panel issued Order No. 32, granting Coinmint's motion to allow a court reporter for the limited purpose of making a record of non-appearance but if a witness appeared, the court reporter would be excused. A true and correct copy of Order No. 32 is attached as **Exhibit 13.**

22. On July 17, 2023, at a case management conference, the Panel again addressed the issue of transcripts. Katena requested that the Panel not allow a transcription of the other witnesses that were to be present during the arbitration because it was concerned that Coinmint would use the confidential testimony in other proceedings outside of the arbitration. Coinmint wanted transcripts. The Panel ruled that, absent a written agreement, there would be no court reporter. A true and correct copy of Order No. 46 is attached as **Exhibit 14**.

23. On August 15, 2023, the Panel issued it Final Status Conference Order and, although it initially ruled that no court reporter would be present at any of the upcoming evidentiary hearings, it modified Order No. 46 to allow the proceedings to be transcribed, except with respect to Mr. Reddy's testimony. A true and correct copy of Order No. 48 is attached as **Exhibit 15**.

24. Both Coinmint and Katena included Bleck, DeNaut, Maloney, and Reddy on their respective witness lists, and the transcription orders applied equally to both parties. As a result of

Order Nos. 22, 29, and 46, neither Coinmint nor Katena could use transcripts of those witnesses in preparing for cross-examination of other witnesses; cite to trial testimony of those witnesses in their pre-hearing and post-hearing briefing; or cite to those transcripts in subsequent confirmation proceedings.

25. Additionally, Coinmint's CEO (Ashton Soniat), Coinmint's General Counsel (Randy Foret), Katena's former CEO (Henry Monzon), and Katena's current CEO (Michael Gao) all appeared for depositions and for transcribed hearing testimony.

**Reddy Deposition**

26. On February 22, 2023, Coinmint sent an "emergency" email to the Panel demanding that Katena produce its CTO, Mr. Reddy, for a transcribed deposition after Katena objected to doing so given Coinmint's breaches of the SPO. A true and correct copy of Coinmint's email is attached as **Exhibit 16**.

27. On February 23, 2023, Katena submitted its opposition. A true and correct copy of Katena's opposition is attached as **Exhibit 17**.

28. On February 23, 2023, the Panel issued Order No. 21 ruling that Mr. Reddy would not sit for a pre-hearing deposition. A true and correct copy of Order No. 21 is attached as **Exhibit 18**.

**Data Room Documents**

29. On February 23, 2023, Coinmint submitted a Redfern schedule to the Panel, raising several discovery disputes, including access to Katena's data room documents. Katena responded to each item raised by Coinmint within the same Chart.

30. On March 3, 2023, the Panel issued Order No. 23, denying Coinmint's request. The Panel ruled that Katena need only produce documents to Coinmint if the Panel was provided with a new stipulated protective order that would bind the parties and counsel going forward and that would provide remedies for breaches. The Redfern schedule and the Panel's rulings make up Order No. 23. A true and correct copy of Order No. 23 is attached as **Exhibit 19**.

-5-

3:23-CV-04683-RS
DECLARATION OF JOHN R. HARDIN IN FURTHER SUPPORT OF KATENA'S PETITION TO CONFIRM ARBITRATION AWARD AND IN OPPOSITION TO COINMINT'S CROSS-MOTION TO VACATE

31. On April 20, 2023, when Coinmint still had not provided a form of the proposed new stipulated protective order pursuant to Order No. 23 (Ex. 19 at 10), Katena's counsel sent an email to the Panel. A true and correct copy of counsel's email is attached as **Exhibit 20**.

32. By the close of discovery, Coinmint had provided no new stipulated protective order.

33. On October 4, 2023, after a two-day evidentiary hearing in a separate case, Magistrate Judge S. Dave Vatti of the U.S. District Court for the District of Connecticut issued a ruling in connection with Mr. DeNaut's objection to the arbitral subpoena issued to obtain his testimony. Mr. DeNaut objected on the ground that Coinmint's lawyer Fletcher Alford and the Gordon Rees firm had offered to represent him in connection with the arbitration before reneging, suing him in California, and obtaining a subpoena for his testimony. Magistrate Judge Vatti found Mr. DeNaut credible but not Mr. Alford and Coinmint's General Counsel, Mr. Foret and, thus, he ordered Coinmint to obtain conflicts counsel to question Mr. DeNaut. A true and correct copy of Judge Vatti's Ruling is attached as **Exhibit 21**.

34. After Judge Vatti's ruling, Mr. Feldman appeared in the Arbitration to secure the documents from and the testimony of Mr. DeNaut. Mr. DeNaut testified on November 17, 2023.

35. In his declaration, Mr. Foret claims that the Final Award and various factual findings of the Panel differs from his recollection. The Panel's factual findings are consistent with my recollection and the testimony that was provided.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 22, 2024, in Dallas, Texas.

                                                   */s/ John R. Hardin*
                                                   John R. Hardin

-6-

3:23-CV-04683-RS
DECLARATION OF JOHN R. HARDIN IN FURTHER SUPPORT OF KATENA'S PETITION TO CONFIRM ARBITRATION AWARD AND IN OPPOSITION TO COINMINT'S CROSS-MOTION TO VACATE