# EXHIBIT 1

AMERICAN ARBITRATION ASSOCIATION

Coinmint, LLC

                Claimant,

   v.

Katena Computing Technologies, Inc.

                Respondent.

Case No. 01-22-0001-7627

ORDER NO. 6 ON PARTIES' STIPULATED PROTECTIVE ORDER

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action (the "Action") are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending the Action may be warranted. Accordingly, the Parties hereby stipulate to and petition the Panel to enter the following Stipulated Protective Order.

2.    DEFINITIONS

    2.1    "ATTORNEYS' EYES ONLY" Information: information (regardless of how it is generated, stored or maintained) or tangible things designated pursuant to Paragraph 5.3 of this Stipulated Protective Order.

    2.2    Challenging Party: a Party that challenges the designation of information or items under this Stipulated Protective Order.

    2.3    "CONFIDENTIAL" Information: information (regardless of how it is generated, stored or maintained) or tangible things designated pursuant to Paragraph 5 of this Stipulated Protective Order.

    2.4    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5    Designating Party: a Party or Non-Party that designates information or items that are produced in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS'

157921606.4

EYES ONLY."

2.6     Disclosure or Discovery Material: all items or information, whether or not designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Action.

2.8     House Counsel: attorneys who are employees of a party to the Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

2.10    Outside Counsel of Record: attorneys who are not employees of a Party to the Action but are retained to represent or advise a Party to the Action and have appeared in the Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.11    Party: any Party to the Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in the Action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

2.15    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

157921606.4

2.16   Panel: The members of the three-arbitrator panel charged with responsibility for conducting all proceedings and hearing and deciding the merits of the parties' dispute in the above-captioned arbitration.

3.   SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality.

4.   DURATION

The obligations imposed by this Stipulated Protective Order shall survive the termination of the Action.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order or as otherwise stipulated or ordered, a Producing Party should clearly designate Protected Material at the time of production.

Designation in conformity with this Stipulated Protective Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate to each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceedings, such

testimony shall automatically be considered Protected Material for a period of thirty (30) calendar days following the delivery of the transcript of such deposition, hearing, or other proceeding.  A Party may designate some or all of the testimony as Protected Material by identifying on the record, before the close of the deposition, hearing, or other proceeding, all testimony that is CONFIDENTIAL or ATTORNEYS' EYES ONLY, or by providing written notice to all Parties within thirty (30) calendar days of receipt of the transcript of such deposition, hearing, or other proceeding designating some or all of the testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  While a deposition is being taken, counsel for a Party may object that a line of questioning calls for an answer that is ATTORNEYS' EYES ONLY material and request the removal from the deposition of any Party representative who is attending the deposition until such line of questioning is exhausted.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY, as appropriate.

5.2     <u>Designation by Receiving Party</u>.  All documents produced by Non-Parties shall automatically be considered Protected Material for a period of thirty (30) calendar days following the production.  A Receiving Party of documents or material produced by a Party or Non-Party may designate such documents or material, or portions thereof, CONFIDENTIAL or ATTORNEYS' EYES ONLY by notifying the Parties and the Producing Party of such designation in writing within thirty (30) calendar days of receipt of the documents or material.

5.3     <u>ATTORNEYS' EYES ONLY Material</u>.  The Parties recognize that each Party has in its possession information that is so sensitive that it deserves additional protection from disclosure. As such, a Party may designate Disclosure or Discovery Materials that contain extremely sensitive information relating to, inter alia, the structure, operation, function, design, or development of any product or process, information relating to research for and production of current products or process, and technical research information regarding future products or processes, or technical trade

157921606.4

secret information, for which disclosure of such information or items would create a substantial risk of serious harm that could not be avoided by less restrictive means as ATTORNEYS' EYES ONLY material.

      5.4      Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6.       CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL

      6.1      Timing of Challenges. Any Party may challenge a designation of CONFIDENTIAL at any time. Unless a prompt challenge to a Designating Party's designation of CONFIDENTIAL is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2      Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to is being made in accordance with this specific paragraph of this Stipulated Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (by phone or video conference, or in person) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and

157921606.4

confer process in a timely manner.

      6.3     <u>Arbitral Intervention</u>. If the Parties cannot resolve a challenge without the assistance of the Panel, the Challenging Party shall file and serve a motion to remove the CONFIDENTIAL or ATTORNEYS' EYES ONLY designation within 14 calendar days of the Parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

7.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this arbitration. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the arbitration has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

      7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Panel or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for the Action;

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for the Action and who have signed the "Acknowledgment

6

157921606.4

and Agreement to Be Bound" (Exhibit A);

(d) the members of the Panel and their respective assistants and staff, and the AAA and its case managers, employees and staff;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the Action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3   <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Panel or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to persons identified in the above paragraphs 7.2(a), 7.2(c)–(g), and House Counsel.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in the Action as "CONFIDENTIAL" OR "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Action to disobey a lawful court order.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Stipulated Protective Order are applicable to information produced by a Non-Party in the Action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with the Action is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in the Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's

157921606.4

confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination is made on the request for a protective order.

10.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

(a) When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

(b) The parties agree that the inadvertent production of materials protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege shall not constitute waiver of the privilege.

12.  RIGHT TO ASSERT OTHER OBJECTIONS

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

157921606.4

13. **FINAL DISPOSITION**

13.1 Within sixty (60) calendar days after the termination of the Action, including any actions in court to confirm or to vacate any award issued by the Panel, and any appeals thereof, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) upon request within 60 days that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION).

13.2 With regard to any material designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" that may be provided to the arbitrators comprising the Panel during the course of this Action and made a part of said arbitrators' personal files and working papers, the arbitrators comprising the Panel shall have no obligation to return such materials to the designating party. Subject to the sole discretion of the arbitrators comprising the Panel, said arbitrators, in their individual discretion, may retain such materials as part of their archival files and working papers in this matter, return such materials to the designating party's counsel, or destroy such materials.

14. **MISCELLANEOUS**

14.1 Nothing in this Order shall prevent any party from seeking modification of its terms in the future, upon a showing of good cause or agreement of the parties.

14.2    By stipulating to the entry of this protective order, no party waives any right it might otherwise have to object to the disclosure or production of documents or information on grounds other than those addressed by this Order.

14.3    By stipulating to the entry of this protective order, no party waives any right it might have to objection to the admissibility or use of any material covered by this Order as evidence in this matter.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:   11/10/2022                          _____
                                              Attorney for Claimant


DATED:   11/10/2022                          _____
                                              Attorney for Respondent


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 10 November 2022

                                              _____
                                              Rebecca Callahan, Chair
                                              *On behalf of the Panel*

11

157921606.4

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued on [date] in the case of *Coinmint, LLC v. Katena Computing Technologies, Inc.*, AAA Case No. 01-22-0001-7627.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order. I further agree to submit to the arbitral jurisdiction of the AAA for the limited purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of the Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with the Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

12

157921606.4