# EXHIBIT 4

AMERICAN ARBITRATION ASSOCIATION
COMMERCIAL ARBITRATION

| | |
|---|---|
| COINMINT, LLC,  )<br>  )<br>　Claimant,  )<br>  )<br>v.  )<br>  )<br>KATENA COMPUTING TECHNOLOGIES,  )<br>INC.,  )<br>  )<br>　Respondent.  )<br>  )<br>  ) | **COINMINT, LLC'S RESPONSE TO KATENA'S MOTION RE ALLEGED VIOLATION OF THE STIPULATED PROTECTIVE ORDER** |

     Katena's motion is nothing more than an improper attempt to use the parties' Stipulated Protective Order to prevent Coinmint from pursuing its claims against Katena's co-conspirators, which can only be brought in Court given that there is no arbitration agreement with any of Katena's co-conspirators.  Indeed, Katena boldly demands the Panel to order Coinmint to withdraw its civil Complaint against these co-conspirators despite the fact that Katena has engaged in multiple discussions with counsel about the civil action, including discussions before the Panel, since at least January 17, 2023.  Katena's motion is unsupported by the law and should be denied for 3 reasons.  First, there is no authority for the Panel to compel the withdrawal or dismissal of a civil action filed against defendants that are not parties to the current arbitration.  Second, there has been no violation of the stipulated protective order because none of the purported "protected material" has been disclosed and Katena is seeking to read into the stipulated protective order a requirement that the law forbids as against public policy. Third, California Rules of Court, Rule 2.551 provides express approval for the filing of pleadings containing information that is subject to a confidentiality agreement or protective order and cannot be bypassed by the parties' prior agreement or stipulation.

1

## There is no Legal Authority for the Panel to Compel the Dismissal or Withdrawal of Civil Actions Filed Against Non-Parties to the Arbitration

Katena's demand that the Panel order Coinmint to withdraw or dismiss its civil Complaint against Katena's co-conspirators is improper and not supported by the law. Despite the requirement to provide legal argument with citation of authorities on the points made, Katena cites to no legal authority that would allow the Panel to dictate how Coinmint can pursue claims in civil court against non-parties to the arbitration. "[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) "'Contentions supported neither by argument nor by citation of authority are deemed to be without foundation, and to have been abandoned.' [Citation omitted.]" (*Estate of Randall* (1924) 194 Cal. 725, 728, 729.)  That is because no such statute, caselaw, or legal authorities exist.

Nor is there anything in the AAA Commercial Arbitration Rules and Mediation Procedures ("AAA Rules") or the arbitration agreement to suggest that the Panel is authorized to have jurisdiction that extends to claims in civil court against a non-party to the arbitration. The Panel's authority is strictly governed by the AAA Rules and the arbitration agreement. (AAA Rules R-2 ["The authority and duties of the AAA are prescribed in the agreement of the parties and in these rules. . ."].)  Actions not authorized exceed the scope of authority provided by the AAA Rules and the arbitration agreement.

The AAA Rules provide the Panel with the power to postpone a hearing (AAA Rules, R-30), determine admissibility of evidence (*Id*. at R-34, subd. (b)), "grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties," (*Id*. at R-47, subd. (a)), and a host of other abilities. (*Id*. at R-1 – R-58, P-1 – P-2, E-1 – E-10, L-1 – L-3.) However, not appearing in the AAA Rules or Katana and Coinmint's arbitration agreement, is any authorization for the Panel to order dismissals of properly filed court cases in

ordinary civil courts of law involving parties that are not a part of any arbitration agreement. (See generally, *id*. at R-1 – R-58, P-1 – P-2, E-1 – E-10, L-1 – L-3.)  While an arbitrator has the "power to rule on his or her own jurisdiction," this authority does not extend to provide an arbitrator the power to rule on whether superior courts have jurisdiction to hear a matter properly filed before them.  (*Id*. at R-7, subd. (a).)

### Coinmint has not Violated the Stipulated Protective Order

Katena's motion is not really about their concerns regarding any potential disclosure of materials protected by the Protective Order.  Instead,  Katena is attempting to protect its co-conspirators from being sued in civil court and is using the Panel and the parties' stipulated protective order as a means for the co-conspirators to contract their way out of fraud, all of which is against public policy.   (See Civ. Code, § 1668 ["All contracts which have for their object, directly **or indirectly, to exempt anyone from responsibility for his own fraud**, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law."] boldface added.)

Further, Katena claims that Coinmint violated the protective order by relying on unfounded accusations of Coinmint disclosing the lawsuit to co-conspirators Jim DeNaut and Michael Maloney causing them to "lawyer-up".  But as Katena's counsel is aware, Coinmint's civil complaint is still pending, no case number or summons has been issued, and Coinmint has not served any of the co-conspirators, formally or informally, or advised them of its intent to do so.  Furthermore, Mr. DeNaut and Mr. Maloney are within their right to retain legal counsel, especially after feeling threatened by counsel for Katena.  Katena is the only one who is standing in the way of having these witnesses cooperate in the arbitration forum.  Recall, it was Coinmint who sought the Panel's assistance to subpoena these witnesses after failing to receive any substantive response from Katena on this issue.

Katena also claims that the Protective Order prohibits the use of any documents produced during the arbitration to initiate lawsuits against non-parties. But the Protective Order makes no such explicit prohibition. Katena is seeking to read into the protective order a release that provides Coinmint will not assert any fraud actions based on documents obtained through discovery in this matter, which is against public policy. As stated above, one cannot contract for the prevention of a fraud action. (See Civ. Code, § 1668.) When a contract is in violation of the statute providing that contracts exempting anyone from responsibility for fraud, willful injury, or violation of law are contrary to public policy, the contract is considered void as against public policy. (See *Arguelles-Romero v. Superior Court* (2010) 184 Cal.App.4th 825, 838, fn .11 and headnote 14.) It is improper for Katena to attempt to use the Panel to legitimize and enforce its reading of the stipulated protective order in a manner that is against public policy and void. (*Beard v. Beard* (1884) 65 Cal. 354, 355–356 ["the rule that 'a right of action cannot arise out of fraud?' '. . . applies, not only where the contract is expressly illegal, but whenever it is opposed to public policy, or founded on an immoral consideration.' [Citation.] The object of the rule obviously is to discourage contracts of that kind, by refusing any legal assistance in enforcing them."].)

And in any event, the civil lawsuit against Katena's co-conspirators is indeed necessary for "prosecuting, defending, or attempting to settle this arbitration" and Coinmint informed Katena and the Panel of the same back on January 17, 2023. Since that time, Katena still has not produced all of the relevant documents and communications exchanged with and amongst its co-conspirators. For example, we still have not seen any of the communications between Sagar Reddy, who was a principal at both Katena and DxCorr, and Robert Bleck, the supposedly independent due diligence expert, including the discussions and revisions made by Mr. Reddy to Bleck's report. We also have not seen communications between Katena and its co-conspirators on other messaging platforms such as Signal or Telegram, including whether in fact, any money was paid to the co-conspirators in connection with their participation in the fraudulent scheme.

Although, the Panel has issued summons to Mr. Maloney, Mr. DeNaut, and Mr. Bleck, to appear as witnesses at a hearing before the Panel, Coinmint should not be relegated to the limited discovery that may be available from these witnesses at a summons hearing.  Furthermore, the Panel has not issued a summons to Frank Kinney and without the civil complaint, there is presently no avenue for Coinmint to obtain relevant information and documents in Mr. Kinney's possession.

## **California Rules of Court, Rules 2.550-2.551 Set Forth the Procedure for Filing Documents Containing Records that are Subject to a Protective Order**

Katena recklessly asserts that Coinmint attempted to disrupt the present arbitration by initiating a civil action against its co-conspirators and disclosing documents Katena designated as "confidential".  However, there has been no such disclosure because all of Katena's documents have been filed under seal and remain under seal pursuant to California Rules of Court, Rules 2.550-2.551.  These rules provide the specific procedures that must be followed for filing any documents containing "records produced in discovery that are subject to a **confidentiality or protective order**." (Cal. Rules of Court, Rule 2.551(b)(3) boldface added.)  This includes lodging the records that are subject to a confidentiality agreement or protective order under seal and providing notice to the party that produced the documents so that they have an opportunity to seal whatever portion of the records or document they feel is necessary.  (*Id.*)  Katena does not contend that Coinmint failed to follow any of these procedures.[1]  Instead, Katena seeks to evade these procedures completely so that they can not only protect its co-conspirators from civil

---

[1] Katena's claim that Coinmint "waited" to inform them of the civil action is disingenuous as Katena has been on notice of Coinmint's intent to file a civil action against its co-conspirators for weeks. Moreover, the purported delay in providing a copy of the complaint was because the Court informed Coinmint that it would take 5-7 business days for the Complaint to be accepted due to its backlog.  Coinmint immediately provided Katena with copies of the Complaint at the end of the 7th business day even though it remained unclear whether the Complaint had been accepted and no case number or summons had been issued.

liability, but to also deprive Coinmint of the ability to obtain information necessary to prosecute its claims against Katena in arbitration.

Katena's claim that it cannot appear in the state court action and that Coinmint has unfairly shifted the burden of sealing the records on Katena is disingenuous. Again, Rule 2.551 provides the specific procedure for this scenario and allows the party who produced the documents at issue, regardless of whether they are a party to the action or not, to seek relief. Furthermore, Katena's assertion that Coinmint should be the one to file a motion to seal is misplaced because the very first section of rule 2.551 makes clear that records cannot be sealed "based solely on the agreement or stipulation of the parties." Cal. Rules of Court, Rule 2.551(a). Instead, "expressed factual findings" is required to seal records. This includes sufficient facts that establish: "(1) There exists an overriding interest that overcomes the right of public access to the record; (2) The overriding interest supports sealing the record; (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; (4) The proposed sealing is narrowly tailored; and (5) No less restrictive means exist to achieve the overriding interest." (Cal. Rules of Court, Rule 2.550(d).) Because Coinmint did not produce these records, and would only be able present evidence that these records are confidential pursuant to the parties' stipulation and agreement, Coinmint does not have the ability or standing to step into the shoes of Katena to establish these required facts. Hence, that is why Rule 2.551(b)(3) is designed to allow the party that produced the documents to set forth the necessary facts to keep the records sealed or order any other portion of the Complaint to be sealed.

To the extent Katena argues that the entirety of the Complaint or other portions of the Complaint should have sealed at the outset, Coinmint is prohibited from doing so because overbroad requests to seal would subject Coinmint to sanctions. (*Overstock.com, Inc. v. Goldman Sachs Group, Inc.* (2014) 231 Cal.App.4th 471, 499-500.) Moreover, because Coinmint is alleging fraud against each of Katena's co-conspirators, Coinmint is required to plead the requisite factual elements of fraud with particularity and cannot rely on generic

6

"information and belief" allegations.  Again, any concerns Katena may have about keeping its records away from public disclosure falls within the scope of Rule 2.551 and cannot be superseded by the parties' agreement or stipulation[2].

Finally, there is no claimed "emergency" because Katena has at least ten days to seek relief pursuant to Rule 2.550-2.551 or to request an extension of time to file any motion or application seeking such relief.  The Complaint is still being process by the Court, no summons or case number has been issued, and all of the subject records produced by Katena remain under seal.

Dated:  02/09/23

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: _____
Robert A. Lemus
TX State Bar No. 24052225
rlemus@grsm.com
1900 West Loop South
Suite 1000
Houston, TX  77027
713-961-3366
713-961-9398 fax

---

[2] Nor have we seen any authority suggesting that an arbitrator has the power to modify the procedures set forth under rules 2.550-2.551.  Instead the opposite is true because the judicial council has prohibited courts from modifying any of its rules relating to pleadings.  Cal. Rules of Court, Rule 3.20 ("The Judicial Council has preempted all local rules relating to *pleadings*, demurrers, ex parte applications, motions, discovery, provisional remedies, and the form and format of papers. No trial court, or any division or branch of a trial court, may enact or enforce any local rule concerning these fields. All local rules concerning these fields are null and void unless otherwise permitted or required by a statute or a rule in the California Rules of Court."  (Emphasis added.)

7

By:_____
Fletcher C. Alford
CA State Bar No. 152314
falford@grsm.com
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:  (415) 875-3115
Facsimile:  (415) 986-8054

**ATTORNEYS FOR CLAIMANT COINMINT, LLC**