# EXHIBIT 5

# AMERICAN ARBITRATION ASSOCIATION
## Commercial Arbitration Panel

In the Matter of the Arbitration Between:

Coinmint, LLC,

*Claimant and Counter-Respondent,*

- vs –

Katena Computing Technologies, Inc.,

*Respondent and Counter-Claimant,*

AAA Case No. 01-22-0001-7627

---

ORDER NO. 18 – RULINGS ON KATENA'S MOTION FOR REMEDY FOR

COINMINT'S VIOLATION OF THE STIPULATED PROTECTIVE ORDER

*1.    Background Statement*

This is a two-party dispute between Claimant Coinmint, LLC ("Coinmint") and Respondent Katena Computing Technologies, Inc. ("Katena").

Coinmint operates a Bitcoin mining company which, through an operating subsidiary, owns and operates a digital currency data center in Massena, New York. Coinmint's data center uses tens of thousands of computers that are specially designed to perform Bitcoin mining operations. On or about May 12, 2021, Coinmint entered into a Sales and Purchase Agreement and Purchase Order ("the Agreement"), wherein Coinmint agreed to purchase and Katena agreed to provide 2,788 units of "ASIC mining equipment" for use in Coinmint's Bitcoin mining operations, for a total contract purchase price of $150 million.

Paragraph 19.2 of the Agreement contains a dispute resolution clause that provides for binding arbitration of any and all disputes between Coinmint and Katena arising from or related to the Agreement. Paragraph 19.2 provides as follows:

> "Any dispute, controversy, difference or claim arising out of or relating to this Agreement, including the existence, validity, interpretation, performance, breach or termination hereof or any dispute regarding non-contractual obligations arising out of or relating to this Agreement shall be referred to and finally resolved by arbitration administered by American Arbitration Association under

the rules for commercial arbitration of the American Arbitration Association in force when the notice of arbitration is submitted. The decision and awards of the arbitration shall be final and binding upon the parties hereto."

In April 2022, Coinmint filed a demand with the American Arbitration Association seeking to rescind the Agreement and receive the return of the $23 million it had paid out to Katena before disputes arose between the parties, among other requested relief.

In May 2022, Katena filed an answering statement with counterclaims. Katena has denied all of Coinmint's claims and, through its counterclaims, is seeking $37 million in liquidated damages pursuant to a clause in the Agreement.

Since the filing of their respective claims and counterclaims, the parties have engaged in extensive discovery and other proceedings, as evidenced by the fact that to date the Panel has issued 17 procedural and discovery-related orders.

An eight-day evidentiary hearing on the merits of the parties' respective claims, counterclaims, and affirmative defenses has been set for August 28 through 31, 2023 and September 18 through 21, 2023 in San Francisco.

At the request of Coinmint's counsel, the Panel has set an additional three days of evidentiary hearings in April 2023 for the purpose of receiving testimony from three third party witnesses who cannot be summoned to appear in San Francisco at the scheduled evidentiary hearings starting on August 28, 2023, as follows: April 3, 2023 (Michael Maloney in New York), April 4, 2023 (Jim DeNaut in Connecticut) and April 18, 2023 (Robert Bleck in San Diego, California). Summonses have been issued to each of those witnesses for those dates in those locations.

## 2. The Protective Oder

On or about November 10, 2022, the parties, through their respective counsel, submitted a proposed form of stipulated protective order, which the Panel approved and issued as Order No. 6 in this arbitration ("the Protective Order" or "PO"). Under the terms of the Protective Order, the parties agreed to the following:

- The parties could designate disclosures and discovery materials produced or generated in this arbitration as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" (PO ¶ 5).

- Upon designating disclosures and/or discovery materials as "CONFIDENTIAL" or ATTORNEYS' EYES ONLY," the materials would be treated as "Protected Material" (PO ¶ 2.14) subject to the protections conferred by the Protective Order (PO ¶ 5).

- The protections conferred on Protected Material by the Protective Order cover not only the Protected Materials itself, but also **(1)** any information copied or extracted from the Protected Materials, **(2)** all copies, excerpts, summaries or compilations of the Protected Materials, and **(3)** any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Materials (PO ¶ 3).

- Testimony given in deposition, pretrial or trial proceedings will automatically be considered Protected Materials for a period of 30 days following the delivery of the transcript of such deposition, hearing or proceedings so as to allow a party to designate some or all of the testimony as Protected Material (PO ¶ 5.1(b)).

- A "Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this arbitration" and may disclose such materials only to the authorized persons described in paragraph 7.2 (PO ¶ 7.1).

- The parties may challenge the other's designation at any time, but must do so in the manner prescribed in the Protective Order: to wit: **(1)** In order to initiate a challenge to the other party's designation, the challenging party must provide a written notice of each designation being challenged and must state the basis for each challenge, and must then meet-and-confer with the other side. **(2)** If any designation challenges are not resolved through the meet-and-confer process, the challenging party may seek the Panel's intervention, but must do so within 14 days of the failed meet-and-confer effort (PO ¶ 6).

3. ***The Problem***

The Panel has been made aware of the fact that Coinmint has filed a civil action in the Santa Clara Superior Court against DX Corr Design, Inc., Sagar Reddy, Robert Bleck, Jim DeNaut, Frank Kinney and Does 1-40[1], Case No. 23CV41 0979 ("the State Court Action"). The Panel has reviewed the complaint as provided to Katena's counsel as an enclosure to a letter dated February 6, 2023, attached as Exhibit A to the Motion (defined below).

---

[1] It appears upon reading the complaint that "Doe 1" referenced throughout is Michael Maloney, whose testimony will be taken by the Arbitration Panel on April 3, 2023 in New York. As noted above, the Panel will also take the testimony of Jim DeNaut in Connecticut and Robert Bleck in San Diego.

Based on the Panel's review of Coinmint's enclosure letter, the complaint enclosed with that letter, the filed-stamped copy of the complaint provided to the Panel with Katena's supplemental brief, and Coinmint's response to Katena's Motion ("Response"), it is undisputed that the documents attached to the complaint Coinmint filed in the State Court Action are materials produced by Katena in this matter that Katena designated as "CONFIDENTIAL." Additionally, a review of the complaint demonstrates that Coinmint has quoted directly from some of the attached exhibits in several places in the complaint.

Coinmint, in its Response, stated that Coinmint had advised Katena and the Panel that it had intended to file a complaint against third parties, and suggested in the Response that the Panel had advance knowledge that Coinmint intended to attach and quote from materials Katena had designated as "CONFIDENTIAL." While Coinmint's counsel had mentioned to the Panel at a hearing that it intended to initiate a lawsuit against persons who are not parties to the Agreement, Coinmint never told the Panel that it intended to attach or quote from Protected Material without going through the de-designation process provided for in the Protective Oder. The Panel wants to make clear that it did not in any way authorize or approve of Coinmint's actions in attaching and quoting from documents produced by Katena in this arbitration that were designated as "CONFIDENTIAL" without first having those materials ordered de-designated as "CONFIDENTIAL," as provided in the Protective Order.

Prior to filing its complaint in the State Court Action, Coinmint did not follow the procedures for de-designation or otherwise seek the Panel's intervention to declassify the "CONFIDENTIAL" designation Katena had assigned to any of the documents or disclosures produced in this arbitration, including but not limited to those attached as exhibits to the complaint Coinmint filed in the State Court Action.

### 4. *Coinmint Violated the Protective Order*

On February 7, 2023, Katena submitted and served a "Motion for Remedy for Coinmint's Violation of the Stipulated Protective Oder" ("the Motion").

On February 9, 2023, Coinmint submitted and served its response to the Motion ("the Response").

On February 9, 2023, Katena submitted and served a supplemental brief in support of the Motion.

Having reviewed and considered the parties' respective submissions, the Panel finds that Coinmint violated the Protective Order **(a)** when it attached Protected Material to the complaint it filed in the State Court Action, and **(b)** when it quoted (or paraphrased or otherwise summarized) from Protected Material in the body of the complaint it filed in the State Court Action. While Coinmint provided redacted copies of the exhibits containing Protected Material, Coinmint did not redact any such material that appears in the body of the complaint.

By stipulated agreement of the parties through their counsel which was accepted and signed by the Panel, the Protective Order was put in in place and thus governs the parties' respective disclosures and productions, and the use of such materials. It is undisputed that Katena produced materials that it designated as "CONFIDENTIAL." It is undisputed that Coinmint never asked the Panel to intervene and de-designate any of the materials or disclosures Katena designated as "CONFIDENTIAL."

Coinmint has not suggested the existence of any exigent circumstances, nor provided the Panel with evidence of any type of exigency – *e.g.*, the expiration of any statutes of limitation – that might justify the need to file the complaint in the State Court Action without first seeking to de-designate Coinmint's intended exhibits of materials Katena designated as "CONFIDENTIAL." Contrary to Coinmint's argument in its Response, the fact that Coinmint is pursuing alleged fraud claims against others does not justify its failure to abide by the Protective Order issued in this arbitration. Even if timing of the filing of the complaint in the State Court Action was an issue, Coinmint could have filed its complaint *without* attaching or directly quoting from Katena's "CONFIDENTIAL" documents, and could have petitioned the Panel to declassify Katena's "CONFIDENTIAL" materials for use in the State Court Action. As the Panel reads and understands Coinmint's Response, Coinmint knew that it was attaching Katena's "CONFIDENTIAL" documents and did so purposefully without first going through the de-designation procedures in the Protective Order. Moreover, Coinmint has not suggested that its use of Protected Material was due to a mistake or inadvertence. Nor could it reasonably so argue given Coinmint's liberal use of Protected Material throughout the body of the complaint and the number of attached exhibits of such designated material, as well as its deliberate delay in providing Katena with the materials it filed with the state court, including the complaint.[2]

Coinmint also has attempted to justify its use of Protected Materials by arguing that "And in any event, the civil lawsuit against Katena's co-conspirators is indeed necessary for 'prosecuting, defending, or attempting to settle this arbitration' and Coinmint informed Katena and the Panel of the same back on January 17, 2023" (Response at 4). This bold statement was unsupported by any explanation as to how Coinmint's pursuit of third parties would justify its use of Protected Material based upon this language in the Protective Order that expressly *limits* its use.[3] As the Panel made clear above, while Coinmint indicated that it would be filing a civil action against third parties, Coinmint did not disclose that it intended to use Protected

---

[2] Coinmint filed the complaint in the State Court Action with redacted exhibits of Protected Material (but failed to redact text in the complaint that quoted or otherwise used the Protected Material), giving Katena 10 days to seek protection under CRC 2.551. However, Coinmint failed to give Katena written notice under CRC 2.551 of the filed complaint and the 10-day period until 11 calendar days had lapsed.

[3] Paragraph 7.1 of the Protective Order makes clear that a Receiving Party may only use Protected Material produced by the other Party "in connection with this case *only for prosecuting, defending or attempting to settle this arbitration*" (italics added). Further, under paragraph 7.1, such material may be disclosed only to the categories of persons authorized, described in paragraph 7.2.

Material, and the Panel did not in any way authorize or approve of Coinmint's actions in attaching and quoting from documents produced by Katena in this arbitration that were designated as "CONFIDENTIAL" without first having those materials ordered de-designated as "CONFIDENTIAL" in accordance with the procedures in the Protective Order that the parties themselves agreed to and negotiated. The Panel rejects Coinmint's argument that its use of the Protected Materials without de-designation was somehow "necessary for 'prosecuting, defending, or attempting to settle this arbitration,'" as Coinmint argues in seeking to justify its unjustified conduct.

### 5. Remedy

Coinmint's violation of the Protective Order cannot be ignored. Otherwise, of what moment or significance is Order No. 6 for purposes of facilitating the production of confidential materials that might be relevant to the parties' claims, counterclaims, and affirmative defenses in this arbitration, and protecting such materials which both parties agreed to do, without expensive and time-consuming discovery disputes?

The Panel has considered the arguments and authorities cited by the parties concerning Katena's request that the Panel order Coinmint to withdraw its complaint in the State Court Action. The Panel has no authority over Coinmint with regard to disputes it may have with parties other than Katena and its ability to pursue such claims outside of this arbitration which has been initiated pursuant to the arbitration agreement contained in the Agreement. The Panel also has no jurisdiction or authority over the state court or any of the proceedings that may occur in state or federal court related to that complaint. Therefore, notwithstanding that the Panel has found that Coinmint has violated the Protective Order issued in this arbitration, the Panel's consideration of an appropriate remedy for such violation does <u>not</u> include ordering Coinmint to withdraw its complaint in the State Court Action. To the extent that Katena has requested relief in the form of an order that would direct Coinmint to withdraw or dismiss its complaint in the State Court Action, THAT REQUEST IS DENIED.[4]

The violation of a protective order – especially one issued pursuant to the parties' stipulation – is a rare occurrence in both arbitration and court proceedings and there is little guidance on this topic, particularly in the arbitration context. Accordingly, the Panel is deferring the issuance of any ruling on sanctions until both parties have had an opportunity to provide the Panel with full briefing with respect to **(a)** what type of sanctions are within the Panel's power, **(b)** what type of sanctions are appropriate under the circumstances, **(c)** in the case of requested monetary sanctions, the basis for and propriety of the amount requested, and **(d)** whether sanctions should be awarded against Coinmint, Coinmint's counsel, or both, and on what grounds.

---

[4] In the Panel's view, the American Arbitration Association Commercial Rules cited by Katena do not permit such a remedy.

*6.    Order*

a.    The Panel will conduct a hearing on whether to award sanctions against Coinmint and/or its counsel on **Monday – May 15, 2023, at 10 a.m. Pacific Time.** The hearing will be conducted via video conference, using the link below:

https://us02web.zoom.us/j/86198223027?pwd=V3FESmJTbk9IdUk5YzRuS3ArTzA1dz09
Meeting ID: 861 9822 3027
Passcode: 320554

One tap mobile
+16699006833,,86198223027#,,,,*320554# US (San Jose)
+16694449171,,86198223027#,,,,*320554# US

b.    **Monday – March 27, 2023 at 5:00 PM Pacific Time,** is the deadline for Katena to file its brief regarding sanctions.

c.    **Thursday – April 13, 2023, at 5:00 PM Pacific Time,** is the deadline for Coinmint to file its response brief regarding sanctions; and

d.    **Thursday – April 27, 2023, at 5:00 PM Pacific Time,** is the deadline for Katena to file its reply brief.

IT IS SO ORDERED.

Dated:  13 February 2023

Rebecca Callahan, Chair
*On behalf of the Panel*