1  MARC J. SCHNEIDER, State Bar No. 214609
     mschneider@stradlinglaw.com
2  JASON DE BRETTEVILLE, State Bar No. 195069
     jdebretteville@stradlinglaw.com
3  STRADLING YOCCA CARLSON & RAUTH LLP
   660 Newport Center Drive, Suite 1600
4  Newport Beach, CA 92660-6422
   Telephone: 949 725 4000
5  Facsimile: 949 725 4100

6  STEVEN D. FELDMAN, NY State Bar No. 2994407
   (*Admitted Pro Hac Vice*)
7  STRADLEY RONON STEVENS & YOUNG, LLP
   sfeldman@stradley.com
8  100 Park Avenue, Suite 2000
   New York, NY 10017
9  Telephone: (212) 404-0659

10 KEITH R. DUTILL, PA State Bar No. 46387
   (*Admitted Pro Hac Vice*)
11 STRADLEY RONON STEVENS & YOUNG, LLP
   kdutill@stradley.com
12 30 Valley Stream Parkway
   Malvern, PA 19355
13 Telephone: (610) 640-5809

14 Attorneys for Plaintiff
   COINMINT, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

| COINMINT, LLC, | CASE NO. 3:23-cv-04683-RS |
|---|---|
| Plaintiff, | Honorable Richard Seeborg |
| vs. | **PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS CROSS-MOTION TO VACATE ARBITRATION AWARD AND IN OPPOSITION TO DEFENDANT'S MOTION TO CONFIRM** |
| KATENA COMPUTING TECHNOLOGIES, INC., | |
| Defendant. | (Related to Dkt. 43) |

# TABLE OF CONTENTS

Page

A. The Panel Robbed Coinmint of a Fair Hearing Via Extraordinary Orders ........... 1

B. The Panel Entered Both Orders Without Any Due Process ................................. 2

C. Both Orders Were Thinly Disguised Sanctions Designed to Punish Coinmint and Protect the Alleged Fraudsters .......................................................... 4

D. The Panel's Two Improper Orders Resulted in a Series of Cascading Errors ...... 6

    1. No Transcripts Resulted in No Accountability ............................................. 6

    2. No Transcripts Resulted in Critical Factual Errors ....................................... 7

    3. No Transcripts Prevent this Court from Reviewing the Panel's Work ......... 8

E. The Multitude of Errors Mandates Vacatur Pursuant to the FAA ...................... 10

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-i-
REPLY MEMORANDUM OF POINTS AND AUTHORITIES
4892-7915-7692v4/108215-0003                                    3:23-cv-04683-RS

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arteaga v. Bevona*,
   21 F. Supp. 2d 198 (E.D.N.Y. 1998) ............................................................................................9

*Azod v. Robinson*,
   2024 WL 163371 (9th Cir. Jan. 16, 2024) ....................................................................................1

*Buchholz v. W. Chester Dental Group*,
   No. CA2007-11-292, 2008 WL 4541954 (Ohio Ct. App. Oct. 13, 2008) ....................................8

*Coinmint, LLC v. DX Corr Design, Inc.*,
   No. 3:23-cv-00599-RS, ECF No. 43 (N.D. Cal. Apr. 24, 2023) ..................................................6

*Comedy Club, Inc. v. Improv West Associates*,
   553 F.3d 1277 (9th Cir. 2009) ......................................................................................................4

*Dolton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
   935 A.2d 295 (D.C. 2007) ............................................................................................................8

*Goulds Pumps (IPG), LLC v. United Steel Workers Loc. Union No. 3298*,
   583 F. Supp. 3d 427 (W.D.N.Y. 2022) ...................................................................................9, 10

*Haliym v. Mitchell*,
   492 F.3d 680 (6th Cir. 2007) ................................................................................................5, 6, 7

*Kovacs v. Kovacs*,
   633 A.2d 289 (Md. Ct. Spec. App. 1993) ....................................................................................8

*Lindsey v. Travelers Com. Ins. Co.*,
   636 F. Supp 3d 1181 (E.D. Cal. 2022).........................................................................................2

*M & L Power Services, Inc. v. American Networks Intern.*,
   44 F.Supp.2d 134 (D. R.I. 1999)...............................................................................................8, 9

*Move, Inc. v. Citigroup Global Mkts.*,
   840 F. 3d 1152 (9th Cir. 2016) ....................................................................................................1

*N.Y.C. Dist. Council of Carpenters Pension Fund v. Tadco Constr.*,
   2008 WL 540078 (S.D.N.Y. Feb. 28, 2008)................................................................................9

*PhotoFixitPro, Inc. v. Costco Wholesale Corp.*,
   No. 22-cv-8955, 2023 WL 3432235 (C.D. Cal. Mar. 16, 2023)..................................................9

*Pickman Brokerage v. Bevona*,
   No. 93 CIV. 6677 (LMM), 1994 WL 37820 (S.D.N.Y. Feb. 8, 1994).......................................9

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-ii-
REPLY MEMORANDUM OF POINTS AND AUTHORITIES
4892-7915-7692v4/108215-0003                                          3:23-cv-04683-RS

*Province v. American Express National Bank*,
  2019 WL 13191938 (S.D. Tex. Nov. 22, 2019) .................................................................9

*Rand v. Aetna Life & Cas. Co.*,
  571 A.2d 282 (N.H. 1990) ................................................................................................8

*Sanchez v. Elizondo*,
  878 F.3d 1216 (9th Cir. 2018) ........................................................................................10

*Sanderson Group, Inc. v. Smith*,
  809 So.2d 823 (Ala. Civ. App. 2001) ...............................................................................8

*Seven Arts Pictures PLC v. Jonesfilm*,
  311 Fed.Appx. 962 (9th Cir. 2009)..................................................................................10

*Sheet Metal Workers Int'l Ass'n Loc. Union No. 420 v. Kinney Air Conditioning Co.*,
  756 F.2d 742 (9th Cir. 1985) ............................................................................................5

*Tempo Shain Corp. v. Bertek, Inc.*,
  120 F.3d 16 (2d Cir. 1997)...........................................................................................2, 3

*United States v. Owens*,
  484 U.S. 554 (1988)..........................................................................................................7

*United States v. Rechnitz*,
  75 F.4th 131 (2d Cir 2023) ...............................................................................................2

*Westminster Const. Corp. v. PPG Industries, Inc.*,
  376 A.2d 708 (R.I. 1977)..................................................................................................8

**Statutes**

9 U.S.C. § 10........................................................................................................................8

California Civil Code § 1668 ...............................................................................................6

FAA Section 10(a) ..............................................................................................................10

**Other Authorities**

AAA Rule R-27 ...................................................................................................................9

AAA Rule R-28 ...........................................................................................................2, 8, 9

AAA Rule R-58 ...................................................................................................................4

California Rules of Court 2.550..........................................................................................6

-iii-
REPLY MEMORANDUM OF POINTS AND AUTHORITIES
4892-7915-7692v4/108215-0003                                              3:23-cv-04683-RS

Stradling Yocca
Carlson & Rauth
Lawyers
Newport Beach

1  The central facts underlying Plaintiff's Motion are undisputed. Katena does not dispute that the Panel's Order blocking a stenographer from transcribing Coinmint's four key witnesses was entered *sua sponte* without due process. It does not deny that the Panel barred Coinmint from using or even seeing Katena data room evidence foundational to Coinmint's fraudulent inducement claim. And it does not pretend that either of these rulings was anything other than a poorly disguised sanction to punish Coinmint for perceived violations of the SPO.

Instead, Katena argues that Coinmint's alleged breach of the SPO justifies the Panel's flagrant misconduct and now should strip Coinmint of its right to vacatur of this irretrievably compromised award. Katena's attempt to defend the Panel's misconduct is deeply flawed, misstates critical facts and misapplies the law. The misconduct, misbehavior and evident partiality of the arbitrators deprived Coinmint of the opportunity to be heard and present highly relevant evidence, resulting in a fundamentally unfair hearing. As the Ninth Circuit just ruled, "The district court may vacate an arbitration award if the 'arbitrator's misbehavior or misconduct prejudiced the rights of the parties,' such as where a party did not have 'the opportunity to be heard and present relevant and material evidence.'" *Azod v. Robinson,* 2024 WL 163371, at *3 (9th Cir. Jan. 16, 2024). *See also Move, Inc. v. Citigroup Global Mkts.,* 840 F. 3d 1152, 1158 (9th Cir. 2016) ("In determining whether an arbitrator's misbehavior or misconduct prejudiced the rights of the parties, we ask whether the parties received a fundamentally fair hearing."). As Coinmint did not receive a fundamentally fair hearing, the Award must be vacated.

**A.   The Panel Robbed Coinmint of a Fair Hearing Via Extraordinary Orders**

Contrary to Katena's dismissive characterizations, Coinmint's application is not based on routine "procedural rulings" that it "dislikes."  The two extraordinary, unprecedented rulings at issue stripped Coinmint of its most basic rights – the rights to be heard and present evidence.

*First,* the Panel's *sua sponte* Order barring transcripts of the testimony of four of the fourteen witnesses crippled Coinmint's ability to obtain truthful testimony and cross-examine the adverse individuals, created a chaotic record replete with disputes between the Panel and counsel over what each said, cut off Coinmint's right to ask key questions of witnesses as the Panel focused only on ensuring that the transcribed record contained no references to the testimony of

-1-

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
4892-7915-7692v4/108215-0003                                                                                                3:23-cv-04683-RS

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

the off-the-record four, and deprived this Court of a complete record to consider in ruling on the pending Motion. *See* Pl. Brf. at 11, 13-15 & 17-21. "A comprehensive record … is a paramount feature of fair proceedings." *United States v. Rechnitz,* 75 F. 4th 131, 146 (2d Cir 2023). The manipulated, half-baked record of this proceeding falls far short of that standard.

*Second,* the Panel's rejection of Coinmint's requests for discovery from Katena's virtual data room blocked access to pertinent and material documents Coinmint needed to prove its case. These documents included Katena's financial records, customer contracts, and marketing documents without which Coinmint was unable to prove that Katena's pre-contract fraudulent representations regarding its financial strength and manufacturing scale were grossly overstated, as they clearly were. The data room housed the specific documents the Panel later faulted Coinmint for failing to put into evidence, such as the Katena marketing documents (including the Pitch Decks) provided for Maloney to review before he finalized the deal on behalf of Coinmint. *See* Ex. A. at 43-45. Katena argues in response that Coinmint did not request these documents until late in the proceeding and has only itself to blame for the Panel's ruling. This is demonstrably false. Coinmint initially requested them in its first request for production of documents dated September 16, 2022, and repeatedly raised its need for these documents until the Panel made clear it would never allow such access. *See* Ex. S, Attach. 1 at 14-15.

"[A]n arbitrator 'must give each of the parties… an adequate opportunity to present its evidence and argument.'" *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997). Vacatur is warranted where, as here, arbitrators block a party from obtaining discovery then rule against it for failing to offer the barred evidence. *Lindsey v. Travelers Com. Ins. Co.,* 636 F. Supp 3d 1181, 1184-86 (E.D. Cal. 2022), *aff'd.* No. 22-16795, 2023 WL 8613598 (9th Cir. Dec. 13, 2023) (vacating award where "arbitrator denied [Plaintiff] the very evidence he later faulted him for not producing… rendering the proceedings fundamentally unfair").

### B.  The Panel Entered Both Orders Without Any Due Process

In its Opening Brief, Coinmint described how the Panel *sua sponte* blocked transcripts of the testimony of key adverse witnesses – three previously associated with Coinmint and one a Katena co-founder. It took this action even after acknowledging 2013 AAA Rule R-28, which

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-2-
REPLY MEMORANDUM OF POINTS AND AUTHORITIES
4892-7915-7692v4/108215-0003                                                   3:23-cv-04683-RS

affirms a party's right to a transcribed record, and while abiding by that Rule with respect to ten other witnesses at the hearing and in depositions. The arbitrators issued this bizarre Order without warning, without a motion or briefing, without a hearing, and while expressly stating that they did not desire input from Coinmint. *See* Pl. Brf. at 8-9, 11-12. Due process – indeed, *any* process – was missing. That this highly unusual and consequential Order barring transcripts of key witnesses was entered without even a nod towards due process is undisputed and indefensible. It explains why Katena's 25-page brief is silent on the propriety of the conduct.[1]

The Panel's "process" leading up to its Order barring Coinmint from access to Katena's data room documents was no more fulsome. It neither evaluated the relevance of the documents nor considered whether production would be burdensome. Katena *conceded* it should produce the data room documents to which Maloney had access. *See* Ex. S, Attach. 1, at 14-15. These documents were central to Coinmint's fraudulent inducement claim, and were long ago gathered and organized electronically in the underlying transaction. Despite that, the Panel shielded these documents entirely from Coinmint's view without considering a more narrowly tailored way to preserve confidentiality. The entirety of the Panel's consideration of this fundamental request for discovery – and the *only* reason it cited for denying it – was as a sanction for Coinmint's alleged breach of the SPO. *Id.* at 15 ("Because Order No. 6 has been violated…. Katena shall have no obligation to make the virtual data room documents available to Coinmint…."). It is error for an arbitrator to exclude plainly pertinent and material evidence. *Bertek*, 120 F.3d 16, 20 (2d Cir. 1997) (vacating award for refusal to hear fraudulent inducement evidence).

The Panel went even further, far in excess of its mandate, demanding that Coinmint's *counsel* sign a new protective order that would bind the Gordon Rees law firm and conditioning any consideration of Coinmint's request for discovery of the data room documents on the law firm's agreement to sign such an Order. *Id.* This is the ultimate example of an arbitration panel

---

[1] Attempting to obfuscate that the Panel issued its Order *sua sponte* with no input from Coinmint, Katena misleadingly states that "Coinmint *chose* not to a submit an opposition," Opp. at 6 (emphasis added), *citing* Hardin Dec. ¶ 16. But Hardin's declaration omits the word "chose" and only states, "Coinmint filed no opposition." Hardin Decl. ¶ 16. The Panel specifically stated that no input from Coinmint was needed nor requested. Pl. Brf. at 9.

-3-

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

4892-7915-7692v4/108215-0003                                                     3:23-cv-04683-RS

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

exceeding its powers. Gordon Rees, a non-party to both the arbitration and the arbitration agreement, was not independently subject to the jurisdiction of this private arbitration panel. The Panel had no legal right to condition any action in the arbitration proceeding on Gordon Rees agreeing to subjugate itself to this self-aggrandizing Panel's jurisdiction. *See Comedy Club, Inc. v. Improv West Associates*, 553 F.3d 1277, 1287-88 (9th Cir. 2009) (partially vacating award for exceeding authority; "generally arbitration clauses and contracts do not bind non-parties"). The law firm declined to agree, and as Katena concedes, the Panel refused to allow access to critical discovery on that ground alone. *See* Opp. at 2. It never considered any narrower means that would permit Coinmint to access this critical evidence. The "due process" afforded Coinmint respecting its request to see Katena's key documents amounted to (1) demanding an expansion of the Panel's powers through Coinmint's law firm binding itself to a new protective order; (2) blocking Coinmint's access to Katena's documents when the law firm declined; and (3) faulting Coinmint in the Award for not providing the evidence found only within those same documents.

### C. Both Orders Were Thinly Disguised Sanctions Designed to Punish Coinmint and Protect the Alleged Fraudsters

In its opposition, Katena describes these Orders as "reasonable and thoughtful precautions," "procedural rulings" and "reasonable parameters," Opp. at 1, 3, as if akin to page limit restrictions. That is absurd. As Coinmint detailed in its opening brief, the Panel entered these highly unusual and impactful Orders to punish Coinmint for what the Panel viewed as a violation of the SPO and to "protect the confidentiality of the testimony" of the four adverse witnesses Coinmint accused of fraud. *See* Ex. I at 3. This was grossly improper for three reasons.

*First*, 2013 AAA Rule R-58(b) requires due process before *any* sanction is imposed, let alone a sanction of this magnitude: "The arbitrator must provide a party that is subject to a sanction request with the opportunity to respond prior to making any determination regarding the sanctions application." This Panel acted with no process at all. With respect to its Order selectively barring a reporter, for instance, the Panel ruled 18 days before the first brief was even due on Katena's sanctions motion. In ruling, the Panel stated that it never "request[ed] a response" from Coinmint "because it was not needed." Ex. I at 2. The Panel violated 2013 AAA

Rule R-58 and in so doing deprived Coinmint of any semblance of a fair hearing.

*Second*, these Orders resulted directly from the Panel's blatant conflict of interest. The Panel's claimed motive was "to protect the confidentiality of the testimony" of the four adverse witnesses who Coinmint sued in a separate proceeding.[2] Ex. I at 2(e). Acting as if its primary responsibility was to protect the confidentiality of the actors Coinmint accused of fraud, the Panel went to extraordinary lengths, crippling Coinmint's ability to prove its case. The Panel stepped out of its proper role as neutral arbiter and appointed itself the advocate for, and defender of, the very individuals charged with carrying out the bribery and fraud schemes at issue. It created an irreconcilable conflict, subjugated Coinmint's contractual rights to a fair and proper arbitration to its concerns for the alleged fraudsters, and then ruled accordingly.[3]

*Third*, these Orders and the Panel's blatant overreach were entirely unwarranted. Coinmint entered into the SPO well before Katena produced the shocking WhatsApp messages among the co-conspirators detailed at length at pages 3-5 of Coinmint's Opening Brief. Those messages proved that Katena offered a job to Maloney, Coinmint's CFO and lead negotiator, as part of a bribery scheme to finalize the deal. Because the individuals in the bribery scheme were not parties to the arbitration agreement, Coinmint was precluded from joining them as respondents. Coinmint's only remedy was to sue the alleged fraudsters in court, so it did.

Even though Katena intentionally marked as "Confidential" documents that were clearly unworthy of confidential treatment, Coinmint's court filing properly treated those documents

---

[2] Katena argues the witnesses were equally important to all as they appeared on both parties' witness lists. Opp. at 20. Only Coinmint sued them for engaging in a fraud scheme targeting it. Roadblocks to obtaining *truthful* testimony from them were undoubtedly more critical to Coinmint. The failure to record their testimony, a prerequisite for truthful testimony, *see Haliym v. Mitchell*, 492 F.3d 680, 702–03 (6th Cir. 2007), negatively affected Coinmint far more.

[3] Katena asserts the Panel's obvious interest in protecting the four adverse witnesses at the expense of permitting Coinmint to offer pertinent evidence presents no conflict. Opp. at 14-15. The record shows specific orders improperly motivated by the Panel's goal to protect the four witnesses that in turn decimated Coinmint's effort to obtain pertinent evidence. These orders were not, as Katena suggests, narrowly tailored to alleviate a subpoena recipient's "undue burden or expense." Opp. at 15. Rather, the Orders constitute "specific facts" demonstrating "improper motives on the part of the [Panel]," *Sheet Metal Workers Int'l Ass'n Loc. Union No. 420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 746 (9th Cir. 1985), warranting vacatur.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-5-
REPLY MEMORANDUM OF POINTS AND AUTHORITIES
4892-7915-7692v4/108215-0003
3:23-cv-04683-RS

according to Katena's designation and California Rules of Court Rules 2.550 – 2.551, which provide procedures for filing documents subject to a protective order. Although Katena's brief omits the salient details, *see* Opp. at 4, Coinmint filed under seal every exhibit that Katena had designated as "Confidential." Ex. O at 5 n.2. When Katena argued that Coinmint violated the SPO's use limitations and should be forced to withdraw its complaint, Ex. 3 at 6, Coinmint responded, in part, by showing how California Civil Code § 1668 renders as void and against public policy any contract which could "exempt anyone from responsibility for his own fraud." CA Civil Code § 1668. In other words, California law precludes these individuals from hiding behind the SPO to prevent Coinmint from suing and recovering for the damages they caused. The Panel ignored both substantive and procedural California law that specifically addressed this issue, and instead chose to punish Coinmint and protect its adversaries. Even worse, after the Panel was informed of this Court's ruling that Katena documents designated as "Confidential" were not worthy of that treatment and may not be filed under seal, *Coinmint, LLC v. DX Corr Design, Inc.,* No. 3:23-cv-00599-RS, ECF No. 43 (N.D. Cal. Apr. 24, 2023), the Panel specifically chose not to adjust its rulings, Ex. Q at 11-12.

**D.     The Panel's Two Improper Orders Resulted in a Series of Cascading Errors**

Katena asserts that the Panel's conduct consisted of entirely proper "reasonable and thoughtful" orders and it committed no errors. To the contrary, the Panel's misconduct resulted in a series of cascading errors that excised fundamental fairness from the proceedings.

1.     *No Transcripts Resulted in No Accountability*

Through Katena's late discovery production, Coinmint belatedly identified that four individuals played such a fundamental role in the Katena schemes that it mandated a separate lawsuit. Once civilly charged, these adverse individuals had personal motivations to minimize or misrepresent their conduct to avoid personal liability. Yet only as to these four adverse witnesses, the Panel imposed a rule prohibiting any transcription of their testimony. *See* Ex. I. at 3. This ruling invited false testimony from these adversaries as "some minimum capacity for recording… information is a *precondition* to a meaningful oath to tell the truth." *Haliym*, 492 F.3d at 702–03 (emphasis added). Indeed, while cited in Coinmint's initial brief, Katena makes

no mention of *Haliym*, no effort to distinguish the point, nor offers any argument that lack of recording *facilitates* truthful testimony. Because it does not.

Instead, Katena takes aim at a strawman argument suggesting that the lack of transcripts – which interfered with cross-examination and resulted in interruptions as the Panel and parties debated the content of unrecorded testimony – was acceptable because witnesses are not permitted to opine on whether a prior witness told the truth. Opp. at 19. The point of cross-examination is not to ask whether a prior witness was lying, but to obtain unrehearsed testimony and reveal inconsistencies. *See United States v. Owens*, 484 U.S. 554, 559, 562 (1988) (cross-examination provides opportunity to elicit bias and bad memory, and "can be effective in destroying the force of [a] prior statement"). Lack of transcripts denied Coinmint of its right to use cross-examination to test the adverse witnesses and others. *See* Pl. Brf. at 17-20.

        2.     *No Transcripts Resulted in Critical Factual Errors*

The Panel's Orders produced numerous factual errors. In a chart in the Foret Affidavit and as discussed in Coinmint's brief, eight material misstatements in the Award are directly contradicted by its counsel's notes of the untranscribed hearing testimony. Foret Aff. ¶ 13. Katena ignores the chart, implicitly conceding that its notes of the proceedings match Coinmint's and not those of the Panel. Katena could have added a chart column setting forth its notes from the specific witness testimony, and indicating whether its records match or conflict with the Panel's "facts" or Coinmint's notes. Choosing not to do so, Katena instead lamely suggests that the Panel's incorrect statement that Maloney was never "offered" a job – which would constitute a bribe – is not substantively different than the Panel's findings that Maloney and Katena discussed a possible job. Opp. at 24-25. To the contrary, Maloney testified that he received an actual job "offer" – a fact that changes a mere discussion into a bribe. It is extraordinary that the Panel got this determinative fact wrong. There is no record of Maloney's testimony on this critical point because of the Panel's *selective* refusal to allow transcription. Critically, Katena refuses to disclose its notes, saying only that the Award's factual findings are "consistent with [Mr. Hardin's] recollection," Hardin Decl. ¶ 35, but without reference to its contemporaneous written notes. The obvious inference is that if Katena shared its notes, they would match

-7-
REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Coinmint's assertions and contradict the Panel's statements. So Katena left them out.[4]

### 3. *No Transcripts Prevent this Court from Reviewing the Panel's Work*

Another error resulting from the Panel's Order is this Court's inability to access a complete record to carry out its Congressionally mandated duty pursuant to 9 U.S.C. § 10. It is undisputed that the FAA subjects arbitrations to court review according to the Section 10 standards. Without a record, meaningful review of an arbitration proceeding under any standard is virtually impossible.[5] Here, a partial record that intentionally excludes the testimony of the most crucial adverse witnesses, the ones Coinmint determined to sue, is far worse. It insulates these specific hearing days from review while creating a veneer of overall accountability. Coinmint repeatedly requested that it be permitted to record the proceedings pursuant to Rule 28, and specifically noted its objection to adverse rulings on due process grounds. Pl. Brf. at 17. Coinmint is entitled to a review of the proceedings pursuant to the Section 10 standards. Arbitrators may not deny Congress's directive and thwart meaningful review despite a party's repeated requests and objections. Although deferential, Section 10 is not a rubber stamp.

Katena nevertheless maintains that the Panel was justified in denying transcripts of the four adverse witnesses and portions of other witness testimony. It suggests, as did the Panel in its

---

[4] Katena claims there was no conflict between Reddy and Gao's testimony, Opp. at 25, but instead of citing its lawyers' notes, it cites an irrelevant paragraph of Hardin's declaration, ¶ 34, that provides no support for the assertion. Neither does any other paragraph of the declaration.

[5] *See Buchholz v. W. Chester Dental Group*, No. CA2007-11-292, 2008 WL 4541954, at *6 (Ohio Ct. App. Oct. 13, 2008) (upholding trial court's determination that it was unable to vacate arbitration award where lack of transcript made it impossible to determine whether arbitrator made errors); *Dolton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 935 A.2d 295, 300 (D.C. 2007) (holding that appellant's "failure to provide us with a transcript of the [arbitration] testimony is fatal to their appeal"); *Sanderson Group, Inc. v. Smith*, 809 So.2d 823, 829 (Ala. Civ. App. 2001) (where no arbitration transcript was provided for review, court must presume that arbitrator heard evidence sufficient to support finding); *M & L Power Services, Inc. v. American Networks Intern.*, 44 F.Supp.2d 134, 143 (D. R.I. 1999) ("Without the transcript, defendant lacks a record that would prove that [the arbitrator] manifestly disregarded the law."); *Kovacs v. Kovacs*, 633 A.2d 289, 303 (Md. Ct. Spec. App. 1993) ("failure to provide the court with [an arbitration] transcript warrants summary rejection of the claim of error"); *Rand v. Aetna Life & Cas. Co.*, 571 A.2d 282, 284 (N.H. 1990) (holding that one-sentence arbitration award would not be overturned for error where no arbitration transcript was made); *Westminster Const. Corp. v. PPG Industries, Inc.*, 376 A.2d 708, 711 (R.I. 1977) ("impossible" to find arbitrator error where no arbitration transcript exists).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

4892-7915-7692v4/108215-0003                                             3:23-cv-04683-RS

post-ruling rationalization, that Rule 28 explains the process for ordering transcripts, and is not a substantive rule permitting a party to make a hearing record. This is obviously wrong. The plain language of Rule 28 permits a party to retain a reporter to create a stenographic record. *See* 1 Jay E. Greniga, *Alternative Dispute Resolution* § 16.29 (4th ed. 2023) ("The rules of the [AAA] provide that a party may have a stenographic record made of the proceeding"). While simple low dollar arbitrations may not warrant a stenographer, a complex dispute over a $150 million contract necessitates a transcript to comport with due process. Rule 28 expressly gives each party the option to hire a reporter if it so chooses and follows the necessary procedures. *Cf. Province v. American Express National Bank*, 2019 WL 13191938, at *4 (S.D. Tex. Nov. 22, 2019) ("Rule 27 of the AAA Consumer Rules provides that a party may elect to retain a court reporter to prepare a transcript of a hearing"). Nowhere in the AAA rules does it state that an arbitrator may deny a party from employing a stenographer if the party complies with Rule 28 procedures. Katena cannot point to any such provision in the AAA rules and the cases it cites fare no better.[6]

---

[6] Katena cites and misrepresents several inapposite cases. In *M & L Power Services, Inc. v. American Networks Intern.*, 44 F.Supp.2d 134 (D. R.I. 1999), plaintiff sought to review a transcript while refusing to pay. 44 F.Supp.2d at 136. The arbitrator precluded plaintiff from seeing the transcript while defendant could continue to use it but ruled it would not be the official record. *Id*. When defendant lost, it complained the arbitrator should have consulted the transcript. After reviewing the "entire transcript," the district court found no error in the arbitrator choosing not to consult the transcript in reaching his decision. *Id*. at 142, 144. In *PhotoFixitPro, Inc. v. Costco Wholesale Corp.*, No. 22-cv-8955, 2023 WL 3432235, at *3 (C.D. Cal. Mar. 16, 2023), an arbitrator chose not to record a Zoom hearing or utilize a transcript of the hearing, explaining that she had notes. 2023 WL 3432235, at *3. The case provides no support for Katena as no one was precluded from recording the proceeding. In *Province v. American Express National Bank*, 2019 WL 13191938, at *4 (S.D. Tex. Nov. 22, 2019), both parties chose not to employ a reporter, so lack of a transcript provided no basis to vacate. 2019 WL 13191938, at *4. Likewise, Katena misrepresents *N.Y.C. Dist. Council of Carpenters Pension Fund v. Tadco Constr.*, 2008 WL 540078, *3 (S.D.N.Y. Feb. 28, 2008). The court confirmed an award where plaintiff waived its right to object to arbitrability and its motion to vacate was time-barred, a holding unrelated to any transcript issue. *Id.* at *8. In *Arteaga v. Bevona*, 21 F. Supp. 2d 198 (E.D.N.Y. 1998), a labor relations matter, an employee complained his union-assigned lawyer failed to request a reporter at an arbitration and the union failed to provide him with a transcript. 21 F. Supp. 2d at 208. It provides no support for Katena. Katena's citation to *Pickman Brokerage v. Bevona*, No. 93 CIV. 6677 (LMM), 1994 WL 37820, at *4 (S.D.N.Y. Feb. 8, 1994) is similarly unhelpful and misleading. After three hearing days, a party requested a transcript of day four and the arbitrator denied the request, not wanting to create a partial record. 1994 WL 37820, at *4. The arbitrator's decision denying the creation of a partial transcript was not sufficient grounds for vacatur. *Id*. Katena's reliance on *Goulds Pumps (IPG), LLC v. United Steel Workers*

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-9-

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

4892-7915-7692v4/108215-0003                                         3:23-cv-04683-RS

     Citing an array of non-Ninth Circuit cases, Katena also asserts that the manifest disregard standard cannot be met by showing purposeful disregard of binding AAA rules. Opp. at 23-24. To the contrary, the Ninth Circuit has specifically examined whether a failure to apply clearly governing arbitration rules mandates vacatur. *See Sanchez v. Elizondo*, 878 F.3d 1216, 1222-24 (9th Cir. 2018); *Seven Arts Pictures PLC v. Jonesfilm*, 311 Fed.Appx. 962, 965 (9th Cir. 2009) ("This decision was proper under the arbitration rules Appellants were bound by and, thus, was not a 'manifest disregard of the law' that would support vacating the arbitration award."). Here, the Panel's refusal to permit transcripts of the adverse witnesses violated Rule 28, and impedes this Court's review under the FAA standards, constituting manifest disregard requiring vacatur.

### E. The Multitude of Errors Mandates Vacatur Pursuant to the FAA

     The Panel's egregious misbehavior and misconduct produced a fundamentally unfair proceeding, and resulted in a deeply flawed Award that must be vacated. The Panel violated FAA Section 10(a) by preventing Coinmint from obtaining "evidence pertinent and material to the controversy," and by engaging in conduct that severely prejudiced Coinmint's rights. The Arbitrators' demands "exceeded their powers," and the Panel manifestly disregarded the law by refusing to follow explicit governing legal principles clearly applicable to the proceeding.

     The catalogue of errors is long: the *sua sponte* prohibition of transcription of key witness testimony contrary to AAA rules; the sanctions orders entered without due process; the demand that attorneys sign a new protective order; the prohibition from obtaining crucial document discovery; lack of transcripts of key adversaries inviting false testimony and impeding questioning; material false statements in the Award; and lack of a complete record impeding court review pursuant to the FAA standards. Accordingly, for the foregoing and for the reasons in our Opening Brief, Coinmint respectfully requests that Defendant's Petition be denied, and that the Award be vacated and remanded for rehearing before a different arbitration panel.

---

*Loc. Union No. 3298*, 583 F. Supp. 3d 427, 434 (W.D.N.Y. 2022), is similarly misguided. The arbitrator recorded the proceedings for his "own use only," and no party hired a reporter. The district court emphasized that the petitioner (*unlike* Coinmint) "could have hired a stenographer to create an official transcript if it believed one was necessary." 583 F. Supp. 3d at 434.

-10-
REPLY MEMORANDUM OF POINTS AND AUTHORITIES
4892-7915-7692v4/108215-0003
3:23-cv-04683-RS
STRADLING YOCCA CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

DATED:  May 6, 2024		STRADLING YOCCA CARLSON & RAUTH LLP

			By:	/s/ Marc J. Schneider
				Marc J. Schneider
				Jason de Bretteville


		STRADLEY RONON STEVENS & YOUNG, LLP
			Steven D. Feldman (Appearing Pro Hac Vice)
			Keith R. Dutill (Appearing Pro Hac Vice)

			Attorneys for Plaintiff
			COINMINT, LLC

-11-
REPLY MEMORANDUM OF POINTS AND AUTHORITIES
4892-7915-7692v4/108215-0003                                    3:23-cv-04683-RS